# EXHIBIT "A.2"

FILED
DATE:August 1, 2025
TIME:2:23:34 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: D. Askew



# IN THE GENERAL COURT OF JUSTICE
## SUPERIOR COURT DIVISION
## WAKE COUNTY, NORTH CAROLINA

**Plaintiff 1:**

**NOBLE SPRING TR ENTERPRISE**, a Private Irrevocable Grantor Trust, acting as Authorized Trust Office for the administrative and commercial claims originally styled in the name of ©JASON GERALD JEHOREK™, for whom this trust lawfully administers creditor, commercial, and enforcement rights.

**Plaintiff 2:**

**Fairlie Pleasant Home**, a private title-holding trust holding equitable and recorded title to the subject property located at 11937 Fairlie PL, Raleigh, NC 27613, and administered as a subordinate real property trust under the authority of the **JASON GERALD FAMILY OF JEHOREK ESTATE**.

**The real party in interest and signatory authority is** Jehorek, Jason-Gerald, making a special appearance as Authorized Representative, Grantor, and Executor for the above trusts and family estate.

Plaintiffs,

v.

**Defendant 1:**
**ROCKET MORTGAGE, LLC**

1050 Woodward Avenue, Detroit, MI 48226

Mortgage Servicer and primary respondent to administrative notices served from May through July 2025.

**Defendant 2:**
**MERSCORP HOLDINGS, INC.**

c/o Corporation Service Company (CSC)

251 Little Falls Drive, Wilmington, DE 19808

Named in this Verified Complaint as a necessary party for title clarification and constructive trust review.



**Defendant 3 (Nominal/Unknown Claimants):**

All **unknown heirs, successors, assigns, trustees, or other claimants** of interest in real property located at c/o 11937 Fairlie Place, Raleigh, North Carolina [27613].

Defendants.

## **VERIFIED COMPLAINT FOR QUIET TITLE, DECLARATORY JUDGMENT, CONSTRUCTIVE TRUST, AND COMMERCIAL ESTOPPEL**

NOW COMES the Plaintiffs, by special appearance and without granting jurisdiction, appearing in propria persona, and complaining of the above-named Defendants, allege and state as follows:

I. **PARTIES**

    a. Plaintiff, NOBLE SPRING TR ENTERPRISE, is an irrevocable grantor trust, acting in the capacity of Trust Office for administrative claims and estate interest styled as ©JASON GERALD JEHOREK™ in prior filings. The real property is held in title by Fairlie Pleasant Home Trust, whose authorized office is located at 11937 Fairlie Pl, Raleigh, NC 27613.

    b. Defendant 1: ROCKET MORTGAGE, LLC, a mortgage servicer who never responded in the private administrative process concluded in July 2025, with executive offices at 1050 Woodward Avenue, Detroit, Michigan 48226.

    c. Defendant 2: MERSCORP Holdings, Inc. (MERS), named herein for the first time as a necessary party for title clarification and constructive trust inquiry, with service upon its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

    d. Other unknown defendants may claim an interest in the subject property, but their claims are speculative, unverified, and adverse to Plaintiff's lawful and equitable title.

II. **STATEMENT OF FACTS & TIMELINE OF EVIDENCE**

    a. On May 7, 2025, The Plaintiff lawfully acquired the real property known "BEING all of Lot 251, The Glen at Harrington Grove, Section 1, Tract D-I, Subdivision recorded In Map Book 1989, at Page 1401, Wako County Registry. Deed Book: 015185, Page Number: 01980 – 01983, Tax Map No: 0177230"



## Timeline of Private Administrative Record and Constructive Default

**Package 1:** Private Administrative Settlement & Contract (May 1, 2025)

The administrative filing demanded full disclosure of the origin of funds used to originate the loan, including identification of the funding party, verification of lawful consideration, and disclosure of any subsequent securitization, monetization, or use of the promissory note for profit under secondary market mechanisms. These demands were supported by citations to [15 U.S.C. § 1601], [UCC 3-104, 3-305, 3-501], and the [False Claims Act, 31 U.S.C. § 3729].

- **Served to:** Brian Brown, Chief Financial Officer, Rocket Mortgage, LLC.
- **Settlement Offer:** A lawful offer to settle all obligations in the amount of **$362,061.55** was made and supported with contract terms and affidavits.
  Said offer was declined by estoppel and dishonor through non-response.
- **Penalties & Risk Disclosure:**
  Rocket Mortgage, LLC was **placed on legal notice** that its failure to respond or rebut the affidavit of material fact, contract, and commercial claims may expose it to:
  - **Civil liabilities under [31 U.S.C. § 3729] exceeding $31 million**, including treble damages and per-claim penalties;
  - **Criminal exposure** for willful misrepresentation and concealment under [18 U.S.C. §§ 1001, 1341, 1343], each carrying potential prison terms of **7 to 10 years per count** if prosecuted under federal fraud statutes;
  - Commercial estoppel and summary judgment on the administrative record.

**Package 2:** Enforcement and Demand for Proof (May 19, 2025)

- Reasserted demands for: original wet-ink note, proof of funding, chain of title, and CUSIP disclosure.
- Legal Basis: [15 U.S.C. § 1635] (Right of rescission), [G.S. § 25-3-301] (Person entitled to enforce negotiable instrument).
- Reiterated failure to disclose material terms is a TILA violation and grounds for voiding contract.
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown**.
- An offer to settle all outstanding obligations in the amount of $965,244.48 was presented to Rocket Mortgage, LLC. Said offer was declined by operation of estoppel and commercial silence, as no timely rebuttal or lawful counterclaim was received.

**Package 3:** Final Notice of Non-Response, Dishonor & Commercial Default (June 5, 2025)

- Rocket Mortgage failed to rebut material facts, triggering default.
- Declaration of Constructive Trust and Notice of Dishonor issued.



- Legal Basis: [UCC 3-505(b)] (Dishonor by silence), [Restatement (Third) of Property: Mortgages § 6.4], [UCC 1-308] (Reservation of rights).
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown**.

**Package 4: Notice of False Credit Reporting and Fee Enforcement (June 9, 2025)**

- Served notice of continued false reporting to credit bureaus.
- Legal Basis: [15 U.S.C. § 1681s-2] (FCRA), [15 U.S.C. § 1692e] (FDCPA), [UCC 1-305] (Right to enforcement and damages).
- Fee schedule affirmed and doubled under administrative estoppel.
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown**.
    - o <u>**Packages 1, 2, 3 and 4**</u> sent to, **Varun Krishna**, Chief Executive Officer; **Jay Bray**, President & CEO; **Bill Emerson**, President; **Jeff Morganroth**, Chief Legal Officer; **Moe Bazzi**, Servicing Escalation Specialist.

**Package 5: OCC Referral and Constructive Default Public Notice (June 20–25, 2025)**

- Submitted complaint and full record to Office of the Comptroller of the Currency.
- Legal Basis: [12 U.S.C. § 1 et seq.] (OCC supervisory authority), [UCC 9-203(b)] (Attachment and enforceability of security interest).
- Affidavit served upon Rocket Mortgage's executive Officers.
- An offer to settle all outstanding obligations in the amount of $2,651,954.17 was presented to Rocket Mortgage, LLC. Said offer was declined by operation of estoppel and commercial silence, as no timely rebuttal or lawful counterclaim was received.

**Package 6: IRS Whistleblower Report (Form 211) (June 23, 2025)**

- Disclosed Rocket Mortgage's nondisclosure of bond securitization profits and fraudulent servicing practices.
- Legal Basis: [26 U.S.C. § 7623] (IRS Whistleblower provisions), [31 U.S.C. § 3729] (False Claims Act), [UCC 8-102(a)(15)] (Security).
- Final Notice and Unanswered Legal Inquiries (July 21–23, 2025)
- Affidavit served upon Rocket Mortgage's executive Officers.

**Package 7 :** Plaintiff issued legal notice to Rocket Mortgage referencing two contract numbers ( ▆▆▆▆▆ and ▆▆▆▆▆ ) and (Consumer Financial Protection Bureau - CFPB Complaint Ref: #250701-21970535 submitted on 07/01/2025) and (CFPB Complaint Ref: 250724-22601517 submitted on 07/24/2025). (July 21 and 23, 2025)

In response to Rocket Mortgage's CFPB notices July 21, 2025 letter expressing confusion regarding the prior administrative filings, a consolidated list of **48 legal and evidentiary questions** was submitted under **CFPB Complaint #250701-21970535** and sent via **USPS**

Case 5:25-cv-00558-D-BM     Document 1-2     Filed 09/05/25     Page 5 of 7



**Certified Mail with return receipt**, providing a clear summary of the issues already presented and requiring specific answers.

- o Full **proof of loan funding** and lawful consideration disclosure.
- o **CUSIP and securitization tracing** for both 2017 and 2020 transactions.
- o **Chain of title documentation** and proper accounting reconciliation.
- o Verification of **endorsements** by Ashley Smith and Eric Ferguson, including proof of authority and employment records.
- o Demand for disclosure of **purchase/sale agreements, pooling & servicing agreements**, and **MERS Milestone Reports**.
- Rocket Mortgage failed to rebut any of the questions with sworn affidavits or supporting documentation, constituting **dishonor, constructive fraud**, and **violation of disclosure duties** under:
  - o [15 U.S.C. § 1601] – Truth in Lending Act (TILA)
  - o [12 U.S.C. § 2605] – RESPA
  - o [UCC §§ 3-203, 3-401, 9-203]
  - o [18 U.S.C. §§ 1341, 1343, 1344] – Mail/Wire/Bank Fraud
- Based on Rocket Mortgage's failure to cure, the **commercial invoice originally issued for $4,471,954.17** was lawfully doubled to **$8,943,908.34**, with notice that it will **double again upon judicial enforcement**.
- Package 1 and the final invoice outlined **potential civil and criminal liabilities exceeding $31,000,000** and up to **7–10 years in federal prison** for fraud, concealment, and unlawful securitization under [31 U.S.C. § 3729] (False Claims Act), [18 U.S.C. § 1344] (Bank Fraud), and related provisions.
- Notice was issued to all relevant **executive officers**, and the matter was formally placed in **public record**, published on https://noticeofrecord.org/jason-gerald-family-of-jehorek-estate-99/, and supported by **Affidavits of Service** and **Certified Mail Receipts**.

### III.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, through its authorized fiduciary trust office, respectfully prays that this Honorable Court enter judgment as follows:

1. **Quiet Title:** That title to the real property located at c/o 11937 Fairlie Place, Raleigh, North Carolina [27613] be quieted in favor of Plaintiff and NOBLE SPRING TR ENTERPRISE, d/b/a ©JASON GERALD JEHOREK™, free and clear of any adverse claims by the named Defendants;



2. **Declaratory Judgment:** That the Court declare that ROCKET MORTGAGE, LLC and MERSCORP Holdings, Inc. (MERS) possess no legal, equitable, or beneficial interest in the subject property, nor any enforceable claim upon the same;

3. **Constructive Trust:** That a constructive trust be imposed upon all securitization proceeds or derivative instruments arising from the original promissory note or related mortgage contract(s), in favor of the Plaintiff estate;

4. **Commercial Estoppel:** That the Court recognize commercial estoppel against any further collection activity, foreclosure, or credit reporting by Defendants, based on their dishonor, non-response, and failure to cure under applicable commercial and contract law and the Administrative Procedures Act;

5. **Admission by Silence:** That the Court take judicial notice and enter findings that Defendants failed to respond to 48 enumerated legal questions submitted under CFPB Complaint Ref. #250724-22601517, constituting tacit acquiescence and administrative default;

6. **Damages and Costs:** That Plaintiff be awarded all costs of this action, and that the Court grant further relief as may be deemed just and proper, including but not limited to lawful recognition of Plaintiff's final invoice totaling **$8,943,908.34**, as unrebutted and perfected under commercial law.

## VERIFICATION

i, Jehorek, Jason-Gerald, declare under penalty of perjury under the laws of the United States of America and the laws of the State of North Carolina that the foregoing is true and correct, and that this Verified Complaint is made in good faith.

Date: __1__ day of _August_, 2025.

by: _Jehorek, Jason-Gerald_

Jehorek, Jason-Gerald,
Authorized Representative / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
And For: NOBLE SPRING TR ENTERPRISE
And For: JASON GERALD FAMILY OF JEHOREK ESTATE
And For: Fairlie Pleasant Home
All Rights Reserved. Without Prejudice Without Recourse to me.

Case 5:25-cv-00558-D-BM     Document 1-2     Filed 09/05/25     Page 7 of 7