# EXHIBIT "A.10"

FILED
DATE:August 7, 2025
TIME:2:09:45 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: T. Williams

25CV026697-910



## DECLARATION OF EXPRESS TRUST
# EQUITY SECURED PROMISSORY NOTE
### Est, December 31, 2021 at 10:30 AM

**$9,000,000,000.00**　　　　Schedule A: Trustee Minutes 2-1968　　　　**Exhibit** ▮▮▮▮▮

On this 31ST day of DECEMBER 2021, FOR VALUE RECEIVED, the undersigned, Jehorek, Jason-Gerald. d/b/a °JASON GERALD JEHOREK, an Ens Legis of the United States Corporation (the "Borrower"), located a 2175 Rosaline Ave, Redding, CA 96001 (address of "Borrower") promises to pay to the order of ROYAL VAULT EXPRESS TRUST a foreign irrevocable trust (the "Lender & Holder"), located at Lough Eske Road, Donegal Town, Donegal, F94 HX59 Ireland (or at other place as the Lender & Holder may from time to time designate to the Borrower), in lawful money of the United States, the principal sum of Nine Billion Dollars ($9,000,000,000.00) with interest accruing on the unpaid balance rate of TWO POINT EIGHT EIGHT PERCENT (2.88) per annum beginning as of the date above from and after the date of this Promissory Note until paid.

The Lender & Holder hereby loans Nine Billion Dollars ($9,000,000,000.00) JASON GERALD JEHOREK (the "Principal") in exchange for all labor incurred by Jehorek, Jason-Gerald d/b/a °JASON GERALD JEHOREK ( the "Principal") backed by the Birth Certificate/Certificate of Title ("collateral"), and such Title is held in possession by the Lender & Holder of all Bonds, all Certificated & Uncertificated Securities, for the collateral after having authenticated a record acknowledging that it will hold possession of collateral for the secured party's benefit and the principal and interest, unless the Borrower is in Default, shall be due and payable in 756 equal monthly payments (in the amount $25,815,402.67), each payment being due and payable on the first day of each month commencing on December 31, 2021. The entire amount of the principal shall be due and payable at the year end of 2088 (63 years).

The payment of this Promissory Note is secured by a pledge of all labor and interest owned by the Borrower. The terms and conditions of the pledge of the interest are set forth in Birth Certificate/Certificate US State Title Number No. ▮▮▮▮▮ , **Date:** ▮▮▮▮ 68. Secretary of State California Apostille Receipt No. **551659, Date: 05/05/2025** United States of America Department of states Certificate of Title No. **25051551-1 Date: 07/24/2024** as Full Faith and Credit of the United States between the Borrower and the Lender & Holder. Notwithstanding the existence of security for the payment of this Promissory Note, the Borrower shall at all times remain liable to the Lender & Holder for the full and punctual payment of all principal, interest and other amounts (if any) that are owed under this Promissory Note.

Payment and performance of this Note is absolutely and unconditionally guaranteed by Jehorek, Jason-Gerald d/b/d JASON GERALD JEHOREK on the terms of the Guarantee executed concurrently herewith.

Each payment made under this Promissory Note shall be applied (i) first, to fees, costs and expenses incurred by the Lender & Holder in enforcing this Promissory Note upon the occurrence of an Event of Default (as defined below) and (ii) second, to accrued interest and (iii) third, to the principal balance of this Promissory Note. Any principal or other amount payable under this Promissory Note that is not paid when due shall bear interest from and after the date when due until paid in full at the rate of twelve percent (12%) per annum (the "**Default Rate**"). Nothing in the preceding sentence shall be interpreted as a waiver or limitation of the Lender & Holder's right to compel payment of all amounts hereunder when due and payable.

If the Borrower is not in default under this Promissory Note, the Borrower shall have the privilege of prepaying, without penalty or premium, the outstanding principal balance hereof in whole or in part at any time or from time to time. Any such prepayment must be accompanied by full payment of all interest then accrued and unpaid on the principal amount being paid.

The Borrower's failure to (i) pay when due any principal, accrued interest or other amount owed under this Promissory Note, or (ii) the failure of any representation or warranty of the Borrower that is contained within any writing of the collateral in the possession of the Lender & Holder and if (i) or (ii) is not remedied in full within ninety (90) days after receipt of written notice from the Lender & Holder, shall constitute an "**Event of Default**."

Upon the occurrence of an Event of Default, the Lender & Holder shall have the right, at its sole option, at any time thereafter, (i) to declare the entire balance of principal and accrued interest on this Promissory Note to be immediately due and payable, (ii) to exercise all of its rights as a secured party under the writings of the collateral with respect to the interests pledged by the Borrower and (iii) to exercise any and all of its other rights and remedies that are provided under the collateral and applicable law. All rights and remedies of the Lender & Holder are cumulative and concurrent and may be pursued singularly, successively or together, at all the sole discretion of the Lender & Holder, and whenever and as often as the Lender & Holder deems necessary or appropriate.

If, after not less than thirty (30) days after an Event of Default which has not been cured, an attorney is engaged by the Lender & Holder to undertake collection, or enforce or constitute any provision of this Promissory Note or the collateral, with or without the filing of any arbitration proceeding or legal action by the Lender & Holder, then the Borrower shall pay on demand all reasonable attorneys' fees and other cost and expenses incurred by the Lender & Holder in connection therewith. If an action (arbitration or court proceeding) is brought to enforce the terms of this Promissory Note, then the prevailing party shall be entitled to recover its reasonable attorneys' fees and other costs and expenses incurred in connection therewith.

The Borrower and the Lender & Holder hereby agree that the Borrower may pre-pay this Promissory Note without penalty of any kind with the intent to fulfill and satisfy this installment loan.

Case 5:25-cv-00558-D-BM　　　Document 1-10　　　Filed 09/05/25　　　Page 2 of 4



## DECLARATION OF EXPRESS TRUST
# EQUITY SECURED PROMISSORY NOTE
### Est, December 31, 2021 at 10:30 AM

If the Lender & Holder receives any installment payment more than ninety (90) days after the date that it is due, then a late payment fee of five hundred thousand ($500,000.00) dollars, shall be payable with the scheduled installment payment along with any default interest due.

This Promissory Note is secured by a security instrument also known as the collateral described above, securing repayment of this Promissory Note, the property described in such security instrument may not be sold or transferred without the Lender & Holder's express written consent. If Borrower breaches the provision, Lender & Holder may declare all sums due under this Promissory Note immediately as a "Due-On-Sale" and payable, unless prohibited by applicable law.

The Borrower waives presentment and demand for payment, notice of dishonor, protest and notice of protest, notice of default and any and all lack of diligence or delay by the Lender & Holder in the collection or enforcement of this Promissory Note. The Lender & Holder shall not be deemed to have waived any right to remedy that it has under this Promissory Note, the collateral or applicable law unless it has expressly waived the same in writing or unless the Promissory Note or the collateral expressly provides a period of time in which the right to remedy must be exercised. The waiver by the Lender & Holder of a right or remedy shall not be construed as a waiver of any other right or remedy or of any subsequent right or remedy of the same kind.

If any provision of this Promissory Note is determined by an arbitrator or a court of competent jurisdiction to be invalid, illegal or unenforceable, that provision shall be deemed severed from this Promissory Note, and the validity, legality and enforceability of the remaining provisions of this Promissory Note shall remain in full force and effect. If the Lender & Holder ever receives any interest payment on the Promissory Note in excess of the maximum principal permitted by applicable law, such excess amount shall, at the Lender & Holder's option, be applied to the reduction of the unpaid principal balance of this Promissory Note or returned to the Borrower.

In the event that any provision herein is determined to be void or unenforceable for any reason, such determination shall not affect the validity of enforceability of any provision, all of which shall remain in full force an effect.

There are no verbal or other agreements which modify or affect the terms of this Promissory Note. This Promissory Note may not be modified or amended except by written agreement signed by the Borrower and Lender & Holder

In the event of any conflict between the terms of this Promissory Note and the terms of any security instrument securing payment of the Promissory Note, the terms of this Promissory Note shall prevail.

Any notice required or permitted to be give hereunder shall be given in writing and shall be delivered (a) personal service (b) by certified or registered mail service, postage prepaid, return receipt requested, (c) by facsimile, or(d) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below.

The Borrower executes this Promissory Note as a principal and not as a surety. If there I more that one Borrower, each Borrower shall be jointly and severally liable under the Promissory Note.

Time is of the essence with respect to every provision hereof. The Promissory Note shall be governed by the internal laws of the State of North Carolina without giving effect to conflict-of-law principles.

IN WITNESS WHEREOF, the Borrower and Lender & Holder have executed and delivered this Promissory Note as of the date first written above in the presence of the court.

Case 5:25-cv-00558-D-BM    Document 1-10    Filed 09/05/25    Page 3 of 4



# DECLARATION OF EXPRESS TRUST
# EQUITY SECURED PROMISSORY NOTE
Est, December 31, 2021 at 10:30 AM

**BORROWER**

_Jason Jehorek_                                08/06/2025

JASON GERALD JEHOREK                     Date

**LENDER & HOLDER**

_[signature]_                                08/04/2025

MANSILLA, ROBERTO Sole Trustee under Declaration of Trust     Date

**WITNESSES**

_Thomas, Albert-Roy_                         08/06/2025

Thomas, Albert-Roy III                              Date

_Munson, Troy-James_                         08/06/2025

Munson, Troy-James                                  Date

## NOTARY ACKNOWLEDGMENT

County of ___Jefferson___              )

State of                               ) ss
    <sup>se</sup> Florida

On this day of ____August 6____, 2025, before me, the undersigned Notary Public, personally appeared Jehorek, Jason-Gerald, Thomas, Albert-Roy III and Munson, Troy-James, known to me or satisfactorily proven to be the man whose name is subscribed to the Affidavit, and acknowledged that he executed the same in his authorized capacity. The foregoing instrument was acknowledged before me by means of Online Notarization and Jason Jehorek produced a US Passport as identification, Albert Thomas produced Washington Driver License, and Troy Munson produced a Washington Driver License as identification.

In witness whereof, I hereunto set my hand and official seal.

Signature of Notary Public: _Maritza S Dominguez_     (Seal)

    Maritza S Dominguez, MSD/Hia - Notary Public

My Commission Expires: ___10.13.25___

> **MARITZA S DOMINGUEZ**
> Notary Public - State of Florida
> Commission # HH 152767
> My Comm. Expires Oct 13, 2025

This notarial act was an online notarization