# EXHIBIT "A.13"

# Affidavit of Service of Process

## Rocket Mortgage, LLC

FILED
DATE: August 28, 2025
TIME: 10:06:41 AM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: J. Hill

**NORTH CAROLINA**

**COUNTY OF WAKE**

**IN THE GENERAL COURT OF JUSTICE – SUPERIOR COURT DIVISION**

**Case No.: 25CV026697-910**

**Noble Spring TR Enterprise, Authorized Trust Office for Fairlie Pleasant Home Trust,**
Plaintiff,

v.

**Rocket Mortgage, LLC**
Defendants.

---

## AFFIDAVIT OF SERVICE OF PROCESS

Pursuant to North Carolina Rules of Civil Procedure Rule 4(j), I, **Jehorek, Jason-Gerald, sui juris**, hereby certify and affirm as follows:

1. That I am the Plaintiff/Authorized Representative in this matter, and that I served the Defendant(s) with a copy of the **Civil Summons and Verified Complaint** in this case.

2. Service was made by depositing said documents in the United States Post Office for mailing via **Registered/Certified Mail, Return Receipt Requested**, directed as follows:

   o   **Rocket Mortgage, LLC – Legal Department**
       1050 Woodward Avenue
       Detroit, MI 48226

3. That the Complaint and Summons were in fact received by the above-named Defendant(s), as evidenced by the attached genuine USPS return receipts/green cards and electronic delivery confirmations.

---

Executed this 26 day of August, 2025.

By: _Jehorek, Jason-Gerald_

Jehorek, Jason-Gerald, sui juris
Plaintiff / Authorized Representative

☑ Plaintiff
☐ Attorney for Plaintiff

# Affidavit of Service of Process

## Rocket Mortgage, LLC

State: NC    County: Wake

Sworn to and subscribed before me this 26th day of August, 2025.

Notary Public: _Grace Borger_

My Commission Expires: 8/27/2029

(Official Seal)

GRACE BORGER
Notary Public - North Carolina
Wake County
My Commission Expires Aug 27, 2029

Tracking Number: 9589071052700072935252

Pkg 11- Rocket Mortgage Civil Summons 8-4-25.pdf

(Cert #: 9589 0710 5270 0072 9352 52– Green Card # 9590 9402 9472 5069 7046 72)

Tracking Number: 9589071052700072935238

Pkg 12- Rocket Mortgage Conditional Acceptance - Get back on track letter 8-22-25

(Cert #: 9589 0710 5270 0072 9352 38 – Green Card # 9590 9402 9472 5069 7046 96)

Jehovah
11937 Pacific Pl.
Raleigh NC [27617]

CERTIFIED MAIL
9589 0710 5270 0072 9352 52
9589 0710 5270 0072 9352 52

Rocket Mortgage LLC
Att: Legal Department
1050 Woodward Avenue
Detroit MI 48226

9590 9402 9472 5069 7046 72
9589 0710 5270 0072 9352 52

CERTIFIED MAIL
9589 0710 5270 0072 9352 38
9589 0710 5270 0072 9352 38

Rocket Mortgage LLC
1050 Woodward Avenue
Detroit MI 48226-1906

Rocket Mortgage LLC
1050 Woodward Av.
Detroit MI 48226-1906

9590 9402 9472 5069 7046 06
9589 0710 5270 0072 9352 38

| | Company | Name | Date Sent | Tracking # | Green Card Tracking # | Delivery date | Type of documents | Inocie |
|---|---|---|---|---|---|---|---|---|
| 2 | Rocket Mortgage | Brian Brown - CFO | 5/2/2025 | 9589 0710 5270 1899 5141 63 | 9590 9402 8769 4005 5670 81 | 5/4/2025 | Package 1 - Private Administrative Settlement & Contract date 5-1-25 | $362,061.55 |
| 3 | Rocket Mortgage | Brian Brown - CFO | 5/19/2025 | 9589 0710 5270 1899 5142 31 | 9590 9402 8769 4005 5670 67 | 5/23/2025 | Package 2 Sent to Rocket Mortgage on 5-19-25 | $965,244.48 |
| 4 | Rocket Mortgage | Brian Brown - CFO | 6/5/2025 | 9589 0710 5270 1899 5143 23 | 9590 9402 8769 40053670 36 | 6/9/2025 | Package 3 - FINAL NOTICE OF NON-RESPONSE, DEFAULT, AND AFFIDAVIT OF DISHONORCURE 6-5-25 | $1,930,488.96 |
| 5 | Rocket Mortgage | Varun Krishna - CEO | 6/5/2025 | 9589 0710 5270 1899 5143 30 | 9590 9402 8789 4005 5670 67 | 6/9/2025 | Package 1-2-3 - FINAL NOTICE OF NON-RESPONSE, DEFAULT, AND AFFIDAVIT OF DISHONORCURE 6-5-25 | $1,930,488.96 |
| 6 | Rocket Mortgage | Jay Bray, President & CEO | 6/5/2025 | 9589 0710 5270 1899 5142 48 | 9590 9402 8789 4005 5670 50 | 6/9/2025 | Package 1-2-3 - FINAL NOTICE OF NON-RESPONSE, DEFAULT, AND AFFIDAVIT OF DISHONORCURE 6-5-25 | $1,930,488.96 |
| 7 | Rocket Mortgage | Bill Emerson, President | 6/5/2025 | 9589 0710 5270 1899 5142 55 | 9590 9402 8789 4005 5670 43 | 6/9/2025 | Package 1-2-3 - FINAL NOTICE OF NON-RESPONSE, DEFAULT, AND AFFIDAVIT OF DISHONORCURE 6-5-25 | $1,930,488.96 |
| 8 | Rocket Mortgage | Jeff Morganroth, Chief Legal Officer | 6/5/2025 | 9589 0710 5270 1899 5142 62 | 9590 9402 8789 4005 5670 29 | 6/9/2025 | Package 1-2-3 - FINAL NOTICE OF NON-RESPONSE, DEFAULT, AND AFFIDAVIT OF DISHONORCURE 6-5-25 | $1,930,488.96 |
| 9 | Rocket Mortgage | Moe Bazzi (Servicing Escalation Specialist) | 6/11/2025 | 9589 0710 5270 1899 5143 78 | 9590 9402 8789 4005 5669 61 | 6/16/2025 | Package 4 - Notice of False Credit Reporting and Adm Free Enforcement | $17,500.00 |
| 10 | Rocket Mortgage | Varun Krishna - CEO | 6/5/2025 | 9589 0710 5270 1899 5142 93 | 9590 9402 8789 4005 5670 05 | 6/17/2025 | Package 4 - Notice of False Credit Reporting and Adm Free Enforcement | $17,500.00 |
| 11 | Rocket Mortgage | Brian Brown - CFO | 6/9/2025 | 9589 0710 5270 1899 5143 61 | 9590 9402 8789 4005 5668 86 | 6/9/2025 | Package 4 - Notice of False Credit Reporting and Adm Free Enforcement | $17,500.00 |
| 12 | Rocket Mortgage | Jeff Morganroth, Chief Legal Officer | 6/5/2025 | 9589 0710 5270 1899 5142 86 | 9590 9402 8789 4005 5670 12 | 6/17/2025 | Package 4 - Notice of False Credit Reporting and Adm Free Enforcement | $17,500.00 |
| 13 | Rocket Mortgage | Bill Emerson, President | 6/9/2025 | 9589 0710 5270 1899 5143 54 | 9590 9402 8789 4005 5669 85 | 6/9/2025 | Package 4 - Notice of False Credit Reporting and Adm Free Enforcement | $17,500.00 |
| 14 | Rocket Mortgage | Jay Bray, President & CEO | 6/5/2025 | 9589 0710 5270 1899 5143 09 | 9590 9402 8789 4005 5669 92 | 6/20/2025 | Package 4 - Notice of False Credit Reporting and Adm Free Enforcement | $17,500.00 |
| 15 | Rocket Mortgage | IRS - Whistleblower - Form 211 | 6/23/2025 | 9589 0710 5270 1899 5144 08 | 9590 9402 8789 4005 5669 30 | 6/27/2025 | Package 5 - Form 211 - Whistleblower Office - ICE | N/A |
| 16 | Rocket Mortgage | Brian Brown - CFO | 6/25/2025 | 9589 0710 5270 1899 5144 15 | 9590 9402 8789 4005 5669 47 | 7/5/2025 | Package 6 - AFFIDAVIT OF NON-REBUTTAL AND NOTICE OF DISHONOR 6-25-25. | $2,651,954.17. |
| 17 | Rocket Mortgage | Bill Emerson, President | 6/25/2025 | 9589 0710 5270 0072 9351 53 | 9590 9402 9472 5069 7045 59 | 7/5/2025 | Package 6 - AFFIDAVIT OF NON-REBUTTAL AND NOTICE OF DISHONOR 6-25-25. | $2,651,954.17. |
| 18 | Rocket Mortgage | Varun Krishna - CEO | 6/25/2025 | 9589 0710 5270 1899 5144 22 | 9590 9402 9472 5069 7045 66 | 7/5/2025 | Package 6 - AFFIDAVIT OF NON-REBUTTAL AND NOTICE OF DISHONOR 6-25-25. | $2,651,954.17. |
| 19 | Rocket Mortgage | Jay Bray, President & CEO | 6/25/2025 | 9589 0710 5270 1899 4304 87 | 9590 9402 9472 5069 7045 80 | 7/5/2025 | Package 6 - AFFIDAVIT OF NON-REBUTTAL AND NOTICE OF DISHONOR 6-25-25. | $2,651,954.17. |
| 20 | Rocket Mortgage | Jeff Morganroth, Chief Legal Officer | 6/25/2025 | 9589 0710 5270 1899 4305 00 | 9590 9402 9472 5069 7045 97 | 7/5/2025 | Package 6 - AFFIDAVIT OF NON-REBUTTAL AND NOTICE OF DISHONOR 6-25-25. | $2,651,954.17. |
| 21 | Rocket Mortgage | Moe Bazzi (Servicing Escalation Specialist) | 6/25/2025 | 9589 0710 5270 1899 4304 94 | 9590 9402 9472 5069 7045 73 | 7/5/2025 | Package 6 - AFFIDAVIT OF NON-REBUTTAL AND NOTICE OF DISHONOR 6-25-25. | $2,651,954.17. |
| 22 | Rocket Mortgage | Information Request - Legal Department | 6/26/2025 | RF 414 199 154 US | 9590 9402 9472 5069 7045 11 | 7/8/2025 | Package 7 - AFFIDAVIT OF NON-REBUTTAL, CONTINUING DISHONOR & CERTIFICATE OF SERVICE | $4,471,954.17 |
| 23 | Rocket Mortgage | Capture Team - 635 Woodward Ave | 7/24/2025 | RF 414 199 168 US | 9590 9402 9472 5069 7046 58 | 8/5/2025 | Package 8 - CFPB 250701 - 21970535 Legal Notice & Invoice Response to Rocket Mortgage Letter on 7-24-25 | $8,943,908.34 |
| 24 | MERSCorp | Civil Summons Aug 1, 25 | 8/4/2025 | 9589 0710 5270 0072 9359 55 | 9590 9402 9472 5069 7046 65 | 11-Aug-25 | Package 9 - MERSCORP Civil Summons Package Sent 8-4-25 | N/A |
| 25 | MERSCorp | Notice of Dishonor / Demand for identification | 8/21/2025 | 9589 0710 5270 0072 9352 21 | 9590 9402 9472 5069 7046 89 | 8/25/2025 | Package 10 - Merscorp Letter8-12-25 & Notice of Dishonor & Certificate of Service 8-21-25 | N/A |
| 26 | Rocket Mortgage | Civil Summons Aug 1, 25 | 8/4/2025 | 9589 0710 5270 0072 9352 52 | 9590 9402 9472 5069 7046 72 | 8/15/2025 | Package 11 - Rocket Mortgage Civil Summons 8-4-25.pdf | $8,943,908.34 |
| 27 | Rocket Mortgage | Conditional Acceptance - Get back on track letter | 8/22/2025 | 9589 0710 5270 0072 9352 38 | 9590 9402 9472 5069 7046 96 | 8/26/2025 | Package 12 - Conditional Acceptance - Get back on track letter | $13,415,862.51 |



# Package 12

# Conditional Acceptance - Get back on Track Letter 8-22-25



## Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter

**Date:** 8-22-2025
**To:** Rocket Mortgage LLC
1050 Woodward Ave.
Detroit, MI 48226

**From:**
Jehorek, Jason-Gerald, sui juris
Authorized Representative / Creditor Beneficiary
c/o Noble Spring TR Enterprise (Authorized Trust Office)
On behalf of: "Fairlie Pleasant Home" (Holding Trust)
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]

**Re: Conditional Acceptance of Rocket Mortgage Letter dated August 22, 2025**

**Contracts in Question:** ▮▮▮▮▮ & ▮▮▮▮▮
**Case No.:** 25CV026697-910 (Wake County Superior Court)

Dear Rocket Mortgage,

**I, Jehorek, Jason-Gerald, sui juris,** in my capacity as Authorized Representative, Creditor Beneficiary, and Grantor for the Estate of **©JASON GERALD JEHOREK™**, hereby acknowledge receipt of your letter dated **August 22, 2025,** offering a "Trial Payment Plan" for alleged mortgage obligations.

I do not refuse this offer. Instead, I hereby issue **Conditional Acceptance** upon your company's full compliance with the following lawful prerequisites:

### 1. Cure of Prior Dishonor

On **July 23, 2025,** I issued to Rocket Mortgage a **Legal Notice & Invoice – Response to Rocket Mortgage Letter of July 21, 2025** (Exhibit A). That Notice included **48 specific legal and commercial questions** regarding funding source, securitization, chain of title, and standing, along with an invoice that has since doubled due to continued dishonor.

Page 1 of 3



## Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter

Rocket Mortgage has failed to answer, rebut, or otherwise cure that record. Silence constitutes **dishonor and tacit agreement under UCC 1-308, 1-103, 3-501, 3-502, and 3-505(b).**

### 2. Proof of Standing Required

You are hereby required to provide **documentary evidence and sworn affidavit** establishing Rocket Mortgage as:

- The **holder-in-due-course** of the original promissory note,
- With an unbroken chain of title from origination to present,
- In accordance with **UCC 3-301** (entitlement to enforce), and the controlling precedent of **Carpenter v. Longan, 83 U.S. 271 (1872)**, which holds that the mortgage deed and note are inseparable.

### 3. Disclosure of Consideration

Provide lawful proof of consideration at origination for both the 2017 and 2020 transactions, including but not limited to:

- Wire confirmations,
- Warehouse lending agreements,
- Securitization trust assignments,
- And any transfer or sale agreements affecting the alleged obligation.

### 4. Incorporation by Reference

All **48 questions** from my **July 23, 2025 Notice & Invoice** are hereby **incorporated by reference** into this Conditional Acceptance. No payments, agreements, or modifications can be executed until those questions are answered in full and supported by verifiable documentation.

Case 5:25-cv-00558-D-BM    Document 1-13    Filed 09/05/25    Page 6 of 36



## Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter

**Commercial Notice**

Until Rocket Mortgage has fully cured these dishonors and proven lawful standing, any attempt to collect, enforce, or solicit performance constitutes further **fraudulent misrepresentation, deceptive practice, and violation of federal disclosure law** under **15 U.S.C. §1601 (TILA)** and **12 U.S.C. §2605 (RESPA).**

This Conditional Acceptance, together with the attached Exhibit A, is hereby noticed into **Case No. 25CV026697-910** as evidence of Rocket Mortgage's continued dishonor and failure to prove claim.

**Attachments:**

- **Exhibit A:** Legal Notice & Invoice – Response to Rocket Mortgage Letter of July 21, 2025 (dated July 23, 2025, with 48 questions and invoice).

By: _Jehorek, Jason-Gerald_



Jehorek, Jason-Gerald, sui juris
Authorized Representative / Creditor Beneficiary
For: Noble Spring TR Enterprise (Authorized Trust Office)
On behalf of: "Fairlie Pleasant Home" (Holding Trust)

All Rights Reserved. Without Prejudice. Without Recourse.

Case 5:25-cv-00558-D-BM     Document 1-13     Filed 09/05/25     Page 7 of 36



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

**Case No.:** 25CV026697-910
**From:** Jehorek, Jason-Gerald, sui juris – Authorized Representative / Creditor Beneficiary
**To:** Rocket Mortgage LLC
**Subject:** Legal Notice & Invoice – Response to Rocket Mortgage Letter of July 21, 2025
**Date:** July 23, 2025

### Introduction

This Exhibit is incorporated by reference into the **Conditional Acceptance of Rocket Mortgage Letter dated August 22, 2025**. It contains the original **48 questions and invoice** issued to Rocket Mortgage, which remain **unanswered and in dishonor**.

### 1. Questions / Demands for Verification

**Q1)** Where did Rocket Mortgage (formerly Quicken Loans) obtain the funds to originate and refinance the mortgage loans dated April 2017 and December 2020, and what lawful consideration was tendered by the lender at closing?

**Q2)** Was this money borrowed from another lender, created through a warehouse line, or generated through any investor-backed facility like Fannie Mae or Ginnie Mae?

**Q3)** Who funded the loan, and where is the proof of value exchanged at the time of closing?

**Q4)** Please provide documentation of the accounting trail or bank transaction that supports the loan's origination.

**Q5)** If the loan was sold or securitized into a Fannie Mae investment pool, what capital was truly at risk?

**Q6)** Where did the capital originate to fund these obligations if the loans were sold into Fannie Mae investment pools, and what accounting trail under [15 U.S.C. § 1635], [12 U.S.C. § 2605], [TILA Regulation Z], and [31 U.S.C. § 5318(b)(2)] exists to prove lawful value exchange and risk retention?

**Q7)** Under the Truth in Lending Act [15 U.S.C. § 1601 et seq.] and the Real Estate Settlement Procedures Act [12 U.S.C. § 2601 et seq.], Rocket Mortgage must disclose the



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

source of funds and any third-party investor relationships (including warehouse lines or credit creation via MERS or Ginnie Mae/Fannie Mae conduits).

**Q8)** Whose signature was used to monetize or securitize the original promissory note(s) tied to the property located at Mail Location on Record, North Carolina [ZIP CODE], and on what authority was that signature utilized to create a negotiable instrument?

**Q9)** Was the private man known as Authorized Representative Jehorek, Jason-Gerald properly informed or lawfully disclosed the identity of the creditor who received or held the consideration at the time the funds were originated?

**Q10)** Did the signatory named on the promissory note represent the estate, a third-party creditor, or a principal on behalf of another undisclosed trust, REIT, or securities holder? Please identify the estate or legal entity for the record.

**Q11)** Under what lawful process was the signature separated from the security instrument and rehypothecated or pledged, and where are the disclosures under [12 CFR § 1026.17(b)] proving that the true source and application of funds was disclosed prior to closing?

**Q12)** Who received the initial deposit or converted proceeds upon the creation of the security instrument, and was this disclosed to the signatory, as required under [12 CFR § 1026.18]?

In reference to the endorsement appearing on the promissory note—signed by "Ashley Smith, Capture Manager" and reading:



"Without Recourse Pay to the order of Then Quicken Loans"



The undersigned Estate hereby demands a formal, itemized response to the following questions, supported by sworn affidavits and documentary proof:

**Q13)** When was the "Without Recourse Pay to the order of Then Quicken Loans" added to the promissory note? Was this at the time of closing or after.

**Q14)** Where all parties informed that this was added to the promissory Note?

**Q15)** What is a "Capture Manager"?

**Q16)** Define the role of "Capture Manager" within Rocket Mortgage or its predecessor Quicken Loans.

**Q17)** Specify whether this role includes legal authority to endorse negotiable instruments or promissory notes.

**Q18)** Did Ashley Smith work at Rocket Mortgage or Quicken Loans in an executive or authorized fiduciary capacity?

**Q19)** Provide a Notarized Affidavit of employment confirming:
- Job title(s), department, and scope of duties;
- Start and end dates of employment;
- Specific legal authority or power of attorney to endorse negotiable instruments.

**Q20)** Was Ashley Smith authorized to execute endorsements on behalf of Rocket Mortgage or Quicken Loans?

**Q21)** Produce documentation showing delegation of authority, including:
- Power of Attorney,
- Board Resolution,
- Agency Appointment,
- or Trustee Authorization.

**Q22)** What is the full legal basis and binding effect of the term "Without Recourse" as used in the endorsement of the promissory note by Rocket Mortgage or Quicken Loans?

**Q23)** Identify the party or parties who executed the endorsement "Without Recourse" on behalf of Rocket Mortgage or Quicken Loans:

Case 5:25-cv-00558-D-BM    Document 1-13    Filed 09/05/25    Page 10 of 36



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

**Q24)** Provide a copy of the written authorization or corporate resolution granting Ashley Smith power to endorse negotiable instruments under [UCC 3-401(b)].

**Q25)** Was the endorsement signed by Ashley Smith was she a duly authorized officer or employee of the legal note holder at the time of execution?

**Q26)** Was the promissory note by Ashley Smith endorsed "Without Recourse" as part of a sale, transfer, or securitization transaction?

- If so, please identify the purchaser, trust, or transferee entity, and provide a chain of title or MERS Milestone Reports showing the lawful negotiation of the note under [UCC 3-201] and [UCC 3-203].

**Q27)** What legal relationship did Rocket Mortgage retain to the note after endorsing it "Without Recourse"?

**Q28)** By add "Without Recourse" Did Rocket remain a servicer, agent, custodian, or holder-in-due-course, or was all legal and equitable interest conveyed?

**Q29)** Did the "Without Recourse" language impact the validity of the borrower's signature on the note, especially if the note was materially altered, bifurcated, or converted to an investment instrument without borrower consent under the UCC and [15 U.S.C. § 1692e]?

**Q30)** If Rocket Mortgage claims the "Without Recourse" endorsement was compliant with UCC and federal standards, please provide the following:

- A copy of the endorsement page (front and back).
- A copy of the purchase and sale agreement, trust assignment, or security agreement supporting the transfer of interest.
- Identification of the Trust or Pool into which the note was deposited, along with its CUSIP or Pooling and Servicing Agreement.

**Q31)** If the endorsement was placed without lawful negotiation, physical delivery, or custodial control, how does Rocket Mortgage reconcile that with [UCC 3-203(b)] which prohibits enforcement of a transferred instrument unless delivery has occurred?

This is a formal demand for clarification regarding the individual identified as Eric Ferguson, Vice President, whose signature appears on the Satisfaction of Security



Instrument recorded in Wake County, North Carolina, on December 31, 2020, under Loan No. ██████████ and ██████████, and processed by First American Mortgage Solutions.

SATISFACTION OF SECURITY INSTRUMENT

*[Illegible recorded document image of Satisfaction of Security Instrument, North Carolina, County of Wake]*

**Q32)** Provide verifiable proof that Eric Ferguson was an employee, officer, or agent of Rocket Mortgage LLC, Quicken Loans Inc., or any affiliated entity on or before December 31, 2020.

**Q33)** Specify his official title, department, and authority to act on behalf of Rocket Mortgage in matters of satisfaction or release of liens.

**Q34)** Identify the delegation of authority that Mr. Ferguson to sign as "Vice President" on a legal Satisfaction of Security Instrument.

**Q35)** Provide internal authorization documents or corporate resolutions showing such delegation, in accordance with [15 U.S.C. § 1605], [12 U.S.C. § 2605], and [UCC 3-402(b)].

**Q36)** Validating the Chain of Command for: Was the signature executed using a stamp or electronically generated device? If so, who authorized its use?

**Q37)** Was Mr. Ferguson employed or operating under Power of Attorney or limited agent status at the time of execution?

**Q38)** Under [UCC 3-401] and [UCC 3-403], signatures must be authorized by the party or principal. Did Eric Ferguson have authority sign the Satisfaction of Security Instrument, prove that he had authority?

Case 5:25-cv-00558-D-BM    Document 1-13    Filed 09/05/25    Page 12 of 36



**Q39)** Was the creditor aware that does have standing to observe or validate the execution of a satisfaction of lien—especially since it concerns the creditors estate interest.

**Q40)** In order to have a valid contract there should be two signatures that appear on the Satisfaction of Security Instrument but I only see Mr. Ferguson. Why?

**Q41)** There's no mention of proper notice to the Creditor Beneficiary. Why?

**Q42)** Under [California Government Code § 8206], a notary must record each act in a notarial journal, including how they verified identity (personal knowledge or ID). "Please provide a certified copy of the notarial journal entry created by Notary B. Roberson on or about December 31, 2020, involving Eric Ferguson. Include method of identity verification and instrument details pursuant to [CA Gov. Code § 8206]."

**Q43)** Please provide the chain of title and MERS Milestone history reflecting all transfers of legal and equitable title for the property at Mail Location on Record, North Carolina [ZIP CODE], from origination to present.

**Q44)** Was title ever conveyed to a REMIC trust, investor pool, or MERS entity without public notice to the signatory, violating due process under [5 U.S.C. § 706(2)(D)] and [UCC 9-203(b)]?

**Q45)** Please explain whether the original deed and promissory note were bifurcated, and if so, who now holds legal vs. equitable interest per [Carpenter v. Longan, 83 U.S. 271 (1872)] and [UCC Article 9].

**Q46)** Under what lawful procedure did Rocket Mortgage convert the private credit of the man known as Authorized Representative into negotiable tender or securities, and who assumed liability under [12 U.S.C. § 24], [Federal Reserve Act § 16], and [UCC 1-201(24)]?

**Q47)** Was the Creditor Beneficiary (Authorized Representative) given prior notice of any recorded documents or lien satisfactions that affect title, as required under [Restatement (Third) of Trusts § 3] and [UCC 1-202] for good faith commercial conduct?

**Q48)** If Rocket Mortgage fails to respond to each question herein with full documentary evidence and sworn affidavit under penalty of perjury, this shall constitute tacit



agreement, estoppel, and dishonor under [UCC 1-308], [UCC 1-103(b)], and [UCC 3-505(b)].

## 2. Invoice

- Due to dishonor and failure to rebut, balance has doubled per terms of Notice.

| Date | Description | Unit Price | Line Total |
|---|---|---|---|
| 2017 | Monetized Original Quicken Loan Promissory Note | $236,800.00 | $236,800.00 |
| 2020 | Monetized Rocket Mortgage Promissory Note | $232,200.00 | $232,200.00 |
| 2017–2025 | Mortgage Payments (verified from amortization schedule) | $134,328.96 | $134,328.96 |
| 2017–2025 | Servicing Premiums and Fees (estimated) | $13,136.25 | $13,136.25 |
| 2025 | Penalties from Package 1,2 and 3 (Administrative Fee Schedule) | $1,930,488.96 | $1,930,488.96 |
| 2025 | Penalties from Package 4 ($17,500 x 6 Officers) | $105,000.00 | $105,000.00 |
| 2025 | Additional Damages from Rocket Mortgage letter (Exhibit H) (commercial, tort, emotional, administrative harm) | $1,820,000.00 | $1,820,000.00 |
| 2025 | Previous Invoice date 6-26-25 | $4,471,954.17 | $4,471,954.17 |
| 2025 | Doubled after the 7-23-25 invoice | $4,471,954.17 | $4,471,954.17 |

| | |
|---|---|
| New Total Due (After Fee Doubling) | $13,415,862.51 |
| TOTAL DUE | $13,415,862.51 |



## 3. Reservation of Rights

"This Notice & Invoice was duly served on Rocket Mortgage on July 23, 2025, and remains unanswered. Silence constitutes dishonor, tacit agreement, and commercial default under UCC 1-308, 1-103, and 3-505(b)."



By: _Jehorek, Jason-Gerald_

Jehorek, Jason-Gerald, sui juris
Authorized Representative / Creditor Beneficiary
For: Noble Spring TR Enterprise (Authorized Trust Office)
On behalf of: "Fairlie Pleasant Home" (Holding Trust)

All Rights Reserved. Without Prejudice. Without Recourse.

Case 5:25-cv-00558-D-BM     Document 1-13     Filed 09/05/25     Page 15 of 36



# R⌀CKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

JASON JEHOREK
11937 FAIRLIE PL
RALEIGH, NC 27613-7842

## You're Approved To Lower Your Payment

# $1,296.72

### Go Online To Get Started Now

Hi Jason,

You've been approved to modify your loan and get back on track with your mortgage payments in three simple steps. This means you don't have to catch up on missed payments. Instead, we'll change or modify the rate and/or length of your loan.

By following the three steps below, you'll be able to finalize your loan modification to bring your loan current.

**Step 1: Your program starts on 09/01/2025.**

You'll begin the program with a new payment of $1,296.72.

**Step 2: Schedule and Make Trial Payments**

We'll schedule a 3-month trial period for your new program payments.

You'll then be able to schedule your payments.

| New Payment | 1st Payment Due | 2nd Payment Due | 3rd Payment Due | New Term |
|---|---|---|---|---|
| $1,296.72 | 09/01/2025 | 10/01/2025 | 11/01/2025 | 435 Months |

**Step 3: Sign Final Documents**

After you complete your trial payments, we'll prepare the mortgage documents with new terms. All you'll have to do is sign and return.

Sincerely,

Your Account Resolution Team

## Visit Rocket Mortgage• Now To Get Back On Track

Case 5:25-cv-00558-D-BM     Document 1-13     Filed 09/05/25     Page 16 of 36

# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

## Frequently Asked Questions

1. **Why is there a trial period?**

   The trial period ensures you can manage the estimated new monthly mortgage payment. The trial period is temporary, and your existing loan and loan requirements remain in effect and unchanged during the trial period.

2. **When will I know if my loan can be modified permanently, and how will the modified loan balance be determined?**

   After your trial period payments are made on time, you will sign and return to us the required copies of a modification agreement. Please remember that anyone on the loan or title to your home will need to sign the modification agreement. We will sign one copy and send it back to you so you will have a fully executed modification agreement. Any difference between the amount of the trial period payments and your regular mortgage payments will be added to the balance of your loan, along with any other past-due amounts as permitted by your loan documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment.

3. **Will I be charged any fees for the loan modification?**

   No. You will not be charged any processing fees for the trial period or a permanent modification. If your loan is modified, we will waive all unpaid late charges.

4. **Will my interest rate and monthly principal and interest payment be fixed after my loan is permanently modified?**

   Yes. If your loan is permanently modified, your interest rate and monthly principal and interest payment may be fixed for the life of your mortgage.

5. **Will entering the trial period impact my credit score?**

   We will continue to report the delinquency status of your loan to credit reporting agencies, as well as your entry into a trial period in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association. Credit scoring companies generally consider the entry into a plan with reduced payments to be an increased credit risk. As a result, entering into a trial period may negatively impact your credit score. For more information about your credit score, go to ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

6. **What happens if I miss a payment during my trial period?**

   We must receive each trial period payment in the month in which it is due. If you miss a payment or do not fulfill any other terms of your trial period, this offer will end and your mortgage loan will not be modified.

7. **Rocket Mortgage utilizes third-party service providers in the normal course of servicing your loan. We remain responsible for all actions taken by such service providers.**



**ROCKET Mortgage**

1050 Woodward Avenue | Detroit, MI 48226

## Alternative Steps To Stay In Your Home

**Step 1:** Sign in to RocketMortgage.com to accept this offer.

**Step 2:** Make your first payment. Call (800) 508-0944 to make a payment by phone, or mail your payment to the address below.
We must receive your payment by September 1, 2025.

Here's where you can mail your payment:

Rocket Mortgage®
Attn: Servicing – Payment Services
635 Woodward Ave.
Detroit, MI 48226

All payments need to be made on time. Your final payment is due on November 1, 2025.

**Step 3:** When you complete steps 1 and 2, we will send you a modification agreement to sign and return. Your loan will then be modified permanently.

If you don't complete all of the steps listed on this page, this offer may be revoked. If we revoke this offer, we may begin or continue the foreclosure process.

Unless prohibited by law, foreclosure referral will not be avoided until you take actions to accept this plan.

Rocket Mortgage® may incur certain costs throughout the duration of this plan, and you are responsible for repayment of these costs unless prohibited by law.

Although Rocket Mortgage® has offered this plan, we reserve the right to revoke the offer at any time in the event we determine you no longer qualify. In the event this offer is revoked, we may begin or continue the foreclosure process.

You can make curtailments (also known as principal–only payments) against your loan anytime at no charge, provided you are contractually current.

Please note that if your loan is in active bankruptcy or active foreclosure, your trial modification may be contingent upon court approval. Additionally, there must be no outstanding taxes, liens or judgments filed against your home; otherwise, we will not be able to move forward with the modification.

We are offering you this program based on an incomplete loss mitigation application. You have the option of completing the application to receive a full evaluation of all loss mitigation options available to you. Visit your account to complete the application and return the required documents within 30 days.

## Additional Notices About This Program

### Payments

You agree that Rocket Mortgage® will hold the trial period payments in an account until sufficient funds are in the account to pay your oldest delinquent monthly payment. You also agree that Rocket Mortgage® will not pay you interest on the amounts held in the account. If any money is left in this account at the end of the trial period and you qualify for a permanent loan modification, those funds will be deducted from amounts that would otherwise be added to your permanent modified principal balance. Rocket Mortgage® must receive each trial period payment in the month in which it is due. If you miss a trial period payment or do not fulfill any other terms of your trial period, this offer will end and your mortgage loan will not be permanently modified.

### Loan Terms

By making your trial period payments, you agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect, and that you will comply with those terms, and that nothing in the trial period shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents. Please note that except for your monthly mortgage payment amount during the trial period, the terms of your existing note and all mortgage requirements remain in effect and unchanged during the trial period. Successful completion of this workout may result in a permanent change to your loan's interest rate and maturity date.

Case 5:25-cv-00558-D-BM     Document 1-13     Filed 09/05/25     Page 18 of 36

# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

### Equal Credit Opportunity Notice

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission – Equal Credit Opportunity, Washington, DC 20580. If a valuation was obtained in connection with your application, you're entitled to a free copy. Note that you may have already received it.

### Additional Flood Insurance

In the event that additional flood insurance is required, it is your responsibility to obtain the additional flood insurance coverage and amounts. Modification of your loan is contingent on sufficient flood coverage and meeting eligibility requirements with updated premium amounts. If you do not obtain sufficient coverage, this offer may be revoked and your loan will not be permanently modified.

### Title

Once we receive your first trial period plan payment, we will examine the title to your home. We need to confirm that there are no outstanding taxes, liens or judgments that have been filed against your home. If we find a title issue, you might need to help us resolve it. If we cannot resolve all title issues, we may not be able to permanently modify your loan, and this loss mitigation offer will be revoked.

You authorize us to share your information, including, but not limited to, (i) name, address and telephone number, (ii) Social Security number, (iii) credit score, (iv) income, (v) payment history and (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist in obtaining a foreclosure prevention alternative or otherwise provide support services related to your loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, and any insurer, guarantor or company that performs support services to them in connection with your loan.

You consent to being contacted by Rocket Mortgage® or Third Parties at any telephone number or email address, including the mobile telephone number or email address you have provided. Rocket Mortgage® or Third Parties may contact you concerning mortgage assistance related to your serviced loan, including the trial period plan to modify your loan.

### Escrow Account

Your acceptance of the terms of this offer revokes any prior escrow waiver, if applicable. If you do not have an escrow currently, you are agreeing to establish an account for any future tax installments or homeowners insurance payments due and will be required to pay into that account. If there is a current tax installment or insurance payment due at this time, you will still be responsible to make any such payment directly. If the cost of your homeowners insurance, property tax assessment or other escrow expenses increases, your monthly payment will increase as well.

### Foreclosure

Referral to foreclosure will be delayed as long as you comply with the terms of the plan. If you comply with all of the terms of the agreement, any suspended or pending foreclosure will be canceled. Our acceptance and posting of your payment(s) during the plan will not be considered a waiver of the acceleration of your loan. It shall not constitute a cure of your default unless such payments are sufficient to completely cure the default of your loan. If you do not comply with the terms of the agreement, any suspended foreclosure will be resumed.

To accept this offer, please contact us by August 22, 2025.

### Credit Reporting

We will continue to report your loan as delinquent to credit reporting agencies. We will also report any loss mitigation plans. Loss mitigation plans with reduced payments may increase your credit risk. As a result, your credit score may be negatively impacted.

Case 5:25-cv-00558-D-BM　　Document 1-13　　Filed 09/05/25　　Page 19 of 36

**Certificate of Service**

**Case No.: 25CV026697-910**
**Court:** Wake County Superior Court

---

I, **Jehorek, Jason-Gerald, sui juris,** Authorized Representative and Creditor Beneficiary for **Noble Spring TR Enterprise,** Trust Office for **"Fairlie Pleasant Home"** (Holding Trust), do hereby certify the following service of documents:

1. On this _22_ day of _August_, 2025, I served upon:

**Rocket Mortgage, LLC**
1050 Woodward Avenue
Detroit, MI 48226-1906

by **United States Postal Service, Certified Mail, Return Receipt Requested,** the following document:

- o **Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter (dated August 22, 2025)**

- o **Exhibit A – Legal Notice & Invoice (July 23, 2025, with 48 questions and invoice)**

---

2. On this _22_ day of _August_, 2025, I hand-delivered to:

**Wake County Superior Court – Clerk of Court**
Wake County Justice Center
300 S. Salisbury Street
Raleigh, North Carolina 27601

for filing into Case No. 25CV026697-910, the following documents:

- o **Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter (Court Filing Version)**

- o **Exhibit A – Legal Notice & Invoice (July 23, 2025, with 48 questions and invoice)**

- o **Exhibit B – Rocket Mortgage Letter dated August 22, 2025 ("Get Back on Track" offer)**

---



## Executed Certification

I certify under penalty of perjury under the laws of the united States of America that the foregoing is true, correct, and complete to the best of my knowledge.

By: *Jehorek, Jason-Gerald*

Jehorek, Jason-Gerald, sui juris
Authorized Representative / Creditor Beneficiary
For: Noble Spring TR Enterprise (Authorized Trust Office)
On behalf of: Fairlie Pleasant Home Trust (Holding Trust)

All Rights Reserved. Without Prejudice. Without Recourse.

Date: 8-22-2025

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Rocket Mortgage LLZ
Street and Apt. No., or PO Box No.  1050  Woodward  Av
City, State, ZIP+4  Detroit  MI 48226-1906

9589 0710 5270 0072 9352 38

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

---

Rocket Mortgage LLC
1050 Woodward Avenue
Detroit MI 48226-1906

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rocket Mortgage LLC
1050 Woodward Av.
Detroit MI 48226-1906

9590 9402 9472 5069 7046 96

2. Article Number (Transfer from service label)

9589 0710 5270 0072 9352 38

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



# Package 11

# Rocket Mortgage Civil Summons 8-4-25

### Service of Civil Summons and Verified Complaint
### Case No. 25CV026697-910 — Wake County Superior Court

**Jehorek, Jason-Gerald, sui juris**
Authorized Representative / Settlor / Grantor / Creditor Beneficiary
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]
Without Prejudice [UCC 1-308] — All Rights Reserved

**Date: August 4, 2025**

**TO:**
**Rocket Mortgage, LLC**

Legal Department
1050 Woodward Avenue
Detroit, MI 48226

**RE: SERVICE OF SUMMONS, VERIFIED COMPLAINT, AND FINAL ENFORCEMENT NOTICE**
**Wake County Superior Court — Case No. 25CV026697-910**

To Whom It May Concern:

You are hereby served with the following documents in compliance with **Rule 4(j)** of the North Carolina Rules of Civil Procedure. These relate to a civil suit filed on August 1, 2025, in the **Superior Court Division of Wake County, North Carolina.**

**Enclosed:**

1. **Civil Summons**, issued August 1, 2025
2. **Verified Complaint for Quiet Title, Declaratory Judgment, Constructive Trust, and Commercial Estoppel**
3. **Final Invoice** (originally issued June 26, 2025, updated July 23, 2025)

This Verified Complaint formalizes the previous six-part administrative process conducted between **May 1 and July 23, 2025,** to which no lawful rebuttal, disclosure, or settlement was received.



Pursuant to the Administrative Fee Schedule and unrebutted affidavits of dishonor, the outstanding obligation in this matter has lawfully escalated to **$8,943,908.34**, and will double again upon judicial enforcement.

You are granted one final opportunity to cure within **seven (7) calendar days** of receipt by tendering full settlement via certified funds drawn on a federally insured institution. Absent such settlement, further action will proceed under the jurisdiction of the Wake County Superior Court and all applicable provisions of commercial and public law.

All rights reserved without prejudice.

Respectfully,

by: _Jehorek, Jason-Gerald_

Jehorek, Jason-Gerald, sui juris
Authorized Representative / Settlor / Grantor / Creditor Beneficiary
**For:** ©JASON GERALD JEHOREK™
**And For:** JASON GERALD FAMILY OF JEHOREK ESTATE
**And For: Noble Spring TR Enterprise**
All Rights Reserved. Without Prejudice
Without Recourse to me.



Case 5:25-cv-00558-D-BM     Document 1-13     Filed 09/05/25     Page 25 of 36

Certified Mail # 9589 0710 5270 0072 9352 52   Date 8/4/25

# STATE OF NORTH CAROLINA

Wake _____ County

▶ **25CV026697-910**

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>NOBLE SPRING TR ENTERPRISE d/b/a Jehorek, Jason-Gerald | |
| **Address**<br>c/o 11937 Fairlie Place | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| **City, State, Zip**<br>Raleigh                    NC       [27613] | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| **Name Of Defendant(s)**<br>Rocket Mortgage, LLC, and MERSCORP Holdings, Inc. (MERS) | **Date Original Summons Issued** |
| | **Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| **Name And Address Of Defendant 1**<br>Rocket Mortgage, LLC<br>Legal Department, 1050 Woodward Avenue,<br>Detroit, Michigan 48226 | **Name And Address Of Defendant 2**<br>MERSCORP Holdings, Inc.<br>(a/k/a Mortgage Electronic Registration Systems, Inc.)<br>1818 Library Street, Suite 300, Reston, VA 20190 |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!**
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea Inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| **Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)**<br>NOBLE SPRING TR ENTERPRISE d/b/a Jehorek, Jason-Gerald<br>c/o 11937 Fairlie Place   Raleigh, North Carolina [27613] | **Date Issued**<br>8/1/2025 | **Time**<br>2:13  ☐ AM  ☒ PM |
|---|---|---|
| | **Signature**<br>DA | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement** | **Time**<br>☐ AM  ☐ PM |
|---|---|---|
| | **Signature** | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

FILED
DATE: August 1, 2025
TIME: 2:23:34 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: D. Askew

Dated 8/4/25

# IN THE GENERAL COURT OF JUSTICE
## SUPERIOR COURT DIVISION
## WAKE COUNTY, NORTH CAROLINA

**Plaintiff 1:**

**NOBLE SPRING TR ENTERPRISE**, a Private Irrevocable Grantor Trust, acting as Authorized Trust Office for the administrative and commercial claims originally styled in the name of ©JASON GERALD JEHOREK™, for whom this trust lawfully administers creditor, commercial, and enforcement rights.

**Plaintiff 2:**

**Fairlie Pleasant Home**, a private title-holding trust holding equitable and recorded title to the subject property located at 11937 Fairlie PL, Raleigh, NC 27613, and administered as a subordinate real property trust under the authority of the **JASON GERALD FAMILY OF JEHOREK ESTATE.**

**The real party in interest and signatory authority is** Jehorek, Jason-Gerald, making a special appearance as Authorized Representative, Grantor, and Executor for the above trusts and family estate.

Plaintiffs,

v.

**Defendant 1:**
**ROCKET MORTGAGE, LLC**
1050 Woodward Avenue, Detroit, MI 48226
Mortgage Servicer and primary respondent to administrative notices served from May through July 2025.

**Defendant 2:**
**MERSCORP HOLDINGS, INC.**
c/o Corporation Service Company (CSC)
251 Little Falls Drive, Wilmington, DE 19808
Named in this Verified Complaint as a necessary party for title clarification and constructive trust review.



Defendant 3 (Nominal/Unknown Claimants):
All **unknown heirs, successors, assigns, trustees, or other claimants** of interest in real property located at c/o 11937 Fairlie Place, Raleigh, North Carolina [27613].

Defendants.

## **VERIFIED COMPLAINT FOR QUIET TITLE, DECLARATORY JUDGMENT, CONSTRUCTIVE TRUST, AND COMMERCIAL ESTOPPEL**

NOW COMES the Plaintiffs, by special appearance and without granting jurisdiction, appearing in propria persona, and complaining of the above-named Defendants, allege and state as follows:

I.  **PARTIES**

   a. Plaintiff, NOBLE SPRING TR ENTERPRISE, is an irrevocable grantor trust, acting in the capacity of Trust Office for administrative claims and estate interest styled as ©JASON GERALD JEHOREK™ in prior filings. The real property is held in title by Fairlie Pleasant Home Trust, whose authorized office is located at 11937 Fairlie Pl, Raleigh, NC 27613.

   b. Defendant 1: ROCKET MORTGAGE, LLC, a mortgage servicer who never responded in the private administrative process concluded in July 2025, with executive offices at 1050 Woodward Avenue, Detroit, Michigan 48226.

   c. Defendant 2: MERSCORP Holdings, Inc. (MERS), named herein for the first time as a necessary party for title clarification and constructive trust inquiry, with service upon its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

   d. Other unknown defendants may claim an interest in the subject property, but their claims are speculative, unverified, and adverse to Plaintiff's lawful and equitable title.

II. **STATEMENT OF FACTS & TIMELINE OF EVIDENCE**

   a. On May 7, 2025, The Plaintiff lawfully acquired the real property known "BEING all of Lot 251, The Glen at Harrington Grove, Section 1, Tract D-I, Subdivision recorded In Map Book 1989, at Page 1401, Wako County Registry. Deed Book: 015185, Page Number: 01980 – 01983, Tax Map No: 0177230"

Page 2 of 6



## Timeline of Private Administrative Record and Constructive Default

**Package 1:** Private Administrative Settlement & Contract (May 1, 2025)

The administrative filing demanded full disclosure of the origin of funds used to originate the loan, including identification of the funding party, verification of lawful consideration, and disclosure of any subsequent securitization, monetization, or use of the promissory note for profit under secondary market mechanisms. These demands were supported by citations to [15 U.S.C. § 1601], [UCC 3-104, 3-305, 3-501], and the [False Claims Act, 31 U.S.C. § 3729].

- **Served to:** Brian Brown, Chief Financial Officer, Rocket Mortgage, LLC.
- **Settlement Offer:** A lawful offer to settle all obligations in the amount of **$362,061.55** was made and supported with contract terms and affidavits.

  Said offer was declined by estoppel and dishonor through non-response.
- **Penalties & Risk Disclosure:**

  Rocket Mortgage, LLC was **placed on legal notice** that its failure to respond or rebut the affidavit of material fact, contract, and commercial claims may expose it to:
    - **Civil liabilities under [31 U.S.C. § 3729] exceeding $31 million**, including treble damages and per-claim penalties;
    - **Criminal exposure** for willful misrepresentation and concealment under [18 U.S.C. §§ 1001, 1341, 1343], each carrying potential prison terms of **7 to 10 years per count** if prosecuted under federal fraud statutes;
    - Commercial estoppel and summary judgment on the administrative record.

**Package 2:** Enforcement and Demand for Proof (May 19, 2025)

- Reasserted demands for: original wet-ink note, proof of funding, chain of title, and CUSIP disclosure.
- Legal Basis: [15 U.S.C. § 1635] (Right of rescission), [G.S. § 25-3-301] (Person entitled to enforce negotiable instrument).
- Reiterated failure to disclose material terms is a TILA violation and grounds for voiding contract.
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown.**
- An offer to settle all outstanding obligations in the amount of $965,244.48 was presented to Rocket Mortgage, LLC. Said offer was declined by operation of estoppel and commercial silence, as no timely rebuttal or lawful counterclaim was received.

**Package 3:** Final Notice of Non-Response, Dishonor & Commercial Default (June 5, 2025)

- Rocket Mortgage failed to rebut material facts, triggering default.
- Declaration of Constructive Trust and Notice of Dishonor issued.

Case 5:25-cv-00558-D-BM    Document 1-13    Filed 09/05/25    Page 30 of 36



- Legal Basis: [UCC 3-505(b)] (Dishonor by silence), [Restatement (Third) of Property: Mortgages § 6.4], [UCC 1-308] (Reservation of rights).
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown.**

**Package 4: Notice of False Credit Reporting and Fee Enforcement (June 9, 2025)**

- Served notice of continued false reporting to credit bureaus.
- Legal Basis: [15 U.S.C. § 1681s-2] (FCRA), [15 U.S.C. § 1692e] (FDCPA), [UCC 1-305] (Right to enforcement and damages).
- Fee schedule affirmed and doubled under administrative estoppel.
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown.**
    - o **Packages 1, 2, 3 and 4** sent to, **Varun Krishna,** Chief Executive Officer; **Jay Bray,** President & CEO; **Bill Emerson,** President; **Jeff Morganroth,** Chief Legal Officer; **Moe Bazzi,** Servicing Escalation Specialist.

**Package 5: OCC Referral and Constructive Default Public Notice (June 20–25, 2025)**

- Submitted complaint and full record to Office of the Comptroller of the Currency.
- Legal Basis: [12 U.S.C. § 1 et seq.] (OCC supervisory authority), [UCC 9-203(b)] (Attachment and enforceability of security interest).
- Affidavit served upon Rocket Mortgage's executive Officers.
- An offer to settle all outstanding obligations in the amount of $2,651,954.17 was presented to Rocket Mortgage, LLC. Said offer was declined by operation of estoppel and commercial silence, as no timely rebuttal or lawful counterclaim was received.

**Package 6: IRS Whistleblower Report (Form 211) (June 23, 2025)**

- Disclosed Rocket Mortgage's nondisclosure of bond securitization profits and fraudulent servicing practices.
- Legal Basis: [26 U.S.C. § 7623] (IRS Whistleblower provisions), [31 U.S.C. § 3729] (False Claims Act), [UCC 8-102(a)(15)] (Security).
- Final Notice and Unanswered Legal Inquiries (July 21–23, 2025)
- Affidavit served upon Rocket Mortgage's executive Officers.

**Package 7 :** Plaintiff issued legal notice to Rocket Mortgage referencing two contract numbers ▆▆▆▆▆ and ▆▆▆▆▆ and (Consumer Financial Protection Bureau - CFPB Complaint Ref: #250701-21970535 submitted on 07/01/2025) and (CFPB Complaint Ref: 250724-22601517 submitted on 07/24/2025). (July 21 and 23, 2025)

In response to Rocket Mortgage's CFPB notices July 21, 2025 letter expressing confusion regarding the prior administrative filings, a consolidated list of **48 legal and evidentiary questions** was submitted under CFPB Complaint #250701-21970535 and sent via USPS

Page 4 of 6



Certified Mail with return receipt, providing a clear summary of the issues already presented and requiring specific answers.

- o Full proof of loan funding and lawful consideration disclosure.
- o CUSIP and securitization tracing for both 2017 and 2020 transactions.
- o Chain of title documentation and proper accounting reconciliation.
- o Verification of endorsements by Ashley Smith and Eric Ferguson, including proof of authority and employment records.
- o Demand for disclosure of purchase/sale agreements, pooling & servicing agreements, and MERS Milestone Reports.

- Rocket Mortgage failed to rebut any of the questions with sworn affidavits or supporting documentation, constituting dishonor, constructive fraud, and violation of disclosure duties under:
    - o [15 U.S.C. § 1601] – Truth in Lending Act (TILA)
    - o [12 U.S.C. § 2605] – RESPA
    - o [UCC §§ 3-203, 3-401, 9-203]
    - o [18 U.S.C. §§ 1341, 1343, 1344] – Mail/Wire/Bank Fraud

- Based on Rocket Mortgage's failure to cure, the commercial invoice originally issued for $4,471,954.17 was lawfully doubled to $8,943,908.34, with notice that it will double again upon judicial enforcement.

- Package 1 and the final invoice outlined potential civil and criminal liabilities exceeding $31,000,000 and up to 7–10 years in federal prison for fraud, concealment, and unlawful securitization under [31 U.S.C. § 3729] (False Claims Act), [18 U.S.C. § 1344] (Bank Fraud), and related provisions.

- Notice was issued to all relevant executive officers, and the matter was formally placed in public record, published on https://noticeofrecord.org/jason-gerald-family-of-jehorek-estate-99/, and supported by Affidavits of Service and Certified Mail Receipts.

## III.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, through its authorized fiduciary trust office, respectfully prays that this Honorable Court enter judgment as follows:

1. Quiet Title: That title to the real property located at c/o 11937 Fairlie Place, Raleigh, North Carolina [27613] be quieted in favor of Plaintiff and NOBLE SPRING TR ENTERPRISE, d/b/a ©JASON GERALD JEHOREK™, free and clear of any adverse claims by the named Defendants;



2. **Declaratory Judgment:** That the Court declare that ROCKET MORTGAGE, LLC and MERSCORP Holdings, Inc. (MERS) possess no legal, equitable, or beneficial interest in the subject property, nor any enforceable claim upon the same;

3. **Constructive Trust:** That a constructive trust be imposed upon all securitization proceeds or derivative instruments arising from the original promissory note or related mortgage contract(s), in favor of the Plaintiff estate;

4. **Commercial Estoppel:** That the Court recognize commercial estoppel against any further collection activity, foreclosure, or credit reporting by Defendants, based on their dishonor, non-response, and failure to cure under applicable commercial and contract law and the Administrative Procedures Act;

5. **Admission by Silence:** That the Court take judicial notice and enter findings that Defendants failed to respond to 48 enumerated legal questions submitted under CFPB Complaint Ref. #250724-22601517, constituting tacit acquiescence and administrative default;

6. **Damages and Costs:** That Plaintiff be awarded all costs of this action, and that the Court grant further relief as may be deemed just and proper, including but not limited to lawful recognition of Plaintiff's final invoice totaling **$8,943,908.34**, as unrebutted and perfected under commercial law.

## VERIFICATION

i, Jehorek, Jason-Gerald, declare under penalty of perjury under the laws of the United States of America and the laws of the State of North Carolina that the foregoing is true and correct, and that this Verified Complaint is made in good faith.

Date: **1** day of **August**, 2025.

by: _Jehorek, Jason-Gerald_

Jehorek, Jason-Gerald,
Authorized Representative / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
And For: NOBLE SPRING TR ENTERPRISE
And For: JASON GERALD FAMILY OF JEHOREK ESTATE
And For: Fairlie Pleasant Home
All Rights Reserved. Without Prejudice Without Recourse to me.

Case 5:25-cv-00558-D-BM    Document 1-13    Filed 09/05/25    Page 33 of 36

# FINAL COMMERCIAL INVOICE AND NOTICE OF DAMAGES – FOR COURT RECORD
## (Re: Wake County Superior Court Case No. 25CV026697-910)

**DATE:** ~~7/23/2025~~ date 8/4/2025
**INVOICE #:** 1026

**FROM:**
Jehorek, Jason-Gerald, sui juris
Authorized Representative / Grantor / Settlor / Creditor Beneficiary / Principal Creditor
c/o 11937 Fairlie Pl.
Raleigh, North Carolina [27613]

**TO:**
Rocket Mortgage, LLC
Legal Department
1050 Woodward Avenue
Detroit, Michigan 48226

**Reason for Invoice:**

This invoice constitutes a Final Commercial Enforcement Action due to Rocket Mortgage LLC's continued failure to respond, rebut, cure, or settle after receipt of Administrative Packages 1 through 6. These packages included:
   • Verified affidavits of default and dishonor
   • Proof of promissory note securitization and concealment
   • Formal demands for full disclosure, authority verification, and reconveyance
   • Multiple 7-day good-faith opportunities to cure or settle

No lawful response, payment, or rebuttal was received. As a result, and pursuant to the Administrative Fee Schedule terms, the outstanding liability has now doubled per Rocket Mortgage's dishonor, commercial acquiescence, and failure to act in good faith under public and commercial law.

**This action is supported by the following lawful authorities**
   • [15 U.S.C. § 1692e] – Prohibition on false or misleading representations in debt collection
   • [18 U.S.C. §§ 1341, 1343, 1344] – Mail Fraud, Wire Fraud, and Bank Fraud
   • [26 U.S.C. §§ 61, 6045] – Gross income reporting and broker reporting duties
   • [UCC § 1-308] – Reservation of rights without prejudice
   • [Restatement (Third) of Property: Mortgages § 6.4] – Discharge of lien upon satisfaction of the debt

This enforcement total reflects direct damages, commercial injury, false credit reporting harm, administrative labor, and tort claims arising from Rocket Mortgage's nonperformance and misrepresentation.

Payment is due within **7 calendar days** of receipt.

Failure to remit will confirm further commercial dishonor and render the total amount **enforceable in law and equity**, with all rights reserved to pursue commercial lien, private administrative enforcement, court action, and criminal referral as needed.



## FINAL COMMERCIAL INVOICE AND NOTICE OF DAMAGES – FOR COURT RECORD
### (Re: Wake County Superior Court Case No. 25CV026697-910)

**Total Due (After Fee Doubling): $8,943,908.34 & will Double again if not cured.**

| DATE | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|---|---|---|---|
| 2017 | Monetized Original Quicken Loan Promissory Note | $236,800.00 | $236,800.00 |
| 2020 | Monetized Rocket Mortgage Promissory Note | $232,200.00 | $232,200.00 |
| 2017–2025 | Mortgage Payments (verified from amortization schedule) | $134,328.96 | $134,328.96 |
| 2017–2025 | Servicing Premiums and Fees (estimated) | $13,136.25 | $13,136.25 |
| 2025 | Penalties from Package 1,2 and 3 (Administrative Fee Schedule) | $1,930,488.96 | $1,930,488.96 |
| 2025 | Penalties from Package 4 ($17,500 x 6 Officers) | $105,000.00 | $105,000.00 |
| 2025 | Additional Damages from Rocket Mortgage letter (Exhibit H) (commercial, tort, emotional, administrative harm) | $1,820,000.00 | $1,820,000.00 |
| 2025 | Previous Invoice date 6-26-25 | $4,471,954.17 | $4,471,954.17 |
| **REFERENCE: CASE NO. 25CV026697-910 – INVOICE #1026 – FINAL COMMERCIAL DEMAND** | | | $8,943,908.34 |
| **TOTAL DUE** | | | $8,943,908.34 |

The settlement may be made via certified funds, cashier's check, or money order, **payable to Jason Jehorek**, and delivered to the address listed above. No third-party endorsements or restricted instruments will be accepted. Funds must be drawn from a federally insured financial institution and must include a memo referencing this matter.

This Invoice is submitted in conjunction with the Verified Complaint filed August 1, 2025, in Wake County Superior Court as part of the claim for damages, estoppel, and trust enforcement under Case No. 25CV026697-910.

Seal:



**Jehorek, Jason-Gerald**
Authorized Representative / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
**And For:** ©JASON GERALD FAMILY OF JEHOREK ESTATE
**And For:** NOBLE SPRING TR ENTERPRISE
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]
Without Prejudice [UCC 1-308] – All Rights Reserved

Case 5:25-cv-00558-D-BM    Document 1-13    Filed 09/05/25    Page 35 of 36

Jchorch
11937 Fairlie PL
Raleigh NC [27613]

Rocket Mortgage LLC
Att: Legal Department
1050 Woodward Avenue
Detroit MI 48226

CERTIFIED MAIL

9589 0710 5270 0072 9352 52
9589 0710 5270 0072 9352 52

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To
Rocket Mortgage LLC

Street and Apt. No., or PO Box No.
1050 Woodward AV

City, State, ZIP+4®
Detroit MI 48226

Postmark
Here

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

☐ Complete items 1, 2, and 3.
☐ Print your name and address on the reverse so that we can return the card to you.
☐ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

Rocket Mortgage LLC
Att Legal Department
1050 Woodward Avenue
Detroit MI 48226

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

9590 9402 9472 5069 7046 72

2. Article Number (Transfer from service label)
9589 0710 5270 0072 9352 52

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt