**Jason-Gerald Jehorek,**
Plaintiff,

v.

**ROCKET MORTGAGE, LLC,**
Defendant.

**Case No.: 5:25-CV-00558-D**

---

## SECOND AMENDED COMPLAINT

*(Filed After Reopening; Supersedes All Prior Complaints)*

---

## I. INTRODUCTION

1. This action arises from Defendant Rocket Mortgage, LLC's servicing, enforcement, and collection conduct relating to two residential mortgage loans serviced by Defendant and associated with Plaintiff's property located at **11937 Fairlie Place, Raleigh, North Carolina**.

2. The loans at issue are:
   - **Loan No. XXXXXX3042**, originated in **2017**; and
   - **Loan No. XXXXXX2222**, originated in **2020**.

3. Plaintiff alleges that Defendant engaged in repeated failures to respond to statutory requests, misrepresented creditor identity and enforcement authority, failed to honor lawful tender and payment-in-full disputes, and continued servicing and enforcement activity after notice and after the security instrument was satisfied of record.

4. Plaintiff created a continuous administrative and evidentiary record between **May 1, 2025 and the present**, consisting of sworn notices, Qualified Written Requests, Notices of Error, lawful tender documentation, affidavits, invoices, agency correspondence, and regulatory filings, all of which provided Defendant with notice and opportunity to cure.

---

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331**, as this action arises under the laws of the United States, including but not limited to claims brought under **Public Law [93-533] (Real Estate Settlement Procedures Act), codified at 12 U.S.C. § 2605; Public Law [90-321] (Truth in Lending Act), codified at 15 U.S.C. §§ 1601–1641; Public Law [91-508] (Fair Credit Reporting Act), codified at 15 U.S.C. § 1681s-2; and Public Law [65-65] (Sherman Antitrust Act), codified at 15 U.S.C. § 1.**

6. This Court has supplemental jurisdiction over Plaintiff's related state-law and equitable claims pursuant to **28 U.S.C. § 1367**.

7. Venue is proper in this District pursuant to **28 U.S.C. § 1391**, as the subject property is located within this District and Defendant conducts substantial business activities herein.

## III. PARTIES

8. Plaintiff Jason-Gerald Jehorek is a natural person appearing pro se and is the real party in interest pursuant to Fed. R. Civ. P. 17(a)(1). Plaintiff is the borrower, obligor, and party against whom Defendant Rocket Mortgage, LLC asserted servicing, collection, enforcement, and reporting activity in connection with the subject mortgage loans.

   To the extent any trust, estate, or fiduciary arrangement is referenced herein, such references are pleaded solely as background facts establishing the nature of the transactions and Defendant's asserted authority, and not as an attempt to assert claims on behalf of any separate legal entity. Plaintiff alone seeks relief for injuries personally suffered as a result of Defendant's conduct.

9. **Defendant** Rocket Mortgage, LLC is a mortgage servicer and lender conducting business nationwide, including within the State of North Carolina.

## IV. LOANS AT ISSUE

### A. 2017 Loan – Loan No. XXXXXX3042

10. In or about **2017**, Plaintiff entered into a residential mortgage loan identified as Loan No. XXXXXX3042.

11. Defendant subsequently asserted servicing and enforcement authority over this loan, including representations regarding securitization, endorsement, and creditor identity.

### B. 2020 Loan – Loan No. XXXXXX2222

12. In or about **2020**, Plaintiff entered into a refinanced residential mortgage loan identified as Loan No. XXXXXX2222.

13. Defendant acted as servicer and asserted enforcement authority with respect to this loan, including accounting, default assertions, and credit reporting activity.

## V. ADMINISTRATIVE RECORD (PACKAGES 1–14 & Exhibits 21 to 24 QWR & NOE)

14. From **May 1, 2025 through the present**, Plaintiff created and served a continuous administrative record consisting of **Packages 1 through 14 & Exhibits 21 to 24 QWR & NOE**, including sworn affidavits, Qualified Written Requests (QWRs), Notices of Error (NOEs), lawful tender and payment-in-full documentation, invoices, non-rebuttal notices, agency correspondence, and regulatory filings.

15. These materials provided Defendant with repeated notice, opportunity to cure, and documentation of the issues alleged herein.

## VI. FACTUAL BACKGROUND

16. Plaintiff repeatedly requested verification of creditor identity, authority to enforce, complete accounting, and tender status.

17. Plaintiff tendered payment and asserted payment-in-full disputes supported by documentation.

18. Defendant failed to cure errors, failed to substantively respond, and continued servicing and enforcement conduct.

19. A **Satisfaction of Security Instrument** was recorded with the **Wake County Register of Deeds**, terminating the security instrument of record.

20. Defendant nevertheless continued servicing activity and correspondence without lawful rescission or reinstatement.

## VII. ALLEGATIONS

From **May 1, 2025 through the present**, Plaintiff created and served a continuous administrative record consisting of **Exhibits / Packages 1 through 14**, including sworn affidavits, Qualified Written Requests, Notices of Error, lawful tender and payment-in-full documentation, invoices, non-rebuttal notices, agency correspondence, and regulatory filings, all of which provided Defendant with repeated notice, opportunity to cure, and documentation of the issues alleged herein.

**Allegation 1 – Failure to Properly Respond to Qualified Written Requests and Notices of Error**

21. As documented in the Administrative Record (Packages 1–14 & Exhibits 21 to 24 QWR & NOE), Plaintiff served a series of Qualified Written Requests (QWRs), Notices of Error, sworn affidavits, and related administrative notices upon Rocket Mortgage concerning creditor identity, authority to enforce, accounting accuracy, and tender/payment-in-full status.

22. Rocket Mortgage failed to provide a complete and accurate accounting, failed to identify any party with lawful enforcement authority, and failed to accept, reject with lawful justification, or otherwise address Plaintiff's payment-in-full tender.

23. After Defendant failed to cure or substantively respond to these errors, Plaintiff escalated the servicing violations to state and federal regulators, including the North Carolina Office of the Commissioner of Banks and the Office of the Comptroller of the Currency.

24. Such conduct constitutes violations of the Real Estate Settlement Procedures Act, **Public Law [93-533]**, codified at 12 U.S.C. § 2605, and Regulation X, 12 C.F.R. §§ 1024.35–1024.36.

**Exhibits:**

- **Packages 1–14** – Administrative Record (QWRs, Notices of Error, affidavits, tender documentation, and non-rebuttal notices)
- **Exhibits 21–24** – Qualified Written Requests and Notices of Error
- **Exhibit 26** – Rocket Mortgage Post-Notice Servicing and Default Correspondence (May–November 2025)
- **Packages 2, 6, 7, 8, 11, and 14** – Documented responses and non-responses
- **Exhibit 15** – North Carolina Office of the Commissioner of Banks Complaint (File No. 2025-0546)
- **Exhibit 16** – Office of the Comptroller of the Currency Complaint and Correspondence

**Allegation 2 – Failure to Honor Lawful Tender and Payment-in-Full Dispute**

25. On or about July 2025, Plaintiff tendered lawful payment in connection with the alleged mortgage obligation, including submission of a **money order** and a formal written demand for application and accounting, as part of a Qualified Written Request ("QWR") served on Rocket Mortgage.

26. The tendered money order constitutes a **monetary instrument and lawful tender** within the meaning of **Public Law [97-258] (Sept. 13, 1982)**, codified at **31 U.S.C. §§ 5103 (legal tender), 3123 (payment of obligations), 5312(a)(3)(B) (monetary instruments), and 9301(2) (government obligations).**

Case 5:25-cv-00558-D-BM     Document 11-2     Filed 01/27/26     Page 4 of 13

27. Upon receipt of lawful tender and written demand, Rocket Mortgage was required to **accept the payment, reject it with lawful justification, or provide a timely and accurate accounting**.

28. Rocket Mortgage failed to accept the tender, failed to reject it with lawful justification, and failed to properly apply, return, or account for the payment, while continuing to assert an unpaid balance and enforcement authority.

29. In addition to tender, Plaintiff filed **IRS Forms 1099-A and 1099-B** documenting the disputed acquisition, disposition, and reporting status of the alleged debt interest, and provided notice of such filings to Rocket Mortgage as further evidence of dispute and asserted satisfaction from Plaintiff's perspective.

30. Despite receipt of lawful tender, tax reporting notices, and sworn affidavits, Rocket Mortgage continued servicing activity, correspondence, and enforcement assertions **without curing the dispute or providing a lawful accounting**.

31. Such conduct constitutes **bad-faith servicing** and violations of **Public Law [97-258]**, together with **Public Law [93-533]** (RESPA), codified at 12 U.S.C. § 2605, and **Public Law [90-321]** (TILA), codified at 15 U.S.C. §§ 1601–1641, as further supported by the Administrative Record.

32. Following Defendant's failure to cure after notice, Plaintiff escalated the matter to the **Internal Revenue Service – Whistleblower Office**, reporting the continued assertion of a disputed or allegedly satisfied obligation after tender and tax reporting.

**Exhibits:**
- **Exhibit 1 / Package 1** – IRS Forms 1099-A and 1099-B; Proof of Service
- **Exhibit 2 / Package 2** – Invoice and Tender Evidence
- **Exhibit 21** - QWR with Money Order
- **Exhibit 5 / Package 5** – IRS Whistleblower Office Submission (06/23/2025)
- **Exhibit 6 / Package 6** – Affidavit of Non-Rebuttal and Notice of Dishonor (06/25/2025)
- **Exhibit 12 / Package 12** – Conditional Acceptance / Opportunity to Cure (08/22/2025)

---

**Allegation 3 – Misrepresentation of Creditor Identity and Authority to Enforce**

33. Beginning in or about October–November 2025, Rocket Mortgage asserted ongoing servicing and enforcement authority over the subject mortgage loans, including Loan No. XXXXXX2222, while failing to produce evidence of possession, custody, or lawful control of the original, executed promissory notes, despite repeated written requests and sworn notices.

34. Rocket Mortgage identified a Fannie Mae mortgage-backed securities trust as the purported investor, yet refused to provide custodial documentation, pooling and servicing agreement excerpts, or evidence establishing agency authority to enforce the notes on behalf of any lawful creditor.

35. During a recorded call on November 4, 2025, Rocket Mortgage representatives were unable to identify the party with decision-making authority, the custodian of the original notes, or any principal authorizing Rocket Mortgage to reject tender or continue enforcement.

36. Despite these unresolved deficiencies, Rocket Mortgage continued to assert loan validity, servicing authority, and enforcement posture through written correspondence and default notices.

37. Such conduct constitutes misrepresentation of creditor identity, ownership, and authority to enforce.

38. This conduct violates **Public Law [90-321]** 15 U.S.C. § 1641 (Truth in Lending Act – disclosure of creditor ownership and servicing authority) and **Public Law [91-508]** 15 U.S.C. § 1681s-2 (Fair Credit Reporting Act – duty to furnish accurate information regarding the status and ownership of a debt).

**Exhibits:**

- **Exhibit 8 / Package 8** – CFPB Correspondence and Servicer Position Statements
- **Exhibit 26** – Rocket Mortgage Post-Notice Servicing and Default Correspondence (May–November 2025)
- **Exhibit 10 / Package 10** – Notice of Dishonor to MERSCORP (08/21/2025)
- **Exhibit 25** – Phone Call Recording & Transcript (11/04/2025)

---

**Allegation 4 – Unauthorized Endorsement, Execution, and Post-Satisfaction Conduct (Loan No. XXXXXX3042),**

39. The promissory note and related securitization instruments for Loan No. XXXXXX3042 reflect endorsement and execution by **Ashley Smith**, identified as "**Capture Manager**," acting in a representative capacity on behalf of Rocket Mortgage or its predecessor.

40. Plaintiff demanded sworn proof of authority, agency, and capacity for **Ashley Smith** to endorse negotiable instruments and transfer enforcement rights, including production of any power of attorney, corporate resolution, trustee authorization, or delegation of authority.

41. Rocket Mortgage failed to produce competent evidence establishing lawful endorsement authority, valid chain of title, or delivery sufficient to confer enforcement rights.

42. Rocket Mortgage further failed to clarify whether the **"Without Recourse"** endorsement constituted a divestment of legal and equitable interest, while continuing to assert servicing and enforcement authority inconsistent with such endorsement.

43. Defendant failed to produce competent evidence establishing that individuals executing, endorsing, servicing, or enforcing the subject instruments were duly authorized, bonded, or otherwise empowered to act in such capacities, despite sworn administrative demands for proof of authority.

44. Plaintiff does not allege affirmatively that such bonding did not exist, but alleges that Defendant failed to produce any evidence of bonding or authorization after sworn demand, despite reliance on such authority.

45. Defendant's failure to produce such evidence, particularly following record satisfaction of the security instrument, undermines Defendant's claimed fiduciary, servicing, and enforcement authority and supports Plaintiff's challenge to execution validity, agency authority, and post-satisfaction conduct.

46. Such conduct violates **Public Law [97-258]** § 9301(2) (Government Obligations / Evidence of Indebtedness), UCC §§ 3-301, 3-203(b), 3-401, and 3-402(b)(1) (Person Entitled to Enforce; Transfer; Authorized Signature), as well as disclosure and servicing duties under 15 U.S.C. § 1641 (TILA) and 12 U.S.C. § 2605 (RESPA).

47. As detailed in Exhibit 14, Rocket Mortgage's refusal to provide sworn disclosures regarding endorsement authority, securitization, custodial control, and execution of lien satisfactions constitutes willful non-disclosure and regulatory non-compliance, warranting administrative and judicial relief.

## Exhibits:

- **Exhibit 2 / Package 2** – Securitization and Endorsement Evidence
- **Exhibit 9 / Package 9** – MERSCORP Civil Summons (08/04/2025)
- **Exhibit 13 / Package 13** – Summons to MERSCORP and Holding Entities (09/03/2025)
- **Exhibit 14 / Package 14** – CFPB Response and Demand for Sworn Disclosure (07/23/2025)
- **Exhibit 18** - Business Service Bond (Authority and Capacity Evidence)
- **Exhibit 25** - Recorded Satisfaction of Security Instrument (Wake County ROD, Loan No. XXXXXX2222)

Case 5:25-cv-00558-D-BM     Document 11-2     Filed 01/27/26     Page 7 of 13

**Allegation 5 – Continued Servicing After Satisfaction of Security Instrument**

48. After notice and administrative cure periods, the Security Instrument securing Loan No. XXXXXX2222 was satisfied and terminated of record with the Wake County Register of Deeds.

49. Notwithstanding the recorded satisfaction, Rocket Mortgage continued servicing activity, correspondence, and assertions of enforcement authority without lawful reinstatement, rescission, or recorded basis.

50. Such post-satisfaction conduct constitutes unlawful servicing, misrepresentation of account status, and furnishing of inaccurate information, in violation of **Public Law [93-533]** (RESPA), codified at 12 U.S.C. § 2605 and Regulation X (12 C.F.R. §§ 1024.35–1024.36), 15 U.S.C. § 1681s-2 (Fair Credit Reporting Act), and North Carolina recording and satisfaction statutes, N.C. Gen. Stat. §§ 45-36.10 through 45-36.12.

**Exhibits:**

- **Exhibit 17** – Recorded Satisfaction of Security Instrument (Wake County Register of Deeds, Doc. No. 2026005228)
- **Exhibit 14 / Package 14** – Response to CFPB Complaint (post-satisfaction assertions and refusal to cure)

---

**Allegation 6 – Concerted Action and Anticompetitive Coordination**
**(Sherman Act – Preserved Civil Claim)**

51. Upon information and belief, Rocket Mortgage acted in concert with third-party entities, including securitization participants, electronic registry operators, custodians, and investors, in connection with the origination, transfer, servicing, and enforcement of residential mortgage loans, including Loan No. XXXXXX3042 (2017) and Loan No. XXXXXX2222 (2020).

52. Such concerted conduct included coordinated reliance on electronic registry entries in lieu of demonstrable chain-of-title documentation, refusal to disclose custodial possession or control of negotiable instruments, obscuring of creditor identity, and continued servicing and enforcement activity despite unresolved disputes regarding authority and satisfaction.

53. The practices described were not isolated to Plaintiff, but reflect standardized servicing and enforcement methods employed within the residential mortgage servicing and enforcement market, resulting in reduced transparency, impaired borrower remedies, and continued assertion of control absent verified authority.

54. This coordinated conduct constitutes an unreasonable restraint of trade and commerce in the market for residential mortgage servicing and enforcement, in violation of **Public Law [51-647]** (1890) 15 U.S.C. § 1 — Restraint of Trade, by foreclosing meaningful verification, inhibiting lawful challenge or discharge of obligations, and insulating participants from competitive accountability.

55. To the extent Rocket Mortgage possessed or exercised unilateral power to continue servicing and enforcement activity absent lawful authority or documentation, such conduct further constitutes attempted monopolization of mortgage servicing and enforcement functions, in violation of 15 U.S.C. § 2 - Monopolization / Attempted Monopolization.

56. Plaintiff asserts this allegation solely for civil relief, including declaratory and injunctive relief, restitution, and damages authorized by law. No criminal prosecution or criminal penalty is asserted or sought.

Such conduct violates the Sherman Antitrust Act, **Public Law [51-647],** codified at 15 U.S.C. §§ 1–2, and is actionable through the Clayton Act, **Public Law [63-212],** 15 U.S.C. §§ 15 and 26.

**Exhibits:**
- **Packages 1–14** – Administrative Record (QWRs, Notices of Error, affidavits, non-rebuttal notices, and agency correspondence)
- **Exhibit 2 / Package 2** – Securitization and Custodial Evidence
- **Exhibit 8 / Package 8** – CFPB Correspondence
- **Exhibits 9 & 13 / Packages 9 & 13** – MERSCORP Summons and Related Notices
- **Exhibit 25** – Phone Call Recording & Transcript (11/04/2025)

**Allegation 7 – Coercive and Abusive Conduct After Notice**

57. After receipt of Plaintiff's written dispute, lawful tender, and Cease and Desist notice dated July 1, 2025, Rocket Mortgage continued collection activity, servicing correspondence, and enforcement communications relating to the alleged mortgage obligation.

58. Such conduct included continued demands, default notices, and enforcement assertions issued despite unresolved disputes concerning creditor identity, authority to enforce, and satisfaction of the obligation.

59. Rocket Mortgage's continued conduct after notice constitutes coercive and abusive practices undertaken to compel performance on a disputed obligation, asserted here solely for civil and equitable relief under **Public Law [106-386],** including 18 U.S.C. § 1589 (coercion in connection with debt-related conduct), as incorporated into civil remedies.

60. Plaintiff does not assert any criminal claim under this allegation, but alleges that Defendant's conduct after notice supports claims for declaratory relief, injunctive relief, restitution, and other equitable remedies authorized by law.

**Exhibits:**

- **Exhibit 3 / Package 3** – Final Notice of Default and Affidavit of Dishonor (06/05/2025)
- **Exhibit 25** – Phone Call Recording & Transcript (11/04/2025)
- **Exhibit 26** – Post-Notice Servicing and Default Correspondence

---

### Allegation 8 – Failure to Cure After Notice; Administrative Default

61. Rocket Mortgage failed to timely rebut, cure, or substantively respond to sworn affidavits, notices, and invoices served upon it within the response periods stated therein and required by applicable law.

62. Such failure constitutes evidentiary non-response and administrative default for purposes of notice, waiver, and equitable relief, supporting Plaintiff's requests for accounting, declaratory relief, and damages.

63. Defendant failed to timely rebut or cure the Affidavit of Non-Rebuttal and Notice of Dishonor dated June 25, 2025 (Package 6), as well as subsequent sworn notices, allowing the stated response deadlines to expire without any substantive response.

Such failures further evidence Defendant's violation of its statutory duties under **Public Law [93-533]** (RESPA), 12 U.S.C. § 2605, and related disclosure and accuracy obligations under 15 U.S.C. §§ 1601–1641 and 15 U.S.C. § 1681s-2, following repeated notice and opportunity to cure.

**Exhibits:**

- Exhibits / Packages 1–14 – Administrative Record
- Exhibit 6 / Package 6 – Affidavit of Non-Rebuttal and Notice of Dishonor (06/25/2025)
- Exhibit 15 – North Carolina Office of the Commissioner of Banks Complaint (File No. 2025-0546)

---

### Allegation 9 – Disregard of Cease-and-Desist Notice and Continued Coercive Enforcement

64. On or about July 1, 2025, Plaintiff caused a formal Cease and Desist Letter to be issued and delivered to Rocket Mortgage and its agents, demanding immediate cessation of enforcement, collection, and litigation activity absent proof of lawful authority.

65. The Cease and Desist Letter provided express notice that continued enforcement activity without verified authority would constitute coercive and abusive conduct prohibited under

federal law, including the prohibitions against coercion and forced labor set forth in **Public Law [106-386]** and 18 U.S.C. § 1589, asserted here for civil and equitable relief only.

66. Despite receipt of this notice, Rocket Mortgage and its agents failed to rebut the allegations, failed to cure the identified defects, and continued enforcement activity and litigation conduct after notice.

67. Such post-notice conduct constitutes knowing continuation of coercive and abusive practices after withdrawal of consent, supporting civil liability and equitable relief under **Public Law [106-386]** 18 U.S.C. § 1595 and related doctrines governing notice, bad faith, and abuse of process.

**Exhibits:**
- **Package 3** – Cease and Desist + Dishonor
- **Package 6** – Non-Rebuttal (constructive continuation after notice)
- **Package 8** – CFPB correspondence reinforcing notice
- **Package 12** – Conditional Acceptance / non-consent
- **Package 11** – Civil Summons / continued enforcement
- **Exhibit 19** – Federal removal filings

---

**Allegation 10 – Administrative Damages and Fee Schedule**

68. As a direct and proximate result of Defendant's conduct described in Allegations 1–9, Plaintiff incurred substantial administrative burden, loss of time, and out-of-pocket expense in preparing, serving, tracking, and enforcing multiple sworn notices, Qualified Written Requests (QWRs), Notices of Error (NOEs), affidavits, agency complaints, and recording instruments.

69. On or about January 2026, after repeated notice and failure to cure, Plaintiff issued a Notice of Administrative Damages and Fee Schedule, quantifying reasonable liquidated administrative damages based on the duration, escalation, and severity of Defendant's documented violations.

70. The Notice establishes **$355,000** in reasonable administrative damages attributable to Rocket Mortgage's conduct in connection with **Loan No. XXXXXX3042 (2017)** and **Loan No. XXXXXX2222 (2020)**, as supported by the Administrative Record (Packages 1–14), recorded satisfaction documentation, and Defendant's post-notice conduct.

71. This allegation is asserted for **civil and administrative damages, declaratory relief, and equitable remedies only**, and does not seek criminal penalties.

Defendant's conduct supports civil and equitable relief under **Public Law [93-533]** (RESPA), codified at 12 U.S.C. § 2605(f); **Public Law [90-321]** (TILA), codified at 15 U.S.C. § 1640(a); **and Public Law [91-508]** (FCRA), codified at 15 U.S.C. §§ 1681n–1681o, together with the Court's authority to

award equitable accounting and appropriate relief pursuant to **Fed. R. Civ. P. 8(a)(3) and 54(c)** and applicable common-law principles.

**Exhibits:**
- **Exhibit 27** – Table of Statutory Violations
- **Exhibit 28** – Ledger / Summary of Administrative Damages
- **Cross-Reference:** Administrative Record (Packages 1–14);
- **Exhibit 17** - Recorded Satisfaction of Security Instrument (Wake County ROD)

All statutory references are asserted **for civil liability, administrative damages, declaratory relief, and equitable remedies only**, not for criminal prosecution.

---

## VIII. STATUTORY VIOLATIONS INCORPORATED

72. Plaintiff incorporates by reference the **Table of Statutory Violations** filed as **Exhibit 27**, which identifies the federal statutes and public laws violated by Defendant's conduct as alleged herein, including but not limited to **Public Law [93-533] (Real Estate Settlement Procedures Act), Public Law [90-321] (Truth in Lending Act), Public Law [91-508] (Fair Credit Reporting Act), and Public Law [65-65] (Sherman Antitrust Act)**, together with their corresponding codified provisions.

73. The violations summarized in **Exhibit 27 - Table of Statutory Violations** are supported by the Administrative Record (Packages 1–14 & Exhibts 21 to 24 QWR & NOE) and form the statutory basis for Plaintiff's claims for damages, declaratory relief, injunctive relief, and equitable remedies as set forth below.

---

## IX. DAMAGES

74. As a direct and proximate result of Defendant's conduct described herein, Plaintiff incurred substantial **administrative, financial, and legal harm**, including but not limited to time loss, compliance costs, improper servicing activity, and continued exposure following notice and recorded satisfaction.

75. Plaintiff seeks recovery of **actual and administrative damages** authorized under **Public Law [93-533] (RESPA), codified at 12 U.S.C. § 2605(f); Public Law [90-321] (TILA), codified at 15 U.S.C. § 1640(a); and Public Law [91-508] (FCRA), codified at 15 U.S.C. §§ 1681n–1681o**, together with civil relief preserved under the Sherman Act, **Public Law [65-65]**, **codified at 15 U.S.C. §§ 1–2**, as previously alleged.

Case 5:25-cv-00558-D-BM     Document 11-2     Filed 01/27/26     Page 12 of 13

76. Plaintiff's damages are **summarized and itemized** in the **Exhibit 28 - Ledger – Summary of Administrative Damages**, totaling **$31,403,265.25**, calculated conservatively to avoid double-counting and supported by the Administrative Record (Packages 1–14 & Exhibts 21 to 24 QWR & NOE).

77. Plaintiff further seeks **declaratory and injunctive relief** pursuant to **28 U.S.C. §§ 2201–2202** and **Fed. R. Civ. P. 8(a)(3) and 54(c)**, including relief necessary to prevent continued unlawful servicing, misrepresentation, and enforcement activity.

**Exhibit:**

- **Exhibit 28** – Ledger / Summary of Administrative Damages

## X. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

     a. Declare Defendant's conduct unlawful;
     b. Enjoin further servicing and enforcement misconduct;
     c. Award statutory, actual, and administrative damages;
     d. Award costs and fees as permitted by law;
     e. Grant such other relief as the Court deems just.

## XI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Jason-Gerald Jehorek
Plaintiff, Pro Se
11937 Fairlie Place
Raleigh, North Carolina 27613
(919) 278-8828
Jason.Jehorek@protonmail.com