# EXHIBIT - 8

# EXHIBIT 8

**PACKAGE 8 – CFPB Complaint Response, Final Notice to Cure & Invoice**

**Recipient:** Rocket Mortgage LLC
**CFPB Complaint Response,** Final Notice to Cure & Invoice
**CFPB Reference:** #250701-21970535
**Date Sent:** July 23,2025
**Service:** USPS Certified / Priority Mail
**USPS Tracking No.** RF 414 199 168 US (Registered Mail)

## CLAIM ASSERTED

Rocket Mortgage failed to lawfully respond to a CFPB complaint and prior administrative demands by refusing to provide sworn verification of creditor identity, servicing authority, securitization details, and consideration, while continuing to issue billing statements—thereby remaining in administrative default and dishonor and becoming liable for escalated administrative damages.

- Serves as **evidentiary response** to CFPB Complaint #250701-21970535.
- Formally escalates the matter to **CFPB enforcement review**.
- Issues a **final administrative demand** with a date-certain cure period.
- Preserves record for **judicial enforcement and declaratory relief.**

EXHIBIT - 8



# Package 8

# CFPB 250701 - 21970535 Legal Notice & Invoice Response to Rocket Mortgage Letter on 7-24-25

EXHIBIT - 8



# SUMMARY OF NON-RESPONSE AND FINAL OFFER TO CURE

Rocket Mortgage
Capture Team
635 Woodward Ave.
Detroit, MI 48226

**In the Matter of Rocket Mortgage LLC –**
**Contract No.(s).** ████████3042 and ████████2222
**CFPB Complaint Ref: #250701-21970535**

July 23, 2025

Dear Rocket Mortgage:

"Legal Notice and Demand – Private Administrative Record (Response to July 21, 2025 Letter) – Time Sensitive"

Rocket Mortgage LLC has failed to respond to six formal administrative packages delivered between May and July 2025, which lawfully demanded commercial disclosure, contract validation, and lawful consideration verification. These packages included verified affidavits, contract re-affirmation notices, security instrument disclosures, and properly noticed invoices—each afforded 7–10 days for cure. No substantive answers were received.

In reply to CFPB Complaint #250701-21970535, Rocket Mortgage merely returned a standard mortgage billing statement, disregarding over 48 specific legal questions and fiduciary obligations raised under public law. Their response fails to address securitization, funding source, chain of title, CUSIP disclosure, or the authority of their agents. Instead, their response indicates confusion or willful evasion.

To avoid immediate escalation to litigation, the Estate has simplified all outstanding issues into 48 direct, itemized questions—each grounded in controlling public law, including [15 U.S.C. § 1601] (TILA), [12 U.S.C. § 2605] (RESPA), [UCC Articles 3 and 9], and [Restatement of Property § 6.4]. These questions will now be submitted in a new Consumer Financial Protection Bureau (CFPB) complaint. Rocket Mortgage is granted a final opportunity to cure by providing full and complete responses within seven (7) calendar days of receipt. Failure to respond will result in escalation, including public record filing and civil litigation.

This notice constitutes your final opportunity to cure. Due to continued nonperformance and failure to cure the original dishonor, the outstanding invoice of $4,471,954.17 has now lawfully doubled to $8,943,908.34 pursuant to the Administrative Fee Schedule and principles of commercial estoppel. Should judicial enforcement become necessary, this claim will automatically double again upon formal court filing.

Respectfully,

Seal:



By: _Jehorek, Jason-Gerald_

Jehorek, Jason-Gerald
Authorized Representative / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
and for: JASON GERALD FAMILY OF JEHOREK ESTATE
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]
Without Prejudice [UCC 1-308] – All Rights Reserved

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

**Rocket Mortgage must respond under oath to each question below. Failure to do so constitutes non-compliance with TILA, RESPA, and UDAAP obligations**

This formal submission serves as an evidentiary response to Rocket Mortgage's claims and evasive replies regarding **CFPB Complaint #250701-21970535**. It supplements the previously submitted administrative record and compels the Bureau to demand full compliance by Rocket Mortgage with their lawful duties as a mortgage servicer and regulated financial entity.

The following questions arise from multiple unanswered administrative demands, culminating in six formal notices issued between **May 1 and June 23, 2025**, which Rocket Mortgage failed to rebut with lawful evidence or sworn affidavits. These matters are now materially relevant to the enforcement of the Consumer Financial Protection Act and related statutes.

## ALL QUESTIONS BELOW REQUIRE SPECIFIC, SWORN DISCLOSURE

Rocket Mortgage must respond fully and directly to each enumerated question in this filing. Each demand must be met **without omission, delay, redirection, or evasion**, and must be supported by **documentary proof and sworn affidavit**, as required under federal law and servicing compliance frameworks. These disclosures are not discretionary—they are binding obligations under public law, which include:

---

## Governing Authorities Requiring Disclosure

- **[15 U.S.C. § 1601 et seq.]** – *Truth in Lending Act (TILA)*
  Requires full disclosure of credit terms, identity of creditors, finance charges, and assignment of instruments.

- **[12 C.F.R. § 1026.39]** – *Mortgage Transfer Disclosure Rule*
  Requires servicers to disclose transfers of mortgage loans, including identification of current holders.

- **[12 U.S.C. § 2605(e)]** – *Real Estate Settlement Procedures Act (RESPA)*
  Requires servicers to respond to Qualified Written Requests and provide account and transfer history.

- **[UCC §§ 3-203(b), 3-301, 3-415]** – *Uniform Commercial Code*
  Governs negotiation, transfer, enforcement, and rights of holders-in-due-course related to promissory instruments.

- **[12 U.S.C. § 5531]** – *Unfair, Deceptive, or Abusive Acts or Practices (UDAAP)*
  Prohibits any acts that mislead, withhold material information, or create unreasonable consumer disadvantage.

Page 1 of 8

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

- **[31 U.S.C. § 5318(b)(2)]** – *Bank Secrecy Act (BSA)*
  Mandates financial institutions to maintain audit trails and transparency in transactions.

---

**Notice of Material Risk, Standing, and Dishonor**

Rocket Mortgage's failure to respond lawfully to previous administrative demands— particularly regarding securitization, funding origin, lawful consideration, and title chain— now constitutes **constructive fraud** and **willful dishonor on the public record**. The undersigned has established standing as **Creditor Beneficiary and Authorized Representative** of the estate, and the questions presented here are based on verifiable contract, public record filings, and Rocket Mortgage's continued commercial conduct.

The Bureau is respectfully requested to compel Rocket Mortgage to issue complete answers and provide full transparency regarding securitization trails, CUSIP disclosure, title chain, authority of agents, and origin of consideration in the 2017 and 2020 mortgage transactions.

## Questions:

Q1) Where did Rocket Mortgage (formerly Quicken Loans) obtain the funds to originate and refinance the mortgage loans dated April 2017 and December 2020, and what lawful consideration was tendered by the lender at closing?

Q2) Was this money borrowed from another lender, created through a warehouse line, or generated through any investor-backed facility like Fannie Mae or Ginnie Mae?

Q3) Who funded the loan, and where is the proof of value exchanged at the time of closing?

Q4) Please provide documentation of the accounting trail or bank transaction that supports the loan's origination.

Q5) If the loan was sold or securitized into a Fannie Mae investment pool, what capital was truly at risk?

Q6) Where did the capital originate to fund these obligations if the loans were sold into Fannie Mae investment pools, and what accounting trail under [15 U.S.C. § 1635], [12 U.S.C. § 2605], [TILA Regulation Z], and [31 U.S.C. § 5318(b)(2)] exists to prove lawful value exchange and risk retention?

Q7) Under the Truth in Lending Act [15 U.S.C. § 1601 et seq.] and the Real Estate Settlement Procedures Act [12 U.S.C. § 2601 et seq.], Rocket Mortgage must disclose the source of funds and any third-party investor relationships (including warehouse lines or credit creation via MERS or Ginnie Mae/Fannie Mae conduits).

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

Q8) Whose signature was used to monetize or securitize the original promissory note(s) tied to the property located at Mail Location on Record, North Carolina [ZIP CODE], and on what authority was that signature utilized to create a negotiable instrument?

Q9) Was the private man known as Authorized Representative Jehorek, Jason-Gerald properly informed or lawfully disclosed the identity of the creditor who received or held the consideration at the time the funds were originated?

Q10) Did the signatory named on the promissory note represent the estate, a third-party creditor, or a principal on behalf of another undisclosed trust, REIT, or securities holder? Please identify the estate or legal entity for the record.

Q11) Under what lawful process was the signature separated from the security instrument and rehypothecated or pledged, and where are the disclosures under [12 CFR § 1026.17(b)] proving that the true source and application of funds was disclosed prior to closing?

Q12) Who received the initial deposit or converted proceeds upon the creation of the security instrument, and was this disclosed to the signatory, as required under [12 CFR § 1026.18]?

In reference to the endorsement appearing on the promissory note—signed by "Ashley Smith, Capture Manager" and reading:



"Without Recourse Pay to the order of Then Quicken Loans"

The undersigned Estate hereby demands a formal, itemized response to the following questions, supported by sworn affidavits and documentary proof:

Q13) When was the "Without Recourse Pay to the order of Then Quicken Loans" added to the promissory note? Was this at the time of closing or after.

Q14) Where all parties informed that this was added to the promissory Note?

Q15) What is a "Capture Manager"?

Page 3 of 8

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

Q16) Define the role of "Capture Manager" within Rocket Mortgage or its predecessor Quicken Loans.

Q17) Specify whether this role includes legal authority to endorse negotiable instruments or promissory notes.

Q18) Did Ashley Smith work at Rocket Mortgage or Quicken Loans in an executive or authorized fiduciary capacity?

Q19) Provide a Notarized Affidavit of employment confirming:
- Job title(s), department, and scope of duties;
- Start and end dates of employment;
- Specific legal authority or power of attorney to endorse negotiable instruments.

Q20) Was Ashley Smith authorized to execute endorsements on behalf of Rocket Mortgage or Quicken Loans?

Q21) Produce documentation showing delegation of authority, including:
- Power of Attorney,
- Board Resolution,
- Agency Appointment,
- or Trustee Authorization.

Q22) What is the full legal basis and binding effect of the term "Without Recourse" as used in the endorsement of the promissory note by Rocket Mortgage or Quicken Loans?

Q23) Identify the party or parties who executed the endorsement "Without Recourse" on behalf of Rocket Mortgage or Quicken Loans:

Q24) Provide a copy of the written authorization or corporate resolution granting Ashley Smith power to endorse negotiable instruments under [UCC 3-401(b)].

Q25) Was the endorsement signed by Ashley Smith was she a duly authorized officer or employee of the legal note holder at the time of execution?

Q26) Was the promissory note by Ashley Smith endorsed "Without Recourse" as part of a sale, transfer, or securitization transaction?

- If so, please identify the purchaser, trust, or transferee entity, and provide a chain of title or MERS Milestone Reports showing the lawful negotiation of the note under [UCC 3-201] and [UCC 3-203].

Q27) What legal relationship did Rocket Mortgage retain to the note after endorsing it "Without Recourse"?

Q28) By add "Without Recourse" Did Rocket remain a servicer, agent, custodian, or holder-in-due-course, or was all legal and equitable interest conveyed?

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

Q29) Did the "Without Recourse" language impact the validity of the borrower's signature on the note, especially if the note was materially altered, bifurcated, or converted to an investment instrument without borrower consent under the UCC and [15 U.S.C. § 1692e]?

Q30) If Rocket Mortgage claims the "Without Recourse" endorsement was compliant with UCC and federal standards, please provide the following:

- A copy of the endorsement page (front and back).
- A copy of the purchase and sale agreement, trust assignment, or security agreement supporting the transfer of interest.
- Identification of the Trust or Pool into which the note was deposited, along with its CUSIP or Pooling and Servicing Agreement.

Q31) If the endorsement was placed without lawful negotiation, physical delivery, or custodial control, how does Rocket Mortgage reconcile that with [UCC 3-203(b)] which prohibits enforcement of a transferred instrument unless delivery has occurred?

This is a formal demand for clarification regarding the individual identified as Eric Ferguson, Vice President, whose signature appears on the Satisfaction of Security Instrument recorded in Wake County, North Carolina, on December 31, 2020, under Loan No. ██████942 and ██████2222, and processed by First American Mortgage Solutions.



Q32) Provide verifiable proof that Eric Ferguson was an employee, officer, or agent of Rocket Mortgage LLC, Quicken Loans Inc., or any affiliated entity on or before December 31, 2020.

Q33) Specify his official title, department, and authority to act on behalf of Rocket Mortgage in matters of satisfaction or release of liens.

Q34) Identify the delegation of authority that Mr. Ferguson to sign as "Vice President" on a legal Satisfaction of Security Instrument.

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

Q35) Provide internal authorization documents or corporate resolutions showing such delegation, in accordance with [15 U.S.C. § 1605], [12 U.S.C. § 2605], and [UCC 3-402(b)].

Q36) Validating the Chain of Command for: Was the signature executed using a stamp or electronically generated device? If so, who authorized its use?

Q37) Was Mr. Ferguson employed or operating under Power of Attorney or limited agent status at the time of execution?

Q38) Under [UCC 3-401] and [UCC 3-403], signatures must be authorized by the party or principal. Did Eric Ferguson have authority sign the Satisfaction of Security Instrument, prove that he had authority?

Q39) Was the creditor aware that does have standing to observe or validate the execution of a satisfaction of lien—especially since it concerns the creditors estate interest.

Q40) In order to have a valid contract there should be two signatures that appear on the Satisfaction of Security Instrument but I only see Mr. Ferguson. Why?

Q41) There's no mention of proper notice to the Creditor Beneficiary. Why?

Q42) Under [California Government Code § 8206], a notary must record each act in a notarial journal, including how they verified identity (personal knowledge or ID). "Please provide a certified copy of the notarial journal entry created by Notary B. Roberson on or about December 31, 2020, involving Eric Ferguson. Include method of identity verification and instrument details pursuant to [CA Gov. Code § 8206]."

Q43) Please provide the chain of title and MERS Milestone history reflecting all transfers of legal and equitable title for the property at Mail Location on Record, North Carolina [ZIP CODE], from origination to present.

Q44) Was title ever conveyed to a REMIC trust, investor pool, or MERS entity without public notice to the signatory, violating due process under [5 U.S.C. § 706(2)(D)] and [UCC 9-203(b)]?

Q45) Please explain whether the original deed and promissory note were bifurcated, and if so, who now holds legal vs. equitable interest per [Carpenter v. Longan, 83 U.S. 271 (1872)] and [UCC Article 9].

Q46) Under what lawful procedure did Rocket Mortgage convert the private credit of the man known as Authorized Representative into negotiable tender or securities, and who assumed liability under [12 U.S.C. § 24], [Federal Reserve Act § 16], and [UCC 1-201(24)]?

Q47) Was the Creditor Beneficiary (Authorized Representative) given prior notice of any recorded documents or lien satisfactions that affect title, as required under [Restatement (Third) of Trusts § 3] and [UCC 1-202] for good faith commercial conduct?

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

Q48) If Rocket Mortgage fails to respond to each question herein with full documentary evidence and sworn affidavit under penalty of perjury, this shall constitute tacit agreement, estoppel, and dishonor under [UCC 1-308], [UCC 1-103(b)], and [UCC 3-505(b)].

A complete response to this record will assist the Bureau in determining whether Rocket Mortgage has violated federal disclosure and servicing laws. This inquiry seeks enforcement of rights under [12 U.S.C. § 5531], [12 U.S.C. § 2605], [15 U.S.C. § 1601], and related statutes.

**NOTE:** All executive officers—Varun Krishna (CEO), Brian Brown, Chief Financial Officer, Jay Bray (Chairman), Bill Emerson (President), Jeff Morganroth (Chief Legal Officer), and Moe Bazzi (Servicing Escalation Specialist)—have been formally noticed and are held accountable under these administrative packages. Affidavits of Service, certified mail receipts, and documented email confirmations are included in Packages 1–6, with supporting evidence with EXHIBITs.

Respectfully,

Seal:



By: *Jehorek Jason-Gerald*

Jehorek, Jason-Gerald
Authorized Representative / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
and for: JASON GERALD FAMILY OF JEHOREK ESTATE
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]
Without Prejudice [UCC 1-308] – All Rights Reserved

## Conclusion and Reservation of Rights

The undersigned, acting in lawful capacity as Authorized Representative, Grantor, and Creditor Beneficiary for the ©ESTATE ENTITY™ estate, hereby affirms that this inquiry is not a complaint, but a demand for lawful accounting, full disclosure, and fiduciary clarification under public law. Any failure by Rocket Mortgage to answer these questions in good faith constitutes willful dishonor, breach of trust, concealment of constructive fraud, and may warrant further action under [15 U.S.C. § 1692], [18 U.S.C. § 1341 and § 1344], [42 U.S.C. § 1983], and [UCC 1-308].

This administrative record is lawfully noticed under the right of private contract, secured by [Public Law 73-10], the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act, and is preserved in the public domain for judicial and equitable relief if required.

EXHIBIT - 8

# Response to CFPB Complaint #250701-21970535

Standing is established not as a debtor or person, but as the Creditor Beneficiary of the estate, operating in the private, pursuant to natural right, trust law, and commercial law. All responses must be made under full commercial liability and penalty of perjury, or shall be deemed tacit admission by acquiescence and estoppel by dishonor under [UCC 1-308], [UCC 1-103(b)], and [UCC 3-505(b)].

All rights reserved. Without Recourse. Without Prejudice [UCC 1-308].

**Notice to CFPB and All Interested Parties:**

This record forms part of a pending federal administrative and judicial claim involving alleged constructive fraud, contract breach, and public record injury. The undersigned reserves all rights to compel judicial discovery, deposition, and public disclosure through the U.S. District Court for the Eastern District of North Carolina under the Federal Declaratory Judgment Act [28 U.S.C. §§ 2201–2202], and related tort provisions, should these matters remain unresolved.

EXHIBIT - 8



# INVOICE

**DATE:** 7/23/2025
**INVOICE #:** 1026

**FROM:**
:Jehorek: Jason-Gerald, sui juris
Authorized Representative / Grantor / Settlor / Creditor Beneficiary / Principal Creditor
c/o 11937 Fairlie Pl.
Raleigh, North Carolina [27613]

**TO:**
Rocket Mortgage LLC
P.O Box 442359
Detroit, Michigan 48244-2359

**Reason for Invoice:**

This invoice constitutes a Final Commercial Enforcement Action due to Rocket Mortgage LLC's continued failure to respond, rebut, cure, or settle after receipt of Administrative Packages 1 through 6. These packages included:
- Verified affidavits of default and dishonor
- Proof of promissory note securitization and concealment
- Formal demands for full disclosure, authority verification, and reconveyance
- Multiple 7-day good-faith opportunities to cure or settle

No lawful response, payment, or rebuttal was received. As a result, and pursuant to the Administrative Fee Schedule terms, the outstanding liability has now doubled per Rocket Mortgage's dishonor, commercial acquiescence, and failure to act in good faith under public and commercial law.

**This action is supported by the following lawful authorities**
- [15 U.S.C. § 1692e] – Prohibition on false or misleading representations in debt collection
- [18 U.S.C. §§ 1341, 1343, 1344] – Mail Fraud, Wire Fraud, and Bank Fraud
- [26 U.S.C. §§ 61, 6045] – Gross income reporting and broker reporting duties
- [UCC § 1-308] – Reservation of rights without prejudice
- [Restatement (Third) of Property: Mortgages § 6.4] – Discharge of lien upon satisfaction of the debt

This enforcement total reflects direct damages, commercial injury, false credit reporting harm, administrative labor, and tort claims arising from Rocket Mortgage's nonperformance and misrepresentation.

Payment is due within **7 calendar days** of receipt.

Failure to remit will confirm further commercial dishonor and render the total amount **enforceable in law and equity**, with all rights reserved to pursue commercial lien, private administrative enforcement, court action, and criminal referral as needed.

Page 1 of 2

EXHIBIT - 8



# INVOICE

**New Total Due (After Fee Doubling): $8,943,908.34 & will Double again if not cured.**

| DATE | DESCRIPTION | UNIT PRICE | LINE TOTAL |
|------|-------------|-----------|-----------|
| 2017 | Monetized Original Quicken Loan Promissory Note | $236,800.00 | $236,800.00 |
| 2020 | Monetized Rocket Mortgage Promissory Note | $232,200.00 | $232,200.00 |
| 2017–2025 | Mortgage Payments (verified from amortization schedule) | $134,328.96 | $134,328.96 |
| 2017–2025 | Servicing Premiums and Fees (estimated) | $13,136.25 | $13,136.25 |
| 2025 | Penalties from Package 1,2 and 3 (Administrative Fee Schedule) | $1,930,488.96 | $1,930,488.96 |
| 2025 | Penalties from Package 4 ($17,500 x 6 Officers) | $105,000.00 | $105,000.00 |
| 2025 | Additional Damages from Rocket Mortgage letter (Exhibit H) (commercial, tort, emotional, administrative harm) | $1,820,000.00 | $1,820,000.00 |
| 2025 | Previous Invoice date 6-26-25 | $4,471,954.17 | $4,471,954.17 |
| | **NEW TOTAL DUE (AFTER FEE DOUBLING)** | | **$8,943,908.34** |
| | **TOTAL DUE** | | **$8,943,908.34** |

The settlement may be made via certified funds, cashier's check, or money order, **payable to Jason Jehorek,** and delivered to the address listed above. No third-party endorsements or restricted instruments will be accepted. Funds must be drawn from a federally insured financial institution and must include a memo referencing this matter.

Seal:



**Jehorek, Jason-Gerald**
Authorized Representative / Grantor / Creditor Beneficiary
For: ⊕JASON GERALD JEHOREK™
and for: ⊕JASON GERALD FAMILY OF JEHOREK ESTATE
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]
Without Prejudice [UCC 1-308] – All Rights Reserved

Case 5:25-cv-00558-D-BM    Document 11-10    Filed 01/27/26    Page 13 of 14


REGISTERED MAIL™

RF 414 199 168 US

Rocket Mortgage-Capture Team
635 Woodward Ave
Detroit Michigan 48226
Tel: (313) 782-7730

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rocket Mortgage
Capture Team
635 Woodward Ave
Detroit MI 48226

9590 9402 9472 5069 7046 58

2. Article Number (Transfer from service label)

RF 414 199 168 US

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
□ Agent
□ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt