# EXHIBIT - 9

# **EXHIBIT 9**

**PACKAGE 9 – Service of Civil Summons and Verified Complaint**

**Recipient:** Rocket Mortgage LLC
**Date Sent / Filed:** August 1–4, 2025
**Court: Wake County Superior Court** (Case No. 25CV026697-910)
**Defendants Named:**
- ➢ Rocket Mortgage, LLC
- ➢ MERSCORP Holdings, Inc. (as necessary party)

**Service:** USPS Certified / Priority Mail
**USPS Tracking No.** 9589 0710 5270 0072 9359 55

**CLAIM ASSERTED**

Rocket Mortgage failed to lawfully respond to a CFPB complaint and prior administrative demands by refusing to provide sworn verification of creditor identity, servicing authority, securitization details, and consideration, while continuing to issue billing statements—thereby remaining in administrative default and dishonor and becoming liable for escalated administrative damages.

Rocket Mortgage **never rebutted** the private administrative record (Packages 1–8).
Rocket Mortgage **failed to establish standing** as creditor or servicer.
MERSCORP is named as a **necessary party** solely to:
- clarify chain of title,
- disclose assignments, endorsements, and securitization actions,
- identify any beneficiary claims via the MERS registry.

Defendants' silence and non-disclosure constitute:
- **dishonor,**
- **constructive fraud,** and
- **commercial estoppel.**

**Final Invoice Amount Referenced in the Verified Complaint**
- **$8,943,908.34**

This amount is expressly referenced as:
- the **final, unrebutted administrative invoice,** and
- the damages figure the court is asked to recognize as perfected and enforceable.

EXHIBIT - 9



# Package 9

# MERSCORP Civil Summons Package Sent 8-4-25

EXHIBIT - 9

*Certified Mail # 9589 0710 5270 0072 9359 55*

*Date 8-4-25*

## Service of Civil Summons and Verified Complaint
### Case No. 25CV026697-910 – Wake County Superior Court

---

### MERSCORP (First-Time Service)

**Jehorek, Jason-Gerald, sui juris**
Authorized Representative / Settlor / Grantor / Creditor Beneficiary
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]
Without Prejudice [UCC 1-308] – All Rights Reserved

**Date:** August 2, 2025

---

**TO:**
**MERSCORP Holdings, Inc.**
c/o Corporation Service Company (CSC)
251 Little Falls Drive
Wilmington, Delaware 19808

---

**RE: SERVICE OF SUMMONS AND VERIFIED COMPLAINT**
**Wake County Superior Court – Case No. 25CV026697-910**
**NOTICE OF INCLUSION AS NECESSARY PARTY FOR TITLE CLARIFICATION AND TRUST CLAIMS**

To Whom It May Concern:

Enclosed please find legal service upon **MERSCORP Holdings, Inc.**, which has been named a necessary party in the above-referenced civil matter filed August 1, 2025, in the **Superior Court of Wake County, North Carolina.**

Enclosed in this package:
1. **Civil Summons** (issued August 1, 2025)
2. **Verified Complaint for Quiet Title, Declaratory Judgment, and Constructive Trust**

EXHIBIT - 9



### Service of Civil Summons and Verified Complaint
### Case No. 25CV026697-910 – Wake County Superior Court

MERSCORP Holdings, Inc. is included as a necessary party to determine and clarify:

- The chain of title and beneficiary status of real property located at:
  **11937 Fairlie Place, Raleigh, North Carolina 27613**
- Any assignments, endorsements, transfers, or securitization actions in which MERS acted as nominee or registry holder on behalf of a trust or lender entity

---

### Optional Disclosure Request (Non-Binding)

To facilitate early resolution and protect MERS' potential interest in this matter, you are **invited, but not required**, to voluntarily disclose the following:

- The **CUSIP number, loan pool ID, or trust name** associated with securitization or transfer of Loan Nos. ████████42 and █████2222
- The **MERS Milestone transfer history** or audit trail identifying chain of beneficial ownership or servicing rights
- The **date of any recorded transfer, endorsement, or assignment** involving the referenced property or promissory note

This request is made **without prejudice to your rights or mine, and does not waive any right to judicial discovery or subpoena** at a later stage of this proceeding.
If no response is received, your rights and obligations will proceed under standard judicial process.

---

Should you wish to reply or submit documentation, please direct any communications to the undersigned at the mailing address listed below.

<div style="float:right; text-align:right;">

Respectfully,

by: ___*Jehorek, Jason-Gerald*___

Jehorek, Jason-Gerald, sui juris
Authorized Representative / Settlor / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
And For: JASON GERALD FAMILY OF JEHOREK ESTATE
And For: Noble Spring TR Enterprise
All Rights Reserved. Without Prejudice
Without Recourse to me.
</div>

> **Mailing Address**
> Jason Jehorek
> c/o 11927 Fairlie PL
> Raleigh, NC [27613]



EXHIBIT - 9

# STATE OF NORTH CAROLINA

_____Wake_____ County

**25CV026697-910**

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>NOBLE SPRING TR ENTERPRISE d/b/a Jehorek, Jason-Gerald<br>**Address**<br>c/o 11937 Fairlie Place<br>**City, State, Zip**<br>Raleigh                    NC      [27613] | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)<br><br>G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| | |
|---|---|
| **Name Of Defendant(s)**<br>Rocket Mortgage, LLC, and MERSCORP Holdings, Inc. (MERS) | **Date Original Summons Issued**<br><br>**Date(s) Subsequent Summons(es) Issued** |

### To Each Of The Defendant(s) Named Below:

| **Name And Address Of Defendant 1**<br>Rocket Mortgage, LLC<br>Legal Department, 1050 Woodward Avenue,<br>Detroit, Michigan 48226 | **Name And Address Of Defendant 2**<br>MERSCORP Holdings, Inc.<br>(a/k/a Mortgage Electronic Registration Systems, Inc.)<br>1818 Library Street, Suite 300, Reston, VA 20190 |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!**
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**<br>NOBLE SPRING TR ENTERPRISE d/b/a Jehorek, Jason-Gerald<br>c/o 11937 Fairlie Place   Raleigh, North Carolina [27613] | **Date Issued**<br>8/1/2025 | **Time**<br>2:13   ☐ AM ☒ PM |
|---|---|---|
| | **Signature**<br>DA | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement** | **Time**<br>☐ AM ☐ PM |
|---|---|---|
| | **Signature** | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

_Margin (handwritten, left side):_ Certified Mail # 9589 0710 5270 0072 9359 55   Date 8-4-25

EXHIBIT - 9

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

EXHIBIT - 9

Certified Mail # 9589 0710 5270 0072 9359 55
Date 8-4-25

25CV026697-910

FILED
DATE: August 1, 2025
TIME: 2:23:34 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: D. Askew



# IN THE GENERAL COURT OF JUSTICE
## SUPERIOR COURT DIVISION
## WAKE COUNTY, NORTH CAROLINA

**Plaintiff 1:**

**NOBLE SPRING TR ENTERPRISE,** a Private Irrevocable Grantor Trust, acting as Authorized Trust Office for the administrative and commercial claims originally styled in the name of ©JASON GERALD JEHOREK™, for whom this trust lawfully administers creditor, commercial, and enforcement rights.

**Plaintiff 2:**

**Fairlie Pleasant Home,** a private title-holding trust holding equitable and recorded title to the subject property located at 11937 Fairlie PL, Raleigh, NC 27613, and administered as a subordinate real property trust under the authority of the **JASON GERALD FAMILY OF JEHOREK ESTATE.**

**The real party in interest and signatory authority** is Jehorek, Jason-Gerald, making a special appearance as Authorized Representative, Grantor, and Executor for the above trusts and family estate.

Plaintiffs,

v.

**Defendant 1:**

**ROCKET MORTGAGE, LLC**

1050 Woodward Avenue, Detroit, MI 48226

Mortgage Servicer and primary respondent to administrative notices served from May through July 2025.

**Defendant 2:**

**MERSCORP HOLDINGS, INC.**

c/o Corporation Service Company (CSC)

251 Little Falls Drive, Wilmington, DE 19808

Named in this Verified Complaint as a necessary party for title clarification and constructive trust review.

EXHIBIT - B



**Defendant 3 (Nominal/Unknown Claimants):**
All unknown heirs, successors, assigns, trustees, or other claimants of interest in real property located at c/o 11937 Fairlie Place, Raleigh, North Carolina [27613].

Defendants.

### **VERIFIED COMPLAINT FOR QUIET TITLE, DECLARATORY JUDGMENT, CONSTRUCTIVE TRUST, AND COMMERCIAL ESTOPPEL**

NOW COMES the Plaintiffs, by special appearance and without granting jurisdiction, appearing in propria persona, and complaining of the above-named Defendants, allege and state as follows:

**I. PARTIES**

    a. Plaintiff, NOBLE SPRING TR ENTERPRISE, is an irrevocable grantor trust, acting in the capacity of Trust Office for administrative claims and estate interest styled as ©JASON GERALD JEHOREK™ in prior filings. The real property is held in title by Fairlie Pleasant Home Trust, whose authorized office is located at 11937 Fairlie Pl, Raleigh, NC 27613.

    b. Defendant 1: ROCKET MORTGAGE, LLC, a mortgage servicer who never responded in the private administrative process concluded in July 2025, with executive offices at 1050 Woodward Avenue, Detroit, Michigan 48226.

    c. Defendant 2: MERSCORP Holdings, Inc. (MERS), named herein for the first time as a necessary party for title clarification and constructive trust inquiry, with service upon its registered agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

    d. Other unknown defendants may claim an interest in the subject property, but their claims are speculative, unverified, and adverse to Plaintiff's lawful and equitable title.

**II. STATEMENT OF FACTS & TIMELINE OF EVIDENCE**

    a. On May 7, 2025, The Plaintiff lawfully acquired the real property known "BEING all of Lot 251, The Glen at Harrington Grove, Section 1, Tract D-I, Subdivision recorded In Map Book 1989, at Page 1401, Wako County Registry. Deed Book: 015185, Page Number: 01980 – 01983, Tax Map No: 0177230"

EXHIBIT - 9



## Timeline of Private Administrative Record and Constructive Default

**Package 1:** Private Administrative Settlement & Contract (May 1, 2025)

The administrative filing demanded full disclosure of the origin of funds used to originate the loan, including identification of the funding party, verification of lawful consideration, and disclosure of any subsequent securitization, monetization, or use of the promissory note for profit under secondary market mechanisms. These demands were supported by citations to [15 U.S.C. § 1601], [UCC 3-104, 3-305, 3-501], and the [False Claims Act, 31 U.S.C. § 3729].

- **Served to:** Brian Brown, Chief Financial Officer, Rocket Mortgage, LLC.
- **Settlement Offer:** A lawful offer to settle all obligations in the amount of **$362,061.55** was made and supported with contract terms and affidavits.
  Said offer was declined by estoppel and dishonor through non-response.
- **Penalties & Risk Disclosure:**
  Rocket Mortgage, LLC was placed on legal notice that its failure to respond or rebut the affidavit of material fact, contract, and commercial claims may expose it to:
  - **Civil liabilities under [31 U.S.C. § 3729] exceeding $31 million, including treble damages and per-claim penalties;**
  - **Criminal exposure for willful misrepresentation and concealment under [18 U.S.C. §§ 1001, 1341, 1343]**, each carrying potential prison terms of **7 to 10 years per count** if prosecuted under federal fraud statutes;
  - Commercial estoppel and summary judgment on the administrative record.

**Package 2:** Enforcement and Demand for Proof (May 19, 2025)

- Reasserted demands for: original wet-ink note, proof of funding, chain of title, and CUSIP disclosure.
- Legal Basis: [15 U.S.C. § 1635] (Right of rescission), [G.S. § 25-3-301] (Person entitled to enforce negotiable instrument).
- Reiterated failure to disclose material terms is a TILA violation and grounds for voiding contract.
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown.**
- An offer to settle all outstanding obligations in the amount of $965,244.48 was presented to Rocket Mortgage, LLC. Said offer was declined by operation of estoppel and commercial silence, as no timely rebuttal or lawful counterclaim was received.

**Package 3:** Final Notice of Non-Response, Dishonor & Commercial Default (June 5, 2025)

- Rocket Mortgage failed to rebut material facts, triggering default.
- Declaration of Constructive Trust and Notice of Dishonor issued.

EXHIBIT - 9



- Legal Basis: [UCC 3-505(b)] (Dishonor by silence), [Restatement (Third) of Property: Mortgages § 6.4], [UCC 1-308] (Reservation of rights).
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown.**

**Package 4: Notice of False Credit Reporting and Fee Enforcement (June 9, 2025)**
- Served notice of continued false reporting to credit bureaus.
- Legal Basis: [15 U.S.C. § 1681s-2] (FCRA), [15 U.S.C. § 1692e] (FDCPA), [UCC 1-305] (Right to enforcement and damages).
- Fee schedule affirmed and doubled under administrative estoppel.
- Affidavit served upon Rocket Mortgage's Chief Financial Officer; **Brian Brown.**
  - o **Packages 1, 2, 3 and 4** sent to, **Varun Krishna,** Chief Executive Officer; **Jay Bray, President & CEO; Bill Emerson,** President; **Jeff Morganroth,** Chief Legal Officer; **Moe Bazzi,** Servicing Escalation Specialist.

**Package 5: OCC Referral and Constructive Default Public Notice (June 20–25, 2025)**
- Submitted complaint and full record to Office of the Comptroller of the Currency.
- Legal Basis: [12 U.S.C. § 1 et seq.] (OCC supervisory authority), [UCC 9-203(b)] (Attachment and enforceability of security interest).
- Affidavit served upon Rocket Mortgage's executive Officers.
- An offer to settle all outstanding obligations in the amount of $2,651,954.17 was presented to Rocket Mortgage, LLC. Said offer was declined by operation of estoppel and commercial silence, as no timely rebuttal or lawful counterclaim was received.

**Package 6: IRS Whistleblower Report (Form 211) (June 23, 2025)**
- Disclosed Rocket Mortgage's nondisclosure of bond securitization profits and fraudulent servicing practices.
- Legal Basis: [26 U.S.C. § 7623] (IRS Whistleblower provisions), [31 U.S.C. § 3729] (False Claims Act), [UCC 8-102(a)(15)] (Security).
- Final Notice and Unanswered Legal Inquiries (July 21–23, 2025)
- Affidavit served upon Rocket Mortgage's executive Officers.

**Package 7 :** Plaintiff issued legal notice to Rocket Mortgage referencing two contract numbers ████████042 and ████████222) and (Consumer Financial Protection Bureau - CFPB Complaint Ref: #250701-21970535 submitted on 07/01/2025) and (CFPB Complaint Ref: 250724-22601517 submitted on 07/24/2025). (July 21 and 23, 2025)

In response to Rocket Mortgage's CFPB notices July 21, 2025 letter expressing confusion regarding the prior administrative filings, a consolidated list of **48 legal and evidentiary** questions was submitted under **CFPB Complaint #250701-21970535** and sent via **USPS**

**Page 4 of 6**

EXHIBIT - 9



Certified Mail with return receipt, providing a clear summary of the issues already presented and requiring specific answers.

- o Full proof of loan funding and lawful consideration disclosure.
- o CUSIP and securitization tracing for both 2017 and 2020 transactions.
- o Chain of title documentation and proper accounting reconciliation.
- o Verification of endorsements by Ashley Smith and Eric Ferguson, including proof of authority and employment records.
- o Demand for disclosure of purchase/sale agreements, pooling & servicing agreements, and MERS Milestone Reports.

- Rocket Mortgage failed to rebut any of the questions with sworn affidavits or supporting documentation, constituting dishonor, constructive fraud, and violation of disclosure duties under:
  - o [15 U.S.C. § 1601] – Truth in Lending Act (TILA)
  - o [12 U.S.C. § 2605] – RESPA
  - o [UCC §§ 3-203, 3-401, 9-203]
  - o [18 U.S.C. §§ 1341, 1343, 1344] – Mail/Wire/Bank Fraud

- Based on Rocket Mortgage's failure to cure, the commercial invoice originally issued for $4,471,954.17 was lawfully doubled to $8,943,908.34, with notice that it will double again upon judicial enforcement.

- Package 1 and the final invoice outlined potential civil and criminal liabilities exceeding $31,000,000 and up to 7–10 years in federal prison for fraud, concealment, and unlawful securitization under [31 U.S.C. § 3729] (False Claims Act), [18 U.S.C. § 1344] (Bank Fraud), and related provisions.

- Notice was issued to all relevant executive officers, and the matter was formally placed in public record, published on https://noticeofrecord.org/jason-gerald-family-of-jehorek-estate-99/, and supported by Affidavits of Service and Certified Mail Receipts.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, through its authorized fiduciary trust office, respectfully prays that this Honorable Court enter judgment as follows:

1. **Quiet Title:** That title to the real property located at c/o 11937 Fairlie Place, Raleigh, North Carolina [27613] be quieted in favor of Plaintiff and NOBLE SPRING TR ENTERPRISE, d/b/a ©JASON GERALD JEHOREK™, free and clear of any adverse claims by the named Defendants;

EXHIBIT - 9



2.  **Declaratory Judgment:** That the Court declare that ROCKET MORTGAGE, LLC and MERSCORP Holdings, Inc. (MERS) possess no legal, equitable, or beneficial interest in the subject property, nor any enforceable claim upon the same;

3.  **Constructive Trust:** That a constructive trust be imposed upon all securitization proceeds or derivative instruments arising from the original promissory note or related mortgage contract(s), in favor of the Plaintiff estate;

4.  **Commercial Estoppel:** That the Court recognize commercial estoppel against any further collection activity, foreclosure, or credit reporting by Defendants, based on their dishonor, non-response, and failure to cure under applicable commercial and contract law and the Administrative Procedures Act;

5.  **Admission by Silence:** That the Court take judicial notice and enter findings that Defendants failed to respond to 48 enumerated legal questions submitted under CFPB Complaint Ref. #250724-22601517, constituting tacit acquiescence and administrative default;

6.  **Damages and Costs:** That Plaintiff be awarded all costs of this action, and that the Court grant further relief as may be deemed just and proper, including but not limited to lawful recognition of Plaintiff's final invoice totaling $8,943,908.34, as unrebutted and perfected under commercial law.

## VERIFICATION

i, Jehorek, Jason-Gerald, declare under penalty of perjury under the laws of the United States of America and the laws of the State of North Carolina that the foregoing is true and correct, and that this Verified Complaint is made in good faith.

Date: 1 day of August, 2025.

by: _Jehorek, Jason-Gerald_

Jehorek, Jason-Gerald,
Authorized Representative / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
And For: NOBLE SPRING TR ENTERPRISE
And For: JASON GERALD FAMILY OF JEHOREK ESTATE
And For: Fairlie Pleasant Home
All Rights Reserved. Without Prejudice Without Recourse to me.

Page 6 of 6

