EXHIBIT - 12

# EXHIBIT 12

**PACKAGE 12 – Conditional Acceptance of "Get Back on Track" Letter**

**Date: August 22, 2025**
**Sender: Jehorek, Jason-Gerald, sui juris (Authorized Representative / Creditor Beneficiary)**
**Recipient: Rocket Mortgage, LLC**
**Related Case: Wake County Superior Court Case No. 25CV026697-910**
**Contracts Referenced: Loan Nos.** ███████3042 & ███████2222

**Service:** USPS Certified / Priority Mail
**USPS Tracking No.** 9589 0710 5270 0072 9352 38

## CLAIM ASSERTED

Rocket Mortgage has no right to demand payment, impose a trial payment plan, or enforce a loan modification unless and until it cures prior administrative dishonor and proves lawful standing, authority, chain of title, and consideration; absent such proof, any payment demand or loss-mitigation offer is unenforceable and constitutes continued dishonor.

## CORE CLAIM ELEMENTS (AS STATED IN THE DOCUMENT)
- Rocket Mortgage sent a **"Get Back on Track" / Trial Payment Plan offer**.
- The offer is **not refused**, but **conditionally accepted** only if Rocket Mortgage:
    1. **Cures prior dishonor** (failure to rebut the July 23, 2025 Legal Notice & Invoice).
    2. Provides **proof of standing**, including:
        - holder-in-due-course status,
        - unbroken chain of title,
        - entitlement to enforce under UCC 3-301.
    3. Provides **proof of lawful consideration** for the 2017 and 2020 transactions.
    4. Fully answers and supports by affidavit **48 incorporated questions** regarding funding, securitization, endorsements, and authority.
- Any attempt to collect or enforce **before cure** is asserted to constitute:
    o continued dishonor,
    o deceptive practice,
    o violation of **TILA (15 U.S.C. §1601)** and **RESPA (12 U.S.C. §2605)**.

EXHIBIT - 12



# Package 12

# Conditional Acceptance - Get back on Track Letter 8-22-25

EXHIBIT - 12



## Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter

**Date:** 8-22-2025
**To:** Rocket Mortgage LLC
1050 Woodward Ave.
Detroit, MI 48226

**From:**
Jehorek, Jason-Gerald, sui juris
Authorized Representative / Creditor Beneficiary
c/o Noble Spring TR Enterprise (Authorized Trust Office)
On behalf of: "Fairlie Pleasant Home" (Holding Trust)
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]

**Re: Conditional Acceptance of Rocket Mortgage Letter dated August 22, 2025**

**Contracts in Question:** ███████3042 & ██████2222
**Case No.:** 25CV026697-910 (Wake County Superior Court)

Dear Rocket Mortgage,

**I, Jehorek, Jason-Gerald, sui juris,** in my capacity as Authorized Representative, Creditor Beneficiary, and Grantor for the Estate of **©JASON GERALD JEHOREK™**, hereby acknowledge receipt of your letter dated **August 22, 2025,** offering a "Trial Payment Plan" for alleged mortgage obligations.

I do not refuse this offer. Instead, I hereby issue **Conditional Acceptance** upon your company's full compliance with the following lawful prerequisites:

### 1. Cure of Prior Dishonor

On **July 23, 2025,** I issued to Rocket Mortgage a **Legal Notice & Invoice – Response to Rocket Mortgage Letter of July 21, 2025** (Exhibit A). That Notice included **48 specific legal and commercial questions** regarding funding source, securitization, chain of title, and standing, along with an invoice that has since doubled due to continued dishonor.

**Page 1 of 3**

EXHIBIT - 12



## Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter

Rocket Mortgage has failed to answer, rebut, or otherwise cure that record. Silence constitutes dishonor and tacit agreement under UCC 1-308, 1-103, 3-501, 3-502, and 3-505(b).

### 2. Proof of Standing Required

You are hereby required to provide **documentary evidence and sworn affidavit** establishing Rocket Mortgage as:

- The **holder-in-due-course** of the original promissory note,

- With an unbroken chain of title from origination to present,

- In accordance with **UCC 3-301** (entitlement to enforce), and the controlling precedent of **Carpenter v. Longan, 83 U.S. 271 (1872),** which holds that the mortgage deed and note are inseparable.

### 3. Disclosure of Consideration

Provide lawful proof of consideration at origination for both the 2017 and 2020 transactions, including but not limited to:

- Wire confirmations,

- Warehouse lending agreements,

- Securitization trust assignments,

- And any transfer or sale agreements affecting the alleged obligation.

### 4. Incorporation by Reference

All **48 questions** from my **July 23, 2025 Notice & Invoice** are hereby incorporated by reference into this Conditional Acceptance. No payments, agreements, or modifications can be executed until those questions are answered in full and supported by verifiable documentation.

EXHIBIT - 12



## Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter

### Commercial Notice

Until Rocket Mortgage has fully cured these dishonors and proven lawful standing, any attempt to collect, enforce, or solicit performance constitutes further fraudulent misrepresentation, deceptive practice, and violation of federal disclosure law under 15 U.S.C. §1601 (TILA) and 12 U.S.C. §2605 (RESPA).

This Conditional Acceptance, together with the attached Exhibit A, is hereby noticed into Case No. 25CV026697-910 as evidence of Rocket Mortgage's continued dishonor and failure to prove claim.

### Attachments:

- **Exhibit A: Legal Notice & Invoice** – Response to Rocket Mortgage Letter of July 21, 2025 (dated July 23, 2025, with 48 questions and invoice).

By: *Jehorek, Jason-Gerald*

**Jehorek, Jason-Gerald, sui juris**
**Authorized Representative / Creditor Beneficiary**
**For: Noble Spring TR Enterprise (Authorized Trust Office)**
**On behalf of: "Fairlie Pleasant Home" (Holding Trust)**



All Rights Reserved. Without Prejudice. Without Recourse.

**Page 3 of 3**

EXHIBIT - 12



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

**Case No.:** 25CV026697-910
**From:** Jehorek, Jason-Gerald, sui juris – Authorized Representative / Creditor Beneficiary
**To:** Rocket Mortgage LLC
**Subject:** Legal Notice & Invoice – Response to Rocket Mortgage Letter of July 21, 2025
**Date:** July 23, 2025

### Introduction

This Exhibit is incorporated by reference into the **Conditional Acceptance of Rocket Mortgage Letter dated August 22, 2025.** It contains the original **48 questions and invoice** issued to Rocket Mortgage, which remain **unanswered and in dishonor.**

### 1. Questions / Demands for Verification

**Q1)** Where did Rocket Mortgage (formerly Quicken Loans) obtain the funds to originate and refinance the mortgage loans dated April 2017 and December 2020, and what lawful consideration was tendered by the lender at closing?

**Q2)** Was this money borrowed from another lender, created through a warehouse line, or generated through any investor-backed facility like Fannie Mae or Ginnie Mae?

**Q3)** Who funded the loan, and where is the proof of value exchanged at the time of closing?

**Q4)** Please provide documentation of the accounting trail or bank transaction that supports the loan's origination.

**Q5)** If the loan was sold or securitized into a Fannie Mae investment pool, what capital was truly at risk?

**Q6)** Where did the capital originate to fund these obligations if the loans were sold into Fannie Mae investment pools, and what accounting trail under [15 U.S.C. § 1635], [12 U.S.C. § 2605], [TILA Regulation Z], and [31 U.S.C. § 5318(b)(2)] exists to prove lawful value exchange and risk retention?

**Q7)** Under the Truth in Lending Act [15 U.S.C. § 1601 et seq.] and the Real Estate Settlement Procedures Act [12 U.S.C. § 2601 et seq.], Rocket Mortgage must disclose the

EXHIBIT - 12



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

source of funds and any third-party investor relationships (including warehouse lines or credit creation via MERS or Ginnie Mae/Fannie Mae conduits).

**Q8)** Whose signature was used to monetize or securitize the original promissory note(s) tied to the property located at Mail Location on Record, North Carolina [ZIP CODE], and on what authority was that signature utilized to create a negotiable instrument?

**Q9)** Was the private man known as Authorized Representative Jehorek, Jason-Gerald properly informed or lawfully disclosed the identity of the creditor who received or held the consideration at the time the funds were originated?

**Q10)** Did the signatory named on the promissory note represent the estate, a third-party creditor, or a principal on behalf of another undisclosed trust, REIT, or securities holder? Please identify the estate or legal entity for the record.

**Q11)** Under what lawful process was the signature separated from the security instrument and rehypothecated or pledged, and where are the disclosures under [12 CFR § 1026.17(b)] proving that the true source and application of funds was disclosed prior to closing?

**Q12)** Who received the initial deposit or converted proceeds upon the creation of the security instrument, and was this disclosed to the signatory, as required under [12 CFR § 1026.18]?

In reference to the endorsement appearing on the promissory note—signed by "Ashley Smith, Capture Manager" and reading:



"Without Recourse Pay to the order of Then Quicken Loans"

Page 2 of 8

EXHIBIT - 12



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

The undersigned Estate hereby demands a formal, itemized response to the following questions, supported by sworn affidavits and documentary proof:

**Q13)** When was the "Without Recourse Pay to the order of Then Quicken Loans" added to the promissory note? Was this at the time of closing or after.

**Q14)** Where all parties informed that this was added to the promissory Note?

**Q15)** What is a "Capture Manager"?

**Q16)** Define the role of "Capture Manager" within Rocket Mortgage or its predecessor Quicken Loans.

**Q17)** Specify whether this role includes legal authority to endorse negotiable instruments or promissory notes.

**Q18)** Did Ashley Smith work at Rocket Mortgage or Quicken Loans in an executive or authorized fiduciary capacity?

**Q19)** Provide a Notarized Affidavit of employment confirming:
- Job title(s), department, and scope of duties;
- Start and end dates of employment;
- Specific legal authority or power of attorney to endorse negotiable instruments.

**Q20)** Was Ashley Smith authorized to execute endorsements on behalf of Rocket Mortgage or Quicken Loans?

**Q21)** Produce documentation showing delegation of authority, including:
- Power of Attorney,
- Board Resolution,
- Agency Appointment,
- or Trustee Authorization.

**Q22)** What is the full legal basis and binding effect of the term "Without Recourse" as used in the endorsement of the promissory note by Rocket Mortgage or Quicken Loans?

**Q23)** Identify the party or parties who executed the endorsement "Without Recourse" on behalf of Rocket Mortgage or Quicken Loans:

EXHIBIT - 12



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

**Q24)** Provide a copy of the written authorization or corporate resolution granting Ashley Smith power to endorse negotiable instruments under [UCC 3-401(b)].

**Q25)** Was the endorsement signed by Ashley Smith was she a duly authorized officer or employee of the legal note holder at the time of execution?

**Q26)** Was the promissory note by Ashley Smith endorsed "Without Recourse" as part of a sale, transfer, or securitization transaction?

- If so, please identify the purchaser, trust, or transferee entity, and provide a chain of title or MERS Milestone Reports showing the lawful negotiation of the note under [UCC 3-201] and [UCC 3-203].

**Q27)** What legal relationship did Rocket Mortgage retain to the note after endorsing it "Without Recourse"?

**Q28)** By add "Without Recourse" Did Rocket remain a servicer, agent, custodian, or holder-in-due-course, or was all legal and equitable interest conveyed?

**Q29)** Did the "Without Recourse" language impact the validity of the borrower's signature on the note, especially if the note was materially altered, bifurcated, or converted to an investment instrument without borrower consent under the UCC and [15 U.S.C. § 1692e]?

**Q30)** If Rocket Mortgage claims the "Without Recourse" endorsement was compliant with UCC and federal standards, please provide the following:

- A copy of the endorsement page (front and back).
- A copy of the purchase and sale agreement, trust assignment, or security agreement supporting the transfer of interest.
- Identification of the Trust or Pool into which the note was deposited, along with its CUSIP or Pooling and Servicing Agreement.

**Q31)** If the endorsement was placed without lawful negotiation, physical delivery, or custodial control, how does Rocket Mortgage reconcile that with [UCC 3-203(b)] which prohibits enforcement of a transferred instrument unless delivery has occurred?

**This is a formal demand for clarification regarding the individual identified as Eric Ferguson, Vice President, whose signature appears on the Satisfaction of Security**

EXHIBIT - 12



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

Instrument recorded in Wake County, North Carolina, on December 31, 2020, under Loan No. ▓▓▓▓3042 and ▓▓▓▓2222, and processed by First American Mortgage Solutions.

### SATISFACTION OF SECURITY INSTRUMENT

**Q32)** Provide verifiable proof that Eric Ferguson was an employee, officer, or agent of Rocket Mortgage LLC, Quicken Loans Inc., or any affiliated entity on or before December 31, 2020.

**Q33)** Specify his official title, department, and authority to act on behalf of Rocket Mortgage in matters of satisfaction or release of liens.

**Q34)** Identify the delegation of authority that Mr. Ferguson to sign as "Vice President" on a legal Satisfaction of Security Instrument.

**Q35)** Provide internal authorization documents or corporate resolutions showing such delegation, in accordance with [15 U.S.C. § 1605], [12 U.S.C. § 2605], and [UCC 3-402(b)].

**Q36)** Validating the Chain of Command for: Was the signature executed using a stamp or electronically generated device? If so, who authorized its use?

**Q37)** Was Mr. Ferguson employed or operating under Power of Attorney or limited agent status at the time of execution?

**Q38)** Under [UCC 3-401] and [UCC 3-403], signatures must be authorized by the party or principal. Did Eric Ferguson have authority sign the Satisfaction of Security Instrument, prove that he had authority?

### Page 5 of 8

EXHIBIT - 12



**Exhibit A – Legal Notice & Invoice (July 23, 2025)**

**Q39)** Was the creditor aware that does have standing to observe or validate the execution of a satisfaction of lien—especially since it concerns the creditors estate interest.

**Q40)** In order to have a valid contract there should be two signatures that appear on the Satisfaction of Security Instrument but I only see Mr. Ferguson. Why?

**Q41)** There's no mention of proper notice to the Creditor Beneficiary. Why?

**Q42)** Under [California Government Code § 8206], a notary must record each act in a notarial journal, including how they verified identity (personal knowledge or ID). "Please provide a certified copy of the notarial journal entry created by Notary B. Roberson on or about December 31, 2020, involving Eric Ferguson. Include method of identity verification and instrument details pursuant to [CA Gov. Code § 8206]."

**Q43)** Please provide the chain of title and MERS Milestone history reflecting all transfers of legal and equitable title for the property at Mail Location on Record, North Carolina [ZIP CODE], from origination to present.

**Q44)** Was title ever conveyed to a REMIC trust, investor pool, or MERS entity without public notice to the signatory, violating due process under [5 U.S.C. § 706(2)(D)] and [UCC 9-203(b)]?

**Q45)** Please explain whether the original deed and promissory note were bifurcated, and if so, who now holds legal vs. equitable interest per [Carpenter v. Longan, 83 U.S. 271 (1872)] and [UCC Article 9].

**Q46)** Under what lawful procedure did Rocket Mortgage convert the private credit of the man known as Authorized Representative into negotiable tender or securities, and who assumed liability under [12 U.S.C. § 24], [Federal Reserve Act § 16], and [UCC 1-201(24)]?

**Q47)** Was the Creditor Beneficiary (Authorized Representative) given prior notice of any recorded documents or lien satisfactions that affect title, as required under [Restatement (Third) of Trusts § 3] and [UCC 1-202] for good faith commercial conduct?

**Q48)** If Rocket Mortgage fails to respond to each question herein with full documentary evidence and sworn affidavit under penalty of perjury, this shall constitute tacit

EXHIBIT - 12



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

agreement, estoppel, and dishonor under [UCC 1-308], [UCC 1-103(b)], and [UCC 3-505(b)].

## 2. Invoice

- Due to dishonor and failure to rebut, balance has doubled per terms of Notice.

| Date | Description | Unit Price | Line Total |
|---|---|---|---|
| 2017 | Monetized Original Quicken Loan Promissory Note | $236,800.00 | $236,800.00 |
| 2020 | Monetized Rocket Mortgage Promissory Note | $232,200.00 | $232,200.00 |
| 2017–2025 | Mortgage Payments (verified from amortization schedule) | $134,328.96 | $134,328.96 |
| 2017–2025 | Servicing Premiums and Fees (estimated) | $13,136.25 | $13,136.25 |
| 2025 | Penalties from Package 1,2 and 3 (Administrative Fee Schedule) | $1,930,488.96 | $1,930,488.96 |
| 2025 | Penalties from Package 4 ($17,500 x 6 Officers) | $105,000.00 | $105,000.00 |
| 2025 | Additional Damages from Rocket Mortgage letter (Exhibit H) (commercial, tort, emotional, administrative harm) | $1,820,000.00 | $1,820,000.00 |
| 2025 | Previous Invoice date 6-26-25 | $4,471,954.17 | $4,471,954.17 |
| 2025 | Doubled after the 7-23-25 invoice | $4,471,954.17 | $4,471,954.17 |
| | New Total Due (After Fee Doubling) | | $13,415,862.51 |
| | TOTAL DUE | | $13,415,862.51 |

**Page 7 of 8**

EXHIBIT - 12



## Exhibit A – Legal Notice & Invoice (July 23, 2025)

---

### 3. Reservation of Rights

"This Notice & Invoice was duly served on Rocket Mortgage on July 23, 2025, and remains unanswered. Silence constitutes dishonor, tacit agreement, and commercial default under UCC 1-308, 1-103, and 3-505(b)."

---



By: _Jehorek, Jason-Gerald_

**Jehorek, Jason-Gerald, sui juris**
**Authorized Representative / Creditor Beneficiary**
**For: Noble Spring TR Enterprise (Authorized Trust Office)**
**On behalf of: "Fairlie Pleasant Home" (Holding Trust)**

**All Rights Reserved. Without Prejudice. Without Recourse.**

Case 5:25-cv-00558-D-BM   Document 11-14   Filed 01/27/26   Page 13 of 20

EXHIBIT - 12



# R🌑CKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

## You're Approved To Lower Your Payment

# $**1,296.72**

### Go Online To Get Started Now

JASON JEHOREK
11937 FAIRLIE PL
RALEIGH, NC 27613-7842

Hi Jason,

You've been approved to modify your loan and get back on track with your mortgage payments in three simple steps. This means you don't have to catch up on missed payments. Instead, we'll change or modify the rate and/or length of your loan.

By following the three steps below, you'll be able to finalize your loan modification to bring your loan current.

**Step 1: Your program starts on 09/01/2025.**

You'll begin the program with a new payment of $1,296.72.

**Step 2: Schedule and Make Trial Payments**

We'll schedule a 3-month trial period for your new program payments.

You'll then be able to schedule your payments.

| New Payment | 1st Payment Due | 2nd Payment Due | 3rd Payment Due | New Term |
|---|---|---|---|---|
| $1,296.72 | 09/01/2025 | 10/01/2025 | 11/01/2025 | 435 Months |

**Step 3: Sign Final Documents**

After you complete your trial payments, we'll prepare the mortgage documents with new terms. All you'll have to do is sign and return.

Sincerely,

Your Account Resolution Team

## Visit Rocket Mortgage• Now To Get Back On Track

| LM022 | Notice Date: 08/08/2025 | Loan Number: ███2222 | 1 of 4 |
|---|---|---|---|

EXHIBIT - 12

# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

## Frequently Asked Questions

**1. Why is there a trial period?**

The trial period ensures you can manage the estimated new monthly mortgage payment. The trial period is temporary, and your existing loan and loan requirements remain in effect and unchanged during the trial period.

**2. When will I know if my loan can be modified permanently, and how will the modified loan balance be determined?**

After your trial period payments are made on time, you will sign and return to us the required copies of a modification agreement. Please remember that anyone on the loan or title to your home will need to sign the modification agreement. We will sign one copy and send it back to you so you will have a fully executed modification agreement. Any difference between the amount of the trial period payments and your regular mortgage payments will be added to the balance of your loan, along with any other past-due amounts as permitted by your loan documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment.

**3. Will I be charged any fees for the loan modification?**

No. You will not be charged any processing fees for the trial period or a permanent modification. If your loan is modified, we will waive all unpaid late charges.

**4. Will my interest rate and monthly principal and interest payment be fixed after my loan is permanently modified?**

Yes. If your loan is permanently modified, your interest rate and monthly principal and interest payment may be fixed for the life of your mortgage.

**5. Will entering the trial period impact my credit score?**

We will continue to report the delinquency status of your loan to credit reporting agencies, as well as your entry into a trial period in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association. Credit scoring companies generally consider the entry into a plan with reduced payments to be an increased credit risk. As a result, entering into a trial period may negatively impact your credit score. For more information about your credit score, go to ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

**6. What happens if I miss a payment during my trial period?**

We must receive each trial period payment in the month in which it is due. If you miss a payment or do not fulfill any other terms of your trial period, this offer will end and your mortgage loan will not be modified.

**7. Rocket Mortgage utilizes third-party service providers in the normal course of servicing your loan. We remain responsible for all actions taken by such service providers.**

Case 5:25-cv-00558-D-BM    Document 11-14    Filed 01/27/26    Page 15 of 20

EXHIBIT - 12



# R🄾CKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

## Alternative Steps To Stay In Your Home

**Step 1:** Sign in to RocketMortgage.com to accept this offer.

**Step 2:** Make your first payment. Call (800) 508-0944 to make a payment by phone, or mail your payment to the address below.
We must receive your payment by September 1, 2025.

Here's where you can mail your payment:

Rocket Mortgage®
Attn: Servicing - Payment Services
635 Woodward Ave.
Detroit, MI 48226

All payments need to be made on time. Your final payment is due on November 1, 2025.

**Step 3:** When you complete steps 1 and 2, we will send you a modification agreement to sign and return. Your loan will then be modified permanently.

If you don't complete all of the steps listed on this page, this offer may be revoked. If we revoke this offer, we may begin or continue the foreclosure process.

Unless prohibited by law, foreclosure referral will not be avoided until you take actions to accept this plan.

Rocket Mortgage® may incur certain costs throughout the duration of this plan, and you are responsible for repayment of these costs unless prohibited by law.

Although Rocket Mortgage® has offered this plan, we reserve the right to revoke the offer at any time in the event we determine you no longer qualify. In the event this offer is revoked, we may begin or continue the foreclosure process.

You can make curtailments (also known as principal-only payments) against your loan anytime at no charge, provided you are contractually current.

Please note that if your loan is in active bankruptcy or active foreclosure, your trial modification may be contingent upon court approval. Additionally, there must be no outstanding taxes, liens or judgments filed against your home; otherwise, we will not be able to move forward with the modification.

We are offering you this program based on an incomplete loss mitigation application. You have the option of completing the application to receive a full evaluation of all loss mitigation options available to you. Visit your account to complete the application and return the required documents within 30 days.

## Additional Notices About This Program

### Payments

You agree that Rocket Mortgage® will hold the trial period payments in an account until sufficient funds are in the account to pay your oldest delinquent monthly payment. You also agree that Rocket Mortgage® will not pay you interest on the amounts held in the account. If any money is left in this account at the end of the trial period and you qualify for a permanent loan modification, those funds will be deducted from amounts that would otherwise be added to your permanent modified principal balance. Rocket Mortgage® must receive each trial period payment in the month in which it is due. If you miss a trial period payment or do not fulfill any other terms of your trial period, this offer will end and your mortgage loan will not be permanently modified.

### Loan Terms

By making your trial period payments, you agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect, and that you will comply with those terms, and that nothing in the trial period shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents. Please note that except for your monthly mortgage payment amount during the trial period, the terms of your existing note and all mortgage requirements remain in effect and unchanged during the trial period. Successful completion of this workout may result in a permanent change to your loan's interest rate and maturity date.

EXHIBIT - 12

# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

**Equal Credit Opportunity Notice**

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission – Equal Credit Opportunity, Washington, DC 20580. If a valuation was obtained in connection with your application, you're entitled to a free copy. Note that you may have already received it.

**Additional Flood Insurance**

In the event that additional flood insurance is required, it is your responsibility to obtain the additional flood insurance coverage and amounts. Modification of your loan is contingent on sufficient flood coverage and meeting eligibility requirements with updated premium amounts. If you do not obtain sufficient coverage, this offer may be revoked and your loan will not be permanently modified.

**Title**

Once we receive your first trial period plan payment, we will examine the title to your home. We need to confirm that there are no outstanding taxes, liens or judgments that have been filed against your home. If we find a title issue, you might need to help us resolve it. If we cannot resolve all title issues, we may not be able to permanently modify your loan, and this loss mitigation offer will be revoked.

You authorize us to share your information, including, but not limited to, (i) name, address and telephone number, (ii) Social Security number, (iii) credit score, (iv) income, (v) payment history and (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist in obtaining a foreclosure prevention alternative or otherwise provide support services related to your loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, and any insurer, guarantor or company that performs support services to them in connection with your loan.

You consent to being contacted by Rocket Mortgage® or Third Parties at any telephone number or email address, including the mobile telephone number or email address you have provided. Rocket Mortgage® or Third Parties may contact you concerning mortgage assistance related to your serviced loan, including the trial period plan to modify your loan.

**Escrow Account**

Your acceptance of the terms of this offer revokes any prior escrow waiver, if applicable. If you do not have an escrow currently, you are agreeing to establish an account for any future tax installments or homeowners insurance payments due and will be required to pay into that account. If there is a current tax installment or insurance payment due at this time, you will still be responsible to make any such payment directly. If the cost of your homeowners insurance, property tax assessment or other escrow expenses increases, your monthly payment will increase as well.

**Foreclosure**

Referral to foreclosure will be delayed as long as you comply with the terms of the plan. If you comply with all of the terms of the agreement, any suspended or pending foreclosure will be canceled. Our acceptance and posting of your payment(s) during the plan will not be considered a waiver of the acceleration of your loan. It shall not constitute a cure of your default unless such payments are sufficient to completely cure the default of your loan. If you do not comply with the terms of the agreement, any suspended foreclosure will be resumed.

To accept this offer, please contact us by August 22, 2025.

**Credit Reporting**

We will continue to report your loan as delinquent to credit reporting agencies. We will also report any loss mitigation plans. Loss mitigation plans with reduced payments may increase your credit risk. As a result, your credit score may be negatively impacted.

Case 5:25-cv-00558-D-BM    Document 11-14    Filed 01/27/26    Page 17 of 20

EXHIBIT - 12

**Certificate of Service**

**Case No.: 25CV026697-910**
**Court:** Wake County Superior Court

---

I, Jehorek, Jason-Gerald, sui juris, Authorized Representative and Creditor Beneficiary for **Noble Spring TR Enterprise**, Trust Office for **"Fairlie Pleasant Home"** (Holding Trust), do hereby certify the following service of documents:

1.  On this _22_ day of _August_, 2025, I served upon:

**Rocket Mortgage, LLC**
1050 Woodward Avenue
Detroit, MI 48226-1906

by **United States Postal Service, Certified Mail, Return Receipt Requested,** the following document:

- o **Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter (dated August 22, 2025)**

- o **Exhibit A – Legal Notice & Invoice (July 23, 2025, with 48 questions and invoice)**

---

2.  On this _22_ day of _August_, 2025, I hand-delivered to:

**Wake County Superior Court – Clerk of Court**
Wake County Justice Center
300 S. Salisbury Street
Raleigh, North Carolina 27601

for filing into Case No. 25CV026697-910, the following documents:

- o **Conditional Acceptance of Rocket Mortgage "Get Back on Track" Letter (Court Filing Version)**

- o **Exhibit A – Legal Notice & Invoice (July 23, 2025, with 48 questions and invoice)**

- o **Exhibit B – Rocket Mortgage Letter dated August 22, 2025 ("Get Back on Track" offer)**

---

EXHIBIT - 12



## Executed Certification

I certify under penalty of perjury under the laws of the united States of America that the foregoing is true, correct, and complete to the best of my knowledge.

By: *Jehorek, Jason-Gerald*

Jehorek, Jason-Gerald, sui juris
Authorized Representative / Creditor Beneficiary
For: Noble Spring TR Enterprise (Authorized Trust Office)
On behalf of: Fairlie Pleasant Home Trust (Holding Trust)

All Rights Reserved. Without Prejudice. Without Recourse.

Date: 8-22-2025



Rocket Mortgage LLC
1050 Woodward Avenue
Detroit MI 48226-1906



Rocket Mortgage LLC
1050 Woodward Av.
Detroit MI 48226-1906

9589 0710 5270 0072 9352 38