# EXHIBIT 14

# EXHIBIT 14

~~EXHIBIT 14~~ **(Response to CFPB Complaint)**

**Date Sent:** July 23, 2025
**Service:** USPS Certified / Priority Mail
**USPS Tracking No.** N/A

**CLAIM ASSERTED**

Rocket Mortgage failed to lawfully respond to multiple administrative demands and a CFPB complaint by refusing to provide sworn, documentary disclosure of creditor identity, funding source, securitization, chain of title, authority of signatories, and lawful consideration, thereby constituting constructive fraud, willful dishonor, and regulatory non-compliance requiring CFPB enforcement and judicial relief.

**Core Claim Elements (As Stated in the Document)**

- Rocket Mortgage **did not provide sworn responses or affidavits** to six prior administrative notices (May 1–June 23, 2025).
- Rocket Mortgage **failed to disclose**:
    - source of funds used to originate the 2017 and 2020 loans,
    - identity of the true creditor or investor,
    - securitization details (trusts, CUSIPs, PSAs),
    - lawful consideration at closing,
    - authority of individuals endorsing the note or executing lien satisfactions.
- The use of **"Without Recourse" endorsements** and lien satisfactions is questioned as:
    - unauthorized,
    - unsupported by delegation of authority,
    - potentially void under UCC, TILA, and RESPA.
- Rocket Mortgage's conduct is asserted to violate:
    - **TILA** [15 U.S.C. § 1601 et seq.]
    - **RESPA** [12 U.S.C. § 2605]
    - **UDAAP** [12 U.S.C. § 5531]
    - **UCC Articles 1, 3, and 9]
    - **Bank Secrecy Act** transparency requirements.
- Continued non-response is asserted to constitute:
    - **constructive fraud,**
    - **breach of trust,**
    - **dishonor by silence,**
    - **tacit admission and estoppel.**

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

**Subject:** Request for Enforced Action on Unanswered Administrative Demands and Securitization Disclosure

To the Consumer Financial Protection Bureau:

This formal submission serves as an evidentiary response to Rocket Mortgage's claims and evasive replies regarding **CFPB Complaint #250701-21970535.** It supplements the previously submitted administrative record and compels the Bureau to demand full compliance by Rocket Mortgage with their lawful duties as a mortgage servicer and regulated financial entity.

The following questions arise from multiple unanswered administrative demands, culminating in six formal notices issued between **May 1 and June 23, 2025,** which Rocket Mortgage failed to rebut with lawful evidence or sworn affidavits. These matters are now materially relevant to the enforcement of the Consumer Financial Protection Act and related statutes.

## ALL QUESTIONS BELOW REQUIRE SPECIFIC, SWORN DISCLOSURE

Rocket Mortgage must respond fully and directly to each enumerated question in this filing. Each demand must be met **without omission, delay, redirection, or evasion,** and must be supported by **documentary proof and sworn affidavit,** as required under federal law and servicing compliance frameworks. These disclosures are not discretionary—they are binding obligations under public law, which include:

---

## Governing Authorities Requiring Disclosure

- **[15 U.S.C. § 1601 et seq.]** – *Truth in Lending Act (TILA)*
  Requires full disclosure of credit terms, identity of creditors, finance charges, and assignment of instruments.

- **[12 C.F.R. § 1026.39]** – *Mortgage Transfer Disclosure Rule*
  Requires servicers to disclose transfers of mortgage loans, including identification of current holders.

- **[12 U.S.C. § 2605(e)]** – *Real Estate Settlement Procedures Act (RESPA)*
  Requires servicers to respond to Qualified Written Requests and provide account and transfer history.

- **[UCC §§ 3-203(b), 3-301, 3-415]** – *Uniform Commercial Code*
  Governs negotiation, transfer, enforcement, and rights of holders-in-due-course related to promissory instruments.

Case 5:25-cv-00558-D-BM     Document 11-16     Filed 01/27/26     Page 2 of 10

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

- **[12 U.S.C. § 5531]** – *Unfair, Deceptive, or Abusive Acts or Practices (UDAAP)*
  Prohibits any acts that mislead, withhold material information, or create unreasonable consumer disadvantage.

- **[31 U.S.C. § 5318(b)(2)]** – *Bank Secrecy Act (BSA)*
  Mandates financial institutions to maintain audit trails and transparency in transactions.

---

**Notice of Material Risk, Standing, and Dishonor**

Rocket Mortgage's failure to respond lawfully to previous administrative demands—particularly regarding securitization, funding origin, lawful consideration, and title chain—now constitutes **constructive fraud** and **willful dishonor on the public record**. The undersigned has established standing as **Creditor Beneficiary and Authorized Representative** of the estate, and the questions presented here are based on verifiable contract, public record filings, and Rocket Mortgage's continued commercial conduct.

The Bureau is respectfully requested to compel Rocket Mortgage to issue complete answers and provide full transparency regarding securitization trails, CUSIP disclosure, title chain, authority of agents, and origin of consideration in the 2017 and 2020 mortgage transactions.

## Questions:

Q1) Where did Rocket Mortgage (formerly Quicken Loans) obtain the funds to originate and refinance the mortgage loans dated April 2017 and December 2020, and what lawful consideration was tendered by the lender at closing?

Q2) Was this money borrowed from another lender, created through a warehouse line, or generated through any investor-backed facility like Fannie Mae or Ginnie Mae?

Q7) Who funded the loan, and where is the proof of value exchanged at the time of closing?

Q8) Please provide documentation of the accounting trail or bank transaction that supports the loan's origination.

Q5) If the loan was sold or securitized into a Fannie Mae investment pool, what capital was truly at risk?

Q9) Where did the capital originate to fund these obligations if the loans were sold into Fannie Mae investment pools, and what accounting trail under [15 U.S.C. § 1635], [12 U.S.C.

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

§ 2605], [TILA Regulation Z], and [31 U.S.C. § 5318(b)(2)] exists to prove lawful value exchange and risk retention?

Q10) Under the Truth in Lending Act [15 U.S.C. § 1601 et seq.] and the Real Estate Settlement Procedures Act [12 U.S.C. § 2601 et seq.], Rocket Mortgage must disclose the source of funds and any third-party investor relationships (including warehouse lines or credit creation via MERS or Ginnie Mae/Fannie Mae conduits).

Q11) Whose signature was used to monetize or securitize the original promissory note(s) tied to the property located at 11937 Fairlie Place, Raleigh, North Carolina [27613], and on what authority was that signature utilized to create a negotiable instrument?

Q12) Was the private man known as :Jehorek: Jason-Gerald properly informed or lawfully disclosed the identity of the creditor who received or held the consideration at the time the funds were originated?

Q13) Did the signatory named on the promissory note represent the estate, a third-party creditor, or a principal on behalf of another undisclosed trust, REIT, or securities holder? Please identify the estate or legal entity for the record.

Q14) Under what lawful process was the signature separated from the security instrument and rehypothecated or pledged, and where are the disclosures under [12 CFR § 1026.17(b)] proving that the true source and application of funds was disclosed prior to closing?

Q15) Who received the initial deposit or converted proceeds upon the creation of the security instrument, and was this disclosed to the signatory, as required under [12 CFR § 1026.18]?

In reference to the endorsement appearing on the promissory note—signed by "Ashley Smith, Capture Manager" and reading:



"Without Recourse Pay to the order of Then Quicken Loans"

Page 3 of 9

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

The undersigned Estate hereby demands a formal, itemized response to the following questions, supported by sworn affidavits and documentary proof:

Q18) When was the "Without Recourse Pay to the order of Then Quicken Loans" added to the promissory note? Was this at the time of closing or after.

Q19) Where all parties informed that this was added to the promissory Note?

Q18) What is a "Capture Manager"?

Q19) Define the role of "Capture Manager" within Rocket Mortgage or its predecessor Quicken Loans.

Q20) Specify whether this role includes legal authority to endorse negotiable instruments or promissory notes.

Q21) Did Ashley Smith work at Rocket Mortgage or Quicken Loans in an executive or authorized fiduciary capacity?

Q22) Provide a Notarized Affidavit of employment confirming:
- Job title(s), department, and scope of duties;
- Start and end dates of employment;
- Specific legal authority or power of attorney to endorse negotiable instruments.

Q23) Was Ashley Smith authorized to execute endorsements on behalf of Rocket Mortgage or Quicken Loans?

Q24) Produce documentation showing delegation of authority, including:
- Power of Attorney,
- Board Resolution,
- Agency Appointment,
- or Trustee Authorization.

Q25) What is the full legal basis and binding effect of the term "Without Recourse" as used in the endorsement of the promissory note by Rocket Mortgage or Quicken Loans?

Q26) Identify the party or parties who executed the endorsement "Without Recourse" on behalf of Rocket Mortgage or Quicken Loans:

Q27) Provide a copy of the written authorization or corporate resolution granting Ashley Smith power to endorse negotiable instruments under [UCC 3-401(b)].

Q28) Was the endorsement signed by Ashley Smith was she a duly authorized officer or employee of the legal note holder at the time of execution?

Page 4 of 9

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

Q29) Was the promissory note by Ashley Smith endorsed "Without Recourse" as part of a sale, transfer, or securitization transaction?

- If so, please identify the purchaser, trust, or transferee entity, and provide a chain of title or MERS Milestone Reports showing the lawful negotiation of the note under [UCC 3-201] and [UCC 3-203].

Q30) What legal relationship did Rocket Mortgage retain to the note after endorsing it "Without Recourse"?

Q31) By add "Without Recourse" Did Rocket remain a servicer, agent, custodian, or holder-in-due-course, or was all legal and equitable interest conveyed?

Q32) Did the "Without Recourse" language impact the validity of the borrower's signature on the note, especially if the note was materially altered, bifurcated, or converted to an investment instrument without borrower consent under the UCC and [15 U.S.C. § 1692e]?

Q33) If Rocket Mortgage claims the "Without Recourse" endorsement was compliant with UCC and federal standards, please provide the following:

- A copy of the endorsement page (front and back).
- A copy of the purchase and sale agreement, trust assignment, or security agreement supporting the transfer of interest.
- Identification of the Trust or Pool into which the note was deposited, along with its CUSIP or Pooling and Servicing Agreement.

Q34) If the endorsement was placed without lawful negotiation, physical delivery, or custodial control, how does Rocket Mortgage reconcile that with [UCC 3-203(b)] which prohibits enforcement of a transferred instrument unless delivery has occurred?


This is a formal demand for clarification regarding the individual identified as Eric Ferguson, Vice President, whose signature appears on the Satisfaction of Security Instrument recorded in Wake County, North Carolina, on December 31, 2020, under Loan No. 3390893042, and processed by First American Mortgage Solutions.

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535



Q35) Provide verifiable proof that Eric Ferguson was an employee, officer, or agent of Rocket Mortgage LLC, Quicken Loans Inc., or any affiliated entity on or before December 31, 2020.

Q36) Specify his official title, department, and authority to act on behalf of Rocket Mortgage in matters of satisfaction or release of liens.

Q37) Identify the delegation of authority that Mr. Ferguson to sign as "Vice President" on a legal Satisfaction of Security Instrument.

Q38) Provide internal authorization documents or corporate resolutions showing such delegation, in accordance with [15 U.S.C. § 1605], [12 U.S.C. § 2605], and [UCC 3-402(b)].

Q39) Validating the Chain of Command for: Was the signature executed using a stamp or electronically generated device? If so, who authorized its use?

Q40) Was Mr. Ferguson employed or operating under Power of Attorney or limited agent status at the time of execution?

Q41) Under [UCC 3-401] and [UCC 3-403], signatures must be authorized by the party or principal. Did Eric Ferguson have authority sign the Satisfaction of Security Instrument, prove that he had authority?

Q42) Was the creditor aware that does have standing to observe or validate the execution of a satisfaction of lien—especially since it concerns the creditors estate interest.

Q43) In order to have a valid contract there should be two signatures that appear on the Satisfaction of Security Instrument but I only see Mr. Ferguson. Why?

Q44) There's no mention of proper notice to the Creditor Beneficiary. Why?

Page 6 of 9

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

Q45) Under [California Government Code § 8206], a notary must record each act in a notarial journal, including how they verified identity (personal knowledge or ID). "Please provide a certified copy of the notarial journal entry created by Notary B. Roberson on or about December 31, 2020, involving Eric Ferguson. Include method of identity verification and instrument details pursuant to [CA Gov. Code § 8206]."

Q46) Please provide the chain of title and MERS Milestone history reflecting all transfers of legal and equitable title for the property at 11937 Fairlie Place, Raleigh, North Carolina [27613], from origination to present.

Q47) Was title ever conveyed to a REMIC trust, investor pool, or MERS entity without public notice to the signatory, violating due process under [5 U.S.C. § 706(2)(D)] and [UCC 9-203(b)]?

Q48) Please explain whether the original deed and promissory note were bifurcated, and if so, who now holds legal vs. equitable interest per [Carpenter v. Longan, 83 U.S. 271 (1872)] and [UCC Article 9].

Q49) Under what lawful procedure did Rocket Mortgage convert the private credit of the man known as :Jehorek: Jason-Gerald into negotiable tender or securities, and who assumed liability under [12 U.S.C. § 24], [Federal Reserve Act § 16], and [UCC 1-201(24)]?

Q50) Was the Creditor Beneficiary (:Jehorek: Jason-Gerald) given prior notice of any recorded documents or lien satisfactions that affect title, as required under [Restatement (Third) of Trusts § 3] and [UCC 1-202] for good faith commercial conduct?

Q51) If Rocket Mortgage fails to respond to each question herein with full documentary evidence and sworn affidavit under penalty of perjury, this shall constitute tacit agreement, estoppel, and dishonor under [UCC 1-308], [UCC 1-103(b)], and [UCC 3-505(b)].

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

**NOTE:** All executive officers—Varun Krishna (CEO), Brian Brown, Chief Financial Officer, Jay Bray (Chairman), Bill Emerson (President), Jeff Morganroth (Chief Legal Officer), and Moe Bazzi (Servicing Escalation Specialist)—have been formally noticed and are held accountable under these administrative packages. Affidavits of Service, certified mail receipts, and documented email confirmations are included in Packages 1–6, with supporting evidence with EXHIBITs.

By: *Jehorek Jason-Gerald*

**Jehorek, Jason-Gerald**
Authorized Representative / Grantor / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™
and for: JASON GERALD FAMILY OF JEHOREK ESTATE
c/o 11937 Fairlie Place
Raleigh, North Carolina [27613]
Without Prejudice [UCC 1-308] – All Rights Reserved

Seal:



**Conclusion and Reservation of Rights**

The undersigned, acting in lawful capacity as Authorized Representative, Grantor, and Creditor Beneficiary for the ©JASON GERALD JEHOREK™ estate, hereby affirms that this inquiry is not a complaint, but a demand for lawful accounting, full disclosure, and fiduciary clarification under public law. Any failure by Rocket Mortgage to answer these questions in good faith constitutes willful dishonor, breach of trust, concealment of constructive fraud, and may warrant further action under [15 U.S.C. § 1692], [18 U.S.C. § 1341 and § 1344], [42 U.S.C. § 1983], and [UCC 1-308].

This administrative record is lawfully noticed under the right of private contract, secured by [Public Law 73-10], the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act, and is preserved in the public domain for judicial and equitable relief if required.

Standing is established not as a debtor or person, but as the Creditor Beneficiary of the estate, operating in the private, pursuant to natural right, trust law, and commercial law. All responses must be made under full commercial liability and penalty of perjury, or shall be deemed tacit admission by acquiescence and estoppel by dishonor under [UCC 1-308], [UCC 1-103(b)], and [UCC 3-505(b)].

All rights reserved. Without Recourse. Without Prejudice [UCC 1-308].

EXHIBIT 14



# Response to CFPB Complaint #250701-21970535

**Notice to CFPB and All Interested Parties:**

This record forms part of a pending federal administrative and judicial claim involving alleged constructive fraud, contract breach, and public record injury. The undersigned reserves all rights to compel judicial discovery, deposition, and public disclosure through the U.S. District Court for the Eastern District of North Carolina under the Federal Declaratory Judgment Act [28 U.S.C. §§ 2201–2202], and related tort provisions, should these matters remain unresolved.