# EXHIBIT 18

**Bond**

This exhibit is a **Business Service Bond** issued by **Allegheny Casualty Company**, Bond No. ▬▬▬▬**3078**, effective **July 21, 2025 through July 20, 2026**, with a stated limit of liability of **$10,000.00**. The bond evidences the existence of a valid surety relationship indemnifying clients against losses arising from **fraudulent or dishonest acts** committed by the bonded principal or its employees, as defined in the bond. The exhibit is offered to establish the existence, scope, term, and conditions of bonded financial responsibility relevant to claims of misconduct, loss, and indemnification raised in this action.

# BUSINESS SERVICE BOND

In consideration of an agreed premium, Allegheny Casualty Company _____ ("Surety"), a corporation organized under the laws of the State of New Jersey ____ and duly authorized to transact surety business, hereby agrees to indemnify ████████████████████████████████████████████████████████████████ ("Principal") against direct pecuniary loss which any Client actually incurs when such loss arises from any Fraudulent or Dishonest Act, as hereinafter defined, of Principal or Principal's Employee, as hereinafter defined, committed during the term of this bond and while Principal is acting for the Client at the Client's location, pursuant to a written agreement between Principal and Client, subject to the limit of liability provided herein.

**LIMIT OF LIABILITY:** The limit of liability of Surety for all loss arising from all claims against this bond, regardless of the number of Clients of Principal, shall not exceed the sum of ($10,000.00 ____), Ten Thousand and 00/100 _____ Dollars, regardless of the number of years this bond is in force. This limit shall apply in the aggregate so that Surety's total liability for all claims shall in no event exceed this amount, whether by reason of Fraudulent or Dishonest Act(s), or any other reason whatsoever.

**BOND TERM:** This bond shall be effective from the 21st day of July _____, 2025, until midnight on the 20th day of July _____, 2026, Eastern Standard Time, unless cancelled earlier in accordance herewith. This bond may be extended only by Continuation Certificate signed by Surety.

## DEFINITIONS:

(i) "Client" shall mean any person, firm or corporation for whom Principal provides services in his, her or its business capacity as stated in the first paragraph of this bond.

(ii) "Discovery" shall mean when Client, or any director or officer of Principal not in collusion, first become aware of facts which would cause a reasonable person to assume that a loss covered by this bond has been, or may be incurred even though the exact amount or details of the loss may not then be known. Discovery shall include that time at which Client, or any director or officer of Principal not in collusion, should have discovered such possible Fraudulent or Dishonest Act in the exercise of reasonable care.

(iii) "Employee" shall mean any natural person whom the Principal has the right to direct and control while performing services for Client in the ordinary course of Principal's business capacity as stated in the first paragraph of this bond, and that Principal compensates directly by salary, wages, or commissions (except directors or officers of Principal, if a corporation, who are not also Employees thereof in some other capacity), and who is engaged in such service in any of the states of the United States of America, or in the District of Columbia.

(iv) "Fraudulent or Dishonest Act" shall mean an act of theft, larceny or fraud punishable as such under the criminal code in the jurisdiction within which the act occurred, for which a conviction has been obtained.

**DISCOVERY:** Loss is covered under this bond only if Discovery occurs prior to the expiration, cancellation or termination of this bond, or any Continuation Certificate extending the term of this bond; provided, however, that if this bond is cancelled by Surety, the limitation or cessation of Surety's obligation shall be as provided in the Cancellation provision hereof.

**TERMINATION AS TO FUTURE ACTS OF PRINCIPAL OR EMPLOYEE:** This bond shall terminate as to future acts of Principal or Principal's Employee immediately upon Discovery of any Fraudulent or Dishonest Act on the part of Principal or Principal's Employee.

**OTHER SURETYSHIP OR INSURANCE:** Coverage under this bond shall be excess over any other applicable bond or insurance coverage whether such other bond or coverage is primary, excess, contributory, contingent, or otherwise, and whether such coverage is collectible or not. In the event that any loss covered by this bond is also covered, in whole or in part, under other bonds or insurance coverage issued by another party, the total liability of

# EXHIBT - 18

Surety under this bond shall not exceed, in the aggregate, the lesser of (a) the amount of this bond as set forth above; or (b) that portion of the amount of this bond as set forth above, computed pro rata with the amount available under such other bond or insurance coverage.

**NOTICE OF LOSS:** As soon as possible, and in no event more than fifteen (15) days after Discovery by Client, Client shall give Surety written notice of any possible Fraudulent or Dishonest act on the part of Principal or any Employee. No suit to recover on account of loss under this bond shall be brought after the expiration of one year (12months) from Discovery by Client of the Fraudulent or Dishonest Act causing such loss. The address for notification of loss is:

> Allegheny Casualty Company
> One Newark Center 20th Floor
> Newark, NJ 07102

**CANCELLATION:** This bond may be cancelled by Surety by mailing written notice of cancellation to Principal Such cancellation by Surety shall be effective fifteen (15) days after the date of mailing such notice; provided, however, that if the effective date of cancellation listed in the notice is less than that required under the law where Principal is located, then the effective date of cancellation shall be deemed to be amended to conform to the minimum period required by such law. In the event of cancellation, Surety shall have no obligation after the effective date of cancellation except for claims made for Fraudulent or Dishonest Act(s) committed during the effective period of this bond.

**PRIOR FRAUD, DISHONESTY OR CANCELLATION:** Principal hereby warrants that neither the Principal nor any Employee has committed any Fraudulent or Dishonest Act in the service of any Client, or otherwise. Surety shall have no liability whatsoever if the Principal or any Employee, prior to the issuance of this bond, committed any Fraudulent or Dishonest Act which the Principal (or any director or officer of Principal not in collusion with such Employee) had, or in the exercise of reasonable care should have had, knowledge. If prior to the issuance of this bond, any bond or insurance issued in favor of Principal or any predecessor in interest of Principal covering Principal or any Employee shall have been cancelled as to Principal or said Employee by reason of (a) the discovery of any Fraudulent or Dishonest Act on the part of Principal or said Employee, or (b) the giving of written notice of cancellation as to Principal or said Employee by any such surety or insurer, whether Surety or not, and if Principal or said Employee shall not have been reinstated under the coverage of any such bond or insurance, Surety shall not be liable under this bond. For purposes of this Section only, a Fraudulent or Dishonest Act includes any such act punishable as a crime under the law of the jurisdiction in which the act occurred, whether or not a conviction was obtained therefore.

**EXCLUSIONS:** This bond does not apply to the defense of any legal proceedings brought against Principal, or to fees, costs or expenses incurred or paid by Principal in prosecuting or defending any legal proceedings whether or not such proceedings would result in a loss to Principal covered by this bond.

**NO THIRD PARTY BENEFICIARIES OR TRANSFEREES:** This bond shall inure to the benefit of the named Principal only and no other person shall any have any rights under this bond. The rights of Principal under this bond may not be transferred to any other person without Surety's prior written consent.

**SIGNED AND SEALED** this 19th day of July , 2025 .

Allegheny Casualty Company

Eric Feuerbach, Attorney in Fact

Case 5:25-cv-00558-D-BM    Document 11-20    Filed 01/27/26    Page 3 of 4

# .EXHIBT - 18

 **allegheny**
CASUALTY COMPANY

bond number ████████03078

One Newark Center, 20th. Floor, Newark, New Jersey. 07102-5207
PHONE: (973) 624-7200

## POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:** That ALLEGHENY CASUALTY COMPANY, a corporation organized and existing under the laws of the State of New Jersey, having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

Eric Fauerbach

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said ALLEGHENY CASUALTY COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal offices.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of the By-Laws of ALLEGHENY CASUALTY COMPANY and is granted under and by authority of the following resolution adopted by the Board of Directors of ALLEGHENY CASUALTY COMPANY at a meeting duly held on the 13th day of December, 2018.

"RESOLVED, that (1) the Chief Executive Officer, President, Executive Vice President, Senior Vice President, Vice President, or Secretary of the Corporation shall have the power to appoint, and to revoke the appointments of, Attorneys-in-Fact or agents with power and authority as defined or limited in their respective powers of attorney, and to execute on behalf of the Corporation and affix the Corporation's seal thereto, bonds, undertakings, recognizances, contracts of indemnity and other written obligations in the nature thereof or related thereto; and (2) any such Officers of the Corporation may appoint and revoke the appointments of joint-control custodians, agents for acceptance of process, and Attorneys-in-Fact with authority to execute waivers and consents on behalf of the Corporation; and (3) the signature of any such Officer of the Corporation and the Corporation's seal may be affixed by facsimile to any power of attorney or certification given for the execution of any bond, undertaking, recognizance, contract of indemnity or other written obligation in the nature thereof or related thereto, such signature and seals when so used whether heretofore or hereafter, being hereby adopted by the Corporation as the original signature of such officer and the original seal of the Corporation, to be valid and binding upon the Corporation with the same force and effect as though manually affixed."



IN WITNESS WHEREOF, ALLEGHENY CASUALTY COMPANY has executed and attested these presents on this 31st day of December 2021

STATE OF NEW JERSEY
County of Essex

**Robert Kesznick**
Vice President, ALLEGHENY CASUALTY COMPANY

On this 31st day of December, 2021, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said he is the therein described and authorized officer of ALLEGHENY CASUALTY COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Boards of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written

Michele A Alerman, a Notary Public of New Jersey

## CERTIFICATION

I, the undersigned officer of ALLEGHENY CASUALTY COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Sections of the By-Laws of said Company as set forth in said Power of Attorney, with the originals on file in the home office of said company, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand on this __19th__ day of _____ July, 2025 _____

James Portman, Secretary

ACC-9001 (9R21)

Case 5:25-cv-00558-D-BM    Document 11-20    Filed 01/27/26    Page 4 of 4

Page 4 of 4