EXHIBT - 24

# EXHIBIT 24

[4th] Qualified Written Request/Notice of Error

**Date:** 12-03-25 faxed to Rocket Mortgage

**CLAIM ASSERTED**

The claim asserted in this QWR is that Rocket Mortgage has admitted the existence of a securitized trust structure while refusing to produce the documentary evidence required to establish its lawful authority to service, enforce, or make binding representations concerning the loan, thereby creating unresolved servicing errors, authority defects, and material disputes under federal law.

Specifically, Rocket Mortgage:
- **Admits the loan is securitized**, yet refuses to produce:
    - the original promissory note or custodial proof of possession,
    - custodial agreements or bailee letters,
    - authority documentation showing entitlement to enforce under UCC § 3-301.
- **Asserts servicing authority** without producing:
    - the servicing agreement,
    - delegation of authority from the trust or investor,
    - proof that Rocket's actions are authorized by the party entitled to enforce.
- **Denies information requests** required to resolve material disputes while continuing to:
    - issue legal conclusions,
    - threaten litigation,
    - and maintain enforcement posture.

**LEGAL BASIS FOR THE CLAIM**

Each refusal and conclusory assertion constitutes a **servicing error and failure to respond** under:
- **Public Law [93-533] (RESPA),**
- **Regulation X (12 C.F.R. §§ 1024.35 & 1024.36),** and
- governing **UCC authority and enforcement standards,**

because Rocket Mortgage has chosen to **assert authority while withholding the documents necessary to verify that authority**.

**OBJECTIVE OF THIS QWR**

This QWR is submitted to **resolve material disputes** by compelling production of:
- servicing authority documentation,
- custodial and possession evidence,
- ownership and securitization records, and
- proof that Rocket Mortgage is legally entitled to act in the manner it claims.

Absent such proof, Rocket's continued enforcement posture is disputed as **unauthorized and unlawful.**

# EXHIBT - 24

## FAX CONFIRMATION

```
Recipient: +18773823138

Sent: 2025-12-03 02:38:24 PM UTC

Status: Successfully sent
```

See next pages for copy of the sent document.

# EXHIBT - 24

# FAX

**Date:** 2025-12-03 02:32:15 PM UTC

**Subject:** Dedicated Qualified Written Request & Demand for C

**From:** Jason Jehorek

**To:** Rocket Mortgage - Legal Dept

**Fax:** +18773023130

**No. of pages:** 8 (Including Cover Page)

---

**Message:**

Please find attached my Dedicated Qualified Written Request (QWR) and Notice of Servicing Errors, dated December 3, 2025, regarding Loan Nos. ███2222 and ███3042.
This submission requests documentation Rocket Mortgage is required to maintain under RESPA / Regulation X, including the Master Custodial Agreement, all Request for Release/Return of Documents logs, confirmation of Revocation of POA, and clarification of errors noted in Rocket's 11/26/2025 response.
This fax serves as formal notice and statutory demand for correction and investigation under 12 C.F.R. §§ 1024.35-36.

# EXHIBT - 24

## DEDICATED QUALIFIED WRITTEN REQUEST (QWR)
### AND NOTICE OF SERVICING ERRORS

## UNDER PUBLIC LAW [93-533] (RESPA §6) & REGULATION X

**Date:** 12/03/2025

**From:**

> **Jason-Gerald: Jehorek, sui juris**
> Authorized Representative / Creditor Beneficiary
> For: ©JASON GERALD JEHOREK™ (Principal)
> Noble Spring TR Enterprise
> 11937 Fairlie Place
> Raleigh, North Carolina 27613
> Phone: (910) 278-8828
> Email: Jason.Jehorek@protonmail.com

**To:**

> Rocket Mortgage, LLC — Legal Department
> 1050 Woodward Ave.
> Detroit, MI 48226
> Fax: 877-382-3138  Tel: 800-603-1955

**RE:**
**Qualified Written Request / Notice of Error**
Loan No.████2222 (2020)
Loan No.████042 (2017)

## NOTICE OF APPLICABLE LAW & DEADLINES

This correspondence is submitted pursuant to:

- **Public Law [93-533 (RESPA §6; 12 U.S.C. §2605(e))]**
- **Regulation X, [12 C.F.R. §1024.35] (Notice of Error)**
- **Regulation X, [12 C.F.R. §1024.36] (Request for Information)**

Rocket Mortgage must provide:

- **Acknowledgment within 5 business days 12/11/2025,** and
- **A complete written response within 30 business days 01/14/2026,**

as mandated by Public Law [93-533] and Reg [X §§1024.35–1024.36].

This QWR supplements and expands upon prior written disputes.

# EXHIBT - 24
## DEDICATED QUALIFIED WRITTEN REQUEST (QWR)
### AND NOTICE OF SERVICING ERRORS

### I. PURPOSE OF THIS QWR (In Response to Rocket Mortgage's 11/26/2025 Letter)

Your letter dated **November 26, 2025** (pages 1–2) acknowledged:

1. The **investor is a Fannie Mae MBS S/S trust**, pool█████255A.
2. The **document custodian** is **The Bank of New York Mellon Trust Co., N.A.**
3. Rocket Mortgage is the **"master servicer."**
4. Rocket denies providing certain required information, claiming requests are "overbroad."
5. Rocket denies providing the original note.
6. Rocket makes conclusive statements regarding the loan's validity.
7. Rocket threatens litigation for "baseless lawsuits."

Each of these statements triggers additional rights under **Public Law [93-533]** and **Regulation X**, and requires clarification, correction, and documentation.

This QWR is submitted to obtain the servicing records, custodial evidence, ownership data, and authority documentation necessary to resolve material disputes.

---

### II. DESIGNATED SERVICING ERRORS — Reg X [§1024.35(b)]

This Notice expressly invokes the following servicing error categories:

- **(b)(3)** – Inaccurate information regarding the loan
- **(b)(5)** – Failure to identify the owner/assignee
- **(b)(6)** – Failure to provide accurate payoff information
- **(b)(7)** – Failure to provide a complete payment history
- **(b)(10)** – Failure to provide accurate information regarding loss-mitigation
- **(b)(11)** – Other servicing errors, including enforcement without standing and refusal to conduct reasonable investigation

Rocket's 11/26/25 response contains multiple errors under these provisions.

---

### III. DEMAND FOR MASTER CUSTODIAL AGREEMENT (MCA)

Rocket's 11/26 letter identifies **The Bank of New York Mellon Trust Co., N.A.** as the *document custodian*.

Therefore, provide:

1. The full, executed **Master Custodial Agreement** governing custody, possession, control, and transfer of the notes for both loans.
2. All addendums, amendments, and custodial directives.

Case 5:25-cv-00558-D-BM   Document 11-26   Filed 01/27/26   Page 5 of 10

# EXHIBT - 24

## DEDICATED QUALIFIED WRITTEN REQUEST (QWR)
### AND NOTICE OF SERVICING ERRORS

3. The section authorizing Rocket to enforce, accelerate, or issue default notices.
4. Written proof of custodial authority at the time any default letter was issued.

**Public Law [93-533]** and **Reg X [§1024.36(d)]** require production.



## IV. CHAIN-OF-TITLE & OWNERSHIP TIMELINE [(TILA §1641(f))]

Rocket's 11/26 letter discloses that the loan is part of a **Fannie Mae MBS S/S** pool and identifies pool number█████255A.

Therefore, provide for each loan:

1. A complete chain-of-title timeline from origination to present.
2. All transfers, assignments, interim investors, custodians, and servicers.
3. All records submitted to or maintained by Fannie Mae regarding this loan.
4. CUSIP(s) associated with the pool.
5. MERS Note Holder Registry printout.

Required under:

- **TILA [§1641(f)]**
- **[12 U.S.C. §2605(k)(1)(D)]**
- **Reg X [§1024.36(d)(1)]**

---

## V. DOCUMENT CUSTODIAN REQUEST / RETURN LOGS

Because Rocket identified BONY Mellon Trust Co. as custodian, provide:

- All "Request for Release/Return of Documents" logs
- All transmittal records, shipping receipts, and confirmations
- Notes that were returned, retrieved, endorsed, or rejected
- Full chain-of-custody history for both the paper note (if applicable) and authoritative eNote

These records are required servicing records under Reg X [§1024.36].

## VI. EVIDENCE OF POSSESSION AT TIME OF DEFAULT

Rocket's 11/26 letter asserts the notes were endorsed and accepted by the custodian.
Therefore, provide:

# EXHIBT - 24

## DEDICATED QUALIFIED WRITTEN REQUEST (QWR)
### AND NOTICE OF SERVICING ERRORS

- The date Rocket obtained physical or electronic possession
- Custodial certification
- Transfer logs
- Imaging logs
- Audit trails
- Bailee letters
- Proof that Rocket was the **"person entitled to enforce"** [(UCC 3-301)] at the time any default notice was issued

If Rocket was not in possession at that time, all default notices are defective.

---

## VII. POWER OF ATTORNEY — CONFIRMATION OF REVOCATION

Rocket must confirm:

1. Rocket received the **Revocation of Power of Attorney** dated October 17, 2025.
2. Rocket's systems updated accordingly.
3. Rocket no longer claims POA or implied agency.
4. Any party claiming POA authority must produce the written contract granting such authority.

## VIII. CEASE & DESIST — COLLECTION & CREDIT REPORTING

Rocket must cease:

- Any adverse credit reporting
- Acceleration
- Collection notices
- Foreclosure threats

While this QWR is pending.

Required under **Reg X [§1024.35(e)(3)(i)]**.

## IX. LITIGATION HOLD — PRESERVATION OF EVIDENCE

Rocket Mortgage is hereby placed on formal notice to preserve:

- All servicing data
- Electronic logs

# EXHIBT - 24

## DEDICATED QUALIFIED WRITTEN REQUEST (QWR)
### AND NOTICE OF SERVICING ERRORS

- Payment histories
- Call records
- Custodial records
- Enclosures, attachments, audit trails
- Records referenced in your 11/26 letter

Destruction of records constitutes spoliation.

## X. FAILURE TO PRODUCE = ADMISSION

Failure to produce requested documents within statutory deadlines constitutes:

- Admission the documents do not exist
- Admission Rocket lacked standing
- Admission of servicing violations
- Administrative fault under public law

## XI. RESERVATION OF RIGHTS

All rights are reserved under [UCC 1-308] and [UCC 1-103].

**Respectfully submitted,**

/s/ **Jason-Gerald: Jehorek, sui juris**
Authorized Representative / Creditor Beneficiary
For: ©JASON GERALD JEHOREK™ (Principal)

**Exhibit A** — Money Order (October 17, 2025)
**Exhibit B** — Revocation of Power of Attorney (October 17, 2025)

## DEDICATED QUALIFIED WRITTEN REQUEST (QWR)
### AND NOTICE OF SERVICING ERRORS

# Exhibit A

Money Order (October 17, 2025)

**ROCKET** Mortgage      **Billing Statement**

### Loan Information

| | |
|---|---|
| Loan Number: | 2222 |
| Property Address: | 11937 Fairvie Pl |
| | Raleigh, NC 27613 |
| Statement Date: | 09/16/2025 |
| Amount Due: | $8,064.35 |
| Due Date: | 10/01/2025 |

### Important Messages

### Loan Information (10/17/2025 – 09/16/2025)

| | |
|---|---|
| Original Loan Amount: | $232,200.00 |
| Interest Rate: | 2.990% |
| Principal Balance* | $207,332.39 |
| Escrow Balance** | -$17.93 |

### Next Payment Breakdown

| | |
|---|---|
| Principal: | $466.09 |
| Interest: | $540.93 |
| Escrow | |
| Taxes: | $361.30 |
| Insurance: | $93.67 |
| Mortgage Insurance (PMI/MIP): | $0.00 |
| Shortage: | $135.31 |
| **Monthly Payment:** | **$1,569.00** |
| Advances On Your Behalf: | $75.00 |
| Fees | |
| Late Fees: | $147.33 |
| Other Fees: | $0.00 |
| Partial Payment (Unapplied): | $1,536.00 |
| Past Due Amount: | $7,840.00 |
| **Subtotal** | **$8,495.22** |

# Exhibit B

Page 6 of 7

# EXHIBT - 24

## DEDICATED QUALIFIED WRITTEN REQUEST (QWR)
### AND NOTICE OF SERVICING ERRORS

Revocation of Power of Attorney (October 17, 2025)



 *Exhibit B*

**Durable Power of Attorney**

This Durable Power of Attorney is issued under private authority, not pursuant to any public act, and made in equity, under private grant, by the man: Jason-Gerald Jehorek sui juris, hereinafter referred to as the ("Agent"). This declaration is harmonized in form with common commercial practice but preserves all unalienable rights and jurisdiction. It is not subject to the Uniform Power of Attorney Act as codified in the public statutes of any State.

PRINCIPLE: "JASON GERALD JEHOREK"
Address: 11937 Fairlie Place, Raleigh, North Carolina 27613
Agent: Jason-Gerald Jehorek, sui juris
Private Address: c/o 8041 Brier Creek Parkway PMB #1110, Raleigh, North Carolina [27617]

The estate styled "JASON GERALD JEHOREK" is a legal entity and trust estate separate and distinct from the man ("Agent"), acts as Primary Trustee (TTEE), Grantor, Settlor, and ("PRINCIPLE") Creditor on behalf of said estate. ("Agent"), hereby appoints himself, operating in a distinct fiduciary capacity, as private Agent and attorney-in-fact for the estate. This appointment is made in trust, by private contract, under full reservation of rights, Without Prejudice [UCC 1-308].

This Power of Attorney shall not be affected by my subsequent incapacity.

### PUBLIC LAW AUTHORITY AND JURISDICTIONAL BASIS

This Durable Power of Attorney is executed under private authority and recognized under the following Public Laws and United States Statutes at Large, which affirm and protect the lawful fiduciary relationship between the living man (Agent) and the legal estate (PRINCIPLE):

- [Tex. R. Civ. P. 12] – Attorney to Show Authority (proof of agency required).
- [Public Law 97-258] (Sept. 13, 1982):
  §§ 3123, 5103, 5312, 5301(2) – Payment of Public Debt; Legal Tender; Financial Agency; Government Obligation.
- [Public Law 106-386] (Oct. 28, 2000):
  §§ 13, 2(a)(5), 4, 1589 – Prohibition on Involuntary Servitude, Debt Bondage, and Coercion.
- [42 U.S.C. § 1983] – Civil Action for Deprivation of Rights.
- [42 U.S.C. § 1986] – Action for Neglect to Prevent.
- [18 U.S.C. § 914] – Creditors of the United States.
- [UCC 1-308] – Reservation of Rights.
- [UCC 3-402(b)(1)] – Signature by Representative in Accommodation.



10-17-25       Page 1 of 10

---

All actions performed by the Agent under this Power of Attorney are made Without Prejudice [UCC 1-308], preserving all unalienable rights and exempt from coercion, debt bondage, or involuntary servitude as prohibited under the above-referenced Public Laws.

### REVOCATION OF PREVIOUS POWER OF ATTORNEY

I hereby revoke any and all general powers of attorney and special powers of attorney knowingly or unknowingly previously granted to any and all corporations, agencies, military, jails, or government bodies are hereby revoked and no longer authorized to act on behalf of the ("PRINCIPLE"), except by direction of the named ("Agent").

### FINANCIAL POWER OF ATTORNEY

It is hereby declared that this Financial Power of Attorney is the only valid power of attorney over ("PRINCIPLE"), by the appointed Attorney-in-Fact, ("Agent"), for the purpose of managing and conducting all financial affairs on behalf of ("PRINCIPLE"). This authority includes, but is not limited to, the power to make decisions regarding banking transactions, mortgage accounts, real estate transactions, investments, tax matters, and any other financial obligations or rights. Specifically, this authority extends to all accounts and transactions with any financial institution, including but not limited to checking accounts, savings accounts, loans, and any other financial products or services offered by such institutions.

My ("Agent"), shall have full power to open, maintain, modify, or close accounts at any financial institution, make deposits and withdrawals, negotiate or endorse checks or other instruments, obtain statements, and perform any other acts necessary to manage my financial affairs with any financial institution. Additionally, my ("Agent"), is expressly authorized to create, issue, sign, and deliver promissory notes, bills of exchange, and other negotiable instruments as the creditor on my behalf, acting in my best interest to establish credit obligations owed to me or to secure my financial interests. This Power of Attorney shall remain in effect until revoked in writing by the ("Agent"), and the Attorney-in-Fact shall act in the best interest of the ("PRINCIPLE"), in all matters pertaining to this.

My ("Agent"), shall have full power and authority to act on my behalf. This power and authority shall authorize my ("Agent"), to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My ("Agent"), 's powers shall include, but not be limited to, the power to:

1. Open, maintain, or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with any financial institutions.

   a. To deposit returns, overpayments, draft financial instruments, amend returns, settlement of personal household expenses, create and issue invoices, statements, presentments, etc. In trade name and all variations of trade name for the ("PRINCIPLE"), lawful drafting and/or using/tendering statements, notes, checks, right(s) to drafts, bonds, negotiable instruments, instruments, promissory notes, bills of

10-17-25       Page 2 of 10

Case 5:25-cv-00558-D-BM     Document 11-26     Filed 01/27/26     Page 10 of 10