UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

JASON-GERALD JEHOREK,

Plaintiff,

vs.

ROCKET MORTGAGE, LLC,

Defendant

Case No.: 5:25-cv-00558-D

THIRD AMENDED COMPLAINT

**THIRD AMENDED COMPLAINT**

Plaintiff Jason-Gerald Jehorek, appearing pro se, alleges as follows.

I.    **INTRODUCTION**

1.    This action concerns Defendant Rocket Mortgage, LLC's servicing, accounting, collection, and enforcement conduct relating to the refinance instrument executed on or about December 17, 2020 and secured by certain real property commonly known as 11937 Fairlie Place, Raleigh, North Carolina.

2.    Plaintiff's original civil litigation concerning Defendant's servicing, accounting, and enforcement practices was commenced prior to the Wake County foreclosure action later initiated by Defendant; Plaintiff's March 4, 2026 loan-specific written demand (Qualified Written Request / Notice of Error / Request for Information / demand for accounting) (See Exhibit A) preceded Defendant's subsequent foreclosure filing and is central to the disputes pleaded herein.

3.    The gravamen of this action is not a claim that Plaintiff is the borrower or debtor. Rather, Plaintiff appears and sues in his capacity as the **original creditor / creditor-claimant** with respect to the transaction that gave rise to the December 17, 2020 instrument, and seeks a judicial determination requiring Defendant to produce GAAP-compliant accounting and authenticated custodial and investor records demonstrating any lawful authority to enforce the instrument.

4. Plaintiff alleges Defendant has not produced GAAP-compliant accounting, investor purchase records, authenticated chain-of-custody for the wet-ink note, or corporate officer certifications sufficient to demonstrate that Defendant funded, purchased, or otherwise acquired enforceable creditor rights in the subject loan or is otherwise lawfully authorized to collect, service, or foreclose.

5. Plaintiff seeks actual damages, declaratory relief, narrowly-tailored injunctive relief, and an order compelling Defendant to produce the accounting and documentary proof identified below.

## II. JURISDICTION AND VENUE

6. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the action asserts claims under the Real Estate Settlement Procedures Act (12 U.S.C. § 2605) and the Truth in Lending Act (15 U.S.C. §§ 1601, 1641). The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because the property and a substantial part of the events giving rise to the claims are located in this District.

## III. PARTIES

8. Plaintiff Jason-Gerald Jehorek is the original creditor / creditor-claimant related to the transaction resulting in the December 17, 2020 refinance instrument. Plaintiff brings this action to compel production of accounting and ownership evidence and to obtain declaratory and injunctive relief as set out below.

9. Defendant Rocket Mortgage, LLC is a mortgage lender/servicer entity that conducts mortgage servicing, collection, and foreclosure-related activities in North Carolina and nationwide and claims servicing and/or enforcement authority with respect to the December 17, 2020 instrument.

## IV. FACTUAL ALLEGATIONS

10. On or about December 17, 2020, an instrument described as a refinance loan was executed and recorded in connection with the property referenced above.

11. Defendant subsequently claimed servicing and/or enforcement authority with respect to that instrument.

12. Prior to the filing of the Wake County foreclosure action later pursued by Defendant, Plaintiff initiated civil litigation concerning Defendant's servicing, accounting, and enforcement conduct.

13. On or about March 4, 2026, (See Exhibit A) in direct response to Defendant's February 2026 billing statements and delinquency notices, Plaintiff served on Defendant a loan-specific Qualified Written Request, Notice of Error, Request for Information, debt-validation demand, and a written demand for GAAP-compliant accounting concerning Loan No. 3462812222.

14. The March 4 QWR Packet specifically demanded, among other items, the following documentary and accounting proof: (See Exhibit A)

   a. a GAAP-compliant double-entry general ledger, supporting journals, trial balance, and related ledgers reflecting all entries related to Loan No. 3462812222 from inception through the date of production;

   b. source-of-funds documentation demonstrating any and all advances, purchases, transfers, or other payments that would establish Defendant (or any transferee) as a lender, purchaser, or holder with present enforceable rights (including investor purchase confirmations and remittance records);

   c. investor-side ledgers, custodial ledgers, and custody receipts showing the date, amount, and purchaser for any sale or assignment of the loan;

d. the original wet-ink promissory note bearing all endorsements and allonges, or, if the original cannot be produced, a certified statement describing its location, custodian, and chain-of-custody and an authenticated copy of any allonge or indorsement;

e. all recorded and unrecorded assignments, purchase agreements, pooling and servicing agreements, servicing transfers, and transfer instruments that bear on ownership or enforcement authority;

f. any power-of-attorney, servicing agreement, agency appointment, or delegation that purports to give Defendant the authority to enforce the note or mortgage on behalf of any owner; and

g. a sworn certification by a qualified corporate officer (for example, the Chief Financial Officer or Controller) attesting that the accounting and custodial records produced are true, complete, and maintained in accordance with GAAP and Defendant's internal accounting controls.

15. The March 4 QWR Packet was directed to Defendant's own QWR / Notice of Error address and fax as listed on its billing/delinquency correspondence. (See Exhibit A)

16. Defendant subsequently filed or caused to be filed a foreclosure action in Wake County that concerns the same December 17, 2020 instrument. That foreclosure filing occurred after Plaintiff's March 4 QWR Packet and is part of the continuing dispute between the parties. (See Exhibit A)

17. Defendant has not produced GAAP-compliant accounting, authenticated custodial ledgers, investor purchase confirmations, the original wet-ink note with authenticated endorsements, or a corporate officer's sworn certification sufficient to demonstrate, by GAAP and custodial/investor records, that Defendant is the person entitled to enforce Loan No. 3462812222 or otherwise has lawful authority to proceed with enforcement or foreclosure.

18. Plaintiff has been injured by Defendant's failure to produce the requested accounting and ownership proof and by Defendant's continued servicing, collection, and foreclosure-related conduct in the absence of authenticated proof of enforceable rights. Injuries include wasted time and resources, inability to evaluate

and resolve the claimed obligation, anxiety and stress from threatened foreclosure, and other actual damages to be proven at trial.

**V.   LEGAL FRAMEWORK (Person Entitled to Enforce / Proof Required)**

19.   Under the applicable commercial law governing negotiable instruments and mortgage enforcement, the critical inquiry for enforcement and foreclosure is whether the foreclosing entity is the \*\*person entitled to enforce\*\* the promissory note (a holder, a holder by assignment, or an authorized agent of the owner) as of the time enforcement is commenced.

20.   That proof may be furnished by possession of the original note with authenticated endorsements or by authenticated assignment/purchase/agency records together with accountable custodial/investor ledgers and officer certification adequate to tie the documentary proof directly to the loan number and the instrument at issue.

21.   Bare or conclusory assertions of ownership, generic servicing affidavits lacking loan-specific custody and provenance detail, or uncorroborated summary printouts are insufficient to establish the right to enforce where Plaintiff has demanded detailed GAAP and custodial proof.

**VI.   COUNT I — RESPA (12 U.S.C. § 2605) — FAILURE TO RESPOND ADEQUATELY TO QWR**

22.   Plaintiff incorporates paragraphs 1–21.

23.   Plaintiff submitted a Qualified Written Request, Notice of Error, and Request for Information dated March 4, 2026 (See Exhibit A) concerning Loan No. 3462812222 and requested specific information and accounting in good faith.

24. Defendant had obligations under 12 U.S.C. § 2605 and Regulation X to acknowledge and to conduct a reasonable investigation and to provide an adequate substantive response to the March 4 QWR in the manner and within the timeframes required by law. (See Exhibit A)

25. Defendant failed to provide a substantive response adequate to identify the creditor or investor with enforceable rights, failed to produce the GAAP-compliant accounting and source-of-funds evidence requested, and failed to correct or clarify any asserted servicing or enforcement authority.

26. As a direct and proximate result of Defendant's violations of 12 U.S.C. § 2605, Plaintiff suffered actual damages.

**WHEREFORE**, Plaintiff seeks judgment on Count I for actual damages, costs, and such other relief as the Court deems just and proper.

## VII. COUNT II — TILA (15 U.S.C. §§ 1601, 1641) — CREDITOR IDENTITY / SERVICER DISCLOSURE

27. Plaintiff incorporates paragraphs 1–26.

28. Plaintiff requested documents and disclosures sufficient to identify the creditor, owner, investor, and servicer and to demonstrate the basis for Defendant's claimed enforcement authority.

29. Defendant continued to assert collection, servicing, and enforcement authority while failing to provide adequate and accurate ownership, creditor-identity, or servicing-authority information after notice.

30. Defendant's failure to produce the disclosed identity and ownership information and the requested supporting documentary evidence caused confusion and uncertainty over the identity of the owner or the entity with

present enforceable rights in the subject loan and impaired Plaintiff's ability to assess, compromise, or resolve the claimed obligation.

31. Defendant's conduct violated its duties under the Truth in Lending Act, including 15 U.S.C. § 1641, to the extent those provisions apply to the facts developed in discovery and the evidentiary record.

**WHEREFORE,** Plaintiff seeks judgment on Count II for actual damages, statutory damages where applicable, costs, and such other relief as the Court deems just and proper.

## VIII. COUNT III — DECLARATORY JUDGMENT

32. Plaintiff incorporates paragraphs 1–31.

33. An actual and justiciable controversy exists concerning:

   a. whether Defendant is the person entitled to enforce Loan No. 3462812222;

   b. whether Defendant has produced sufficient GAAP-compliant accounting and authenticated custodial and investor records demonstrating any lawful authority to enforce; and

   c. whether Defendant may continue foreclosure or other enforcement proceedings absent production and verification of the accounting and custodial proof demanded by Plaintiff.

34. Plaintiff seeks declarations resolving these controversies as described in the Prayer for Relief.

**WHEREFORE,** Plaintiff requests declaratory relief as set forth below.

## IX. COUNT IV — INJUNCTIVE RELIEF

35. Plaintiff incorporates paragraphs 1–34.

36. Absent injunctive relief, Defendant's continued enforcement or foreclosure action concerning Loan No. 3462812222 will cause irreparable injury not adequately compensable by money damages alone.

37. Plaintiff seeks narrowly tailored injunctive relief requiring Defendant to produce the GAAP accounting and documentary proof demanded in the March 4 QWR Packet and restraining Defendant from further foreclosure steps pending production and verification, or until the Court resolves the parties' competing claims. (See Exhibit A)

**WHEREFORE**, Plaintiff requests such injunctive relief as the Court deems proper and lawful.

**X.     PRAYER FOR RELIEF — SPECIFIC ACCOUNTING/PROOF ORDERS REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests the Court to grant the following relief:

A. Award actual damages (Counts I–II) and statutory remedies where authorized;

B. Enter declaratory relief that, until Defendant produces GAAP-compliant accounting and authenticated custodial and investor records demonstrating lawful authority to enforce Loan No. 3462812222, Defendant lacks demonstrated enforceable creditor status as to that instrument;

C. Enter an order compelling Defendant, within thirty (30) days of the Court's Order, to produce the following authenticated documents and records:

1. GAAP-compliant double-entry general ledger, supporting journals, and trial balance entries reflecting all transactions related to Loan No. 3462812222 from inception through production;

2. Source-of-funds documentation (investor purchase confirmations, remittance records, purchase agreements) demonstrating any cash or equivalent provided to fund or purchase the loan, and dates and amounts of any such transfers;

3. Custodial ledgers, custody receipts, and chain-of-custody logs showing physical possession and transfers of the original wet-ink promissory note (or, if the original cannot be produced, an authenticated explanation certified by the custodian describing location, circumstances, and reason for non-production);

4. The original wet-ink promissory note and any allonges or endorsements, or authenticated copies accompanied by custodian certification;

5. All recorded and unrecorded assignments, purchase/sale agreements, pooling and servicing agreements, servicing transfer documentation, and any document purporting to transfer or assign the note, mortgage, or enforcement rights;

6. Any power-of-attorney, servicing agreement, agency appointment, or delegation that purports to give Defendant authority to enforce the note or mortgage for any owner; and

7. A sworn certification by Defendant's Chief Financial Officer, Controller, or equivalent officer attesting to the completeness and authenticity of the accounting and custodial records produced and describing how the records tie to Loan No. 3462812222.

    D.  Enter a temporary restraining order and/or preliminary injunction preventing Defendant from taking any further foreclosure steps or enforcement actions with respect to Loan No. 3462812222 until compliance with the Court's production order or until further order of the Court;

    E.  Award costs and reasonable attorneys' fees where authorized; and

    F.  Grant such other relief as the Court deems just and proper.

Respectfully submitted this 7 day of April, 2026.

By: _Jason Jehoh, AR_

Jason-Gerald Jehorek

Plaintiff, Pro Se

11937 Fairlie Place

Raleigh, North Carolina 27613

(919) 278-8828

Jason.jehorek@protonmail.com