NOBLE SPRING TR ENTERPRISE
d/b/a JEHOREK, JASON-GERALD ,

     Plaintiff,

v.

ROCKET MORTGAGE, LLC and
MERSCORP HOLDINGS, INC.,

     Defendants.

CIVIL ACTION NO. 5:25-cv-558

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendants, ROCKET MORTGAGE, LLC ("**Rocket Mortgage**") and MERSCORP HOLDINGS, INC. ( "**MERS**") (Collectively the "**Defendants**") pursuant to L.R. 7.1(f) file this Response in Opposition to Plaintiff's Motion for leave to file Third Amended Complaint (the "Motion for Leave") (D.N. 17) and state as follows:

### Statement of the Case

The Plaintiff, Jason-Gerald Jehorek ("Plaintiff") initially filed this matter in state court and it was removed to Federal Court on September 5, 2025. Due to a dismissal and subsequent attempts to amend the complaint, the parties have yet to reach the merits of the relief sought by Plaintiff. Plaintiff's proposed Third Amended Complaint attempts to state a cause of action for: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the Truth in Lending Act ("TILA"); (3) Declaratory Judgment; and (4) Injunctive Relief. The Court has not ruled on the Motion for Leave.

<u>**ARGUMENT**</u>

In addition to filing the Motion for Leave, Plaintiff filed a proposed order granting same (D.N. 17, Ex. 3) (the "Proposed Order"). The Proposed Order (a) grants the Motion for Leave; (b) directs the Defendants to file an Answer; (c) requires Defendants to produce certain ledgers, source-of-funds documentation, servicing/agency records, and a sworn officer certification; and (d) enjoins the Defendants from filing a foreclosure or otherwise enforcing the subject loan. In summary, Plaintiff's request is more than a request to amend the complaint and is instead a request for production and a request for an injunction.

Motions are requests of the court for an order, not a request from the opposing party. Fed. R. Civ. P. 7(b)(1) ("*In General*. A request for a court order must be made by motion."). Rather than confining his request solely to relief from the Court, Plaintiff also seeks documents from the Defendants. (D.N. 17, Ex. 3). However, requests for documents may only be made through Federal Rule of Civil Procedure 34 or 45. *See Mortg. Info. Servs. v. Kitchens,* 210 F.R.D. 562 (W.D.N.C. 2002) (discussing the two ways to obtain documents from a party to litigation). Since the Motion for Leave is not the proper means to seek documents from the Defendants, Defendants oppose the Motion for Leave to the extent it seeks documents from Defendants and opposes the entry of the Proposed Order for the same reason.

Federal Rule of Civil Procedure 65 prescribes the process for obtaining Injunctions and Restraining Orders. Fed. R. Civ. P. 65. The Proposed Order includes language enjoining the Defendants from proceeding in state court. (D.N. 17, Ex. 3 at ¶5). The Proposed Order does not include any findings that Plaintiff complied with the requirements for obtaining injunctive relief. (D.N. 17, Ex. 3 at ¶5). To obtain injunctive relief, a "plaintiff must establish four requirements: 1) likelihood of success on the merits; 2) likelihood of irreparable harm in the absence of preliminary

relief; 3) that the balance of equities tips in plaintiff's favor; and 4) that an injunction is in the public interest." *Crowley v. City of New Bern,* 353 F. Supp. 3d 423, 428 (E.D.N.C. 2018). The Proposed Order includes none of these findings and is therefore, procedurally improper. Additionally, to the extent the Motion for Leave and Proposed Order are an attempt to stay state court proceedings, the grant of such relief is not proper and stands to be denied. *See e.g. Smith v. Bayer Corp.,* 564 U.S. 299, 306 (2011) (holding that pursuant to the Anti-Injunction Act, a federal court cannot stay a court proceeding absent a statutory grant permitting the action).

### Conclusion

Defendants object to the entry of the Proposed Order as the Proposed Order grants relief far beyond what is permitted by filing a motion for leave to amend a complaint. Although Defendants do not address the merits of the relief sought in every count of the Third Amended Complaint, Defendants are not waiving the right to do so pursuant to Federal Rule 12.

WHEREFORE, Defendants Rocket Mortgage and MERS object to the entry of the Proposed Order in its current form.

/s/ Siobhan E. P. Grant
SIOBHAN E. P. GRANT
Hinshaw & Culbertson LLP
2811 Ponce de Leon Blvd.
Suite 1000, Tenth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
sgrant@hinshawlaw.com
State Bar No.: 57139
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2026, I sent a copy of the Response in Opposition to the

following parties in the way described below each party's name:

Party Name: <u>Jason Jehorek</u>
How Served: <u>Via Mail</u>
Address: 11937 Fairlie Place
   Raleigh, North Carolina 27613

<u>/s/ Siobhan E. P. Grant</u>
**Siobhan E. P. Grant** (NC Bar No. 57139)
2811 Ponce de Leon Blvd
Suite 1000, Tenth Floor
Coral Gables, FL 33134
Telephone Number: 305-358-7747
sgrant@hinshawlaw.com
